AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

Scott Hutchison Enterprises, Inc., et al.

V.

Rhodes, Inc., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 01-CV-776 (S.D. Ohio)

TO: Scott Hutchison
302 12th Avenue
Huntington, WV 25701

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Huddleston, Bolen, Beatty, Porter & Copen, LLP, 611 Third Avenue, Huntington, WV 25722 | Wednesday, October 8, 2003 at 10 AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents identified in the attached schedule

| PLACE | DATE AND TIME |
|---|---|
| Huddleston, Bolen, Beatty, Porter & Copen, LLP, 611 Third Avenue, Huntington, WV 25722 | Wednesday, October 8, 2003 at 10AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | September 8, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Thomas R. Schuck, ATTORNEY FOR DEFENDANT H.T. BOGGS
Taft, Stettinius & Hollister, LLP, 425 Walnut Street, Suite 1800, Cincinnati, OH 45202

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 9-12-03 | 302 12th Ave Hunt WV |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Scott Hutchison | Subs Personal Service |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| C A Adams | P. Investigator |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  9-12-03
               DATE

SIGNATURE OF SERVER

307 W 10th Ave
Huntington WV

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. All documents not previously produced by Plaintiffs in discovery in this action which relate to the real estate which is the subject-matter of this action or the transactions by which Plaintiffs acquired an interest in that real estate.

2. All time cards, job sheets, or other records which relate to any work performed by or on behalf of Plaintiffs on the vacant land which is the subject-matter of this action.

3. All documents concerning any financing sought or obtained with respect to the real estate which is the subject-matter of this action.

4. All documents relating to the nature or amount of any damages claimed by Plaintiffs in this action.

_____
Thomas R. Schuck (0005336)
Trial Attorney for Defendant H.T. Boggs
1800 Firstar Tower
425 Walnut Street
Cincinnati, Ohio 45202-3957
(513) 381-2838

Of Counsel:

Kevin J. Waldo (0022379)
413 Center Street
Ironton, Ohio 45638-1505
(740) 532-4911

Craig R Paulus (0074352)
Taft, Stettinius & Hollister
1800 Firstar Tower
425 Walnut Street
Cincinnati, Ohio 45202-3957
(513) 381-2838

-4-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Scott Hutchison Enterprises, Inc., et al., | : | Civil Action No. C-1-01-776 |
| Plaintiffs | : | Judge Weber |
| v. | : | |
| Rhodes, Inc., et al., | : | **DEFENDANT H.T. BOGGS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS** |
| Defendants | : | |

Defendant H.T. Boggs hereby requests Plaintiffs to produce the following-described documents pursuant to Rule 34 of the Federal Rules of Civil Procedure. Plaintiffs are requested to serve a written response to the document request and to produce copies of the requested documents for inspection and copying by Defendant's counsel within 30 days of the date of service hereof, or to provide Defendant's counsel with copies of the requested documents within that time. This request is continuing, and Plaintiffs are therefore requested to produce hereafter for inspection and copying any documents requested herein which are not in existence or are unavailable to them as of the date of production but which come into existence or become available to them at any time thereafter prior to or during the trial of this action. The term "document" is assigned the meaning provided by Civil Rule 34(a).

### DOCUMENTS REQUESTED

1. Copies of all rent rolls for the mobile home park which Plaintiffs purchased from Defendant Boggs for the period from the date of purchase to the present.

2. Copies of all income and expense statements and other financial statements for the mobile home park which Plaintiffs purchased from Defendant Boggs for the period from the date of purchase to the present.

3. Copies of all federal and state income tax returns which reflect income derived from and expenses incurred in connection with the mobile home park which Plaintiffs purchased from Defendant Boggs for the period from the date of purchase to the present.

4. Copies of any appraisals or opinions of value with respect to the mobile home park which Plaintiffs purchased from Defendant Boggs for the period from the date of purchase to the present.

5. Copies of any appraisals or opinions of value with respect to the undeveloped lots which Plaintiffs purchased from Defendant Boggs for the period from the date of purchase to the present.

6. Copies of all documents which constitute or relate to expenses purportedly incurred by Plaintiffs in connection with the undeveloped lots which Plaintiffs purchased from Defendant Boggs for the period from the date of purchase to the present.

_____
Thomas R. Schuck (0005336)
Trial Attorney for Defendant H.T. Boggs
1800 Firstar Tower
425 Walnut Street
Cincinnati, Ohio 45202-3957
(513) 381-2838