UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT HUTCHISON ENTERPRISES, et al. | : | Case No. 1:01-cv-00776 |
| | : | |
| | : | Judge Weber |
| Plaintiffs | : | |
| | : | **NOTICE TO TAKE THE DEPOSITION** |
| vs. | : | **OF H.T. BOGGS** |
| | : | |
| RHODES, INC., et al. | : | |
| | : | |
| Defendants | : | |

**TO:**          All Attorneys of Record

AND

H.T. Boggs
c/o Thomas R. Schuck, Esq.
Taft Stettinius &Hollister
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202

**WITNESS TO BE DEPOSED:**          H.T. Boggs
P.O. Box 1511
Bartow, Florida 33831

**DATE AND TIME:**          Monday, October 27, 2003
at 10:00 a.m.

**PLACE DEPOSITION IS TO
BE TAKEN:** At the offices of:          Huddleston, Bolen, Beaty, Porter & Copen
611 Third Avenue
Huntington, West Virginia 25722-2185

     **PLEASE TAKE NOTICE** that at the above-stated date, hour and place, we shall

take the deposition of the witness above-stated, pursuant to the Federal Rules of Civil Procedure, for

all purposes permitted pursuant to law, before a notary public, at which time the witness hereby being notified shall appear and at which time any party or their attorney may appear and examine, if they may see fit.

This deposition is subject to continuance from time to time and place to place until completed.

Respectfully submitted,

_____S/William P. Schroeder_____
William P. Schroeder        (0027123)
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249
(513) 583-4212 (telephone)
(513) 583-4203 (facsimile)
**Attorney for Plaintiffs**

# CERTIFICATE OF SERVICE

_____I hereby certify that a true and accurate copy of the foregoing was served upon the following this 14th day of October, 2003:

Thomas R. Schuck, Esq.
1800 Firstar Tower
425 Walnut Street
Cincinnati, OH  45202-3957
*Attorney for Defendnt, H.T. Boggs*

Sam Casolari, Esq.
Marshall Dennehey, et al.
120 E. Mill Street, Suite 240
Akron, OH  44308
*Attorney for Defendant, Larry Rhodes*

Kevin J. Waldo, Esq.
413 Center Street
Ironton, OH 45638-1505
*Of Counsel for Defendant, H.T. Boggs*

Craig R. Paulus, Esq.
Taft, Stettinius & Hollister
1800 First Tower
425 Walnut Street
Cincinnati, OH 45202-3957
*Of Counsel for Defendant, H.T. Boggs*

_____S/William P. Schroeder_____
William P. Schroeder

AO88  (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

SouthernDISTRICT OFWest Virginia

Scott Hutchison Enterprises, et al.**SUBPOENA IN A CIVIL CASE**
V.
Rhodes, Inc., et al.
Case Number:[1]C-1-01-776 (S.D. Ohio)

TO:   H.T. Boggs
c/o Thomas R.  Schuck, Esq., Taft, Stettinius & Hollister
425 Walnut Street, Suite 1800, Cincinnati, OH 45202

☐
YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

PLACE OF TESTIMONY     COURTROOM

DATE AND TIME

X☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

PLACE OF DEPOSITION     DATE AND TIME
Huddleston, Bolen, et al., 611 Third Avenue, Huntington, W.  Virginia 25722-2185         October 27, 2003 at 10:00 a.m.

X☐    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):
See attached Exhibit A for detailed documents to be produced.

PLACE    DATE AND TIME
Huddleston, Bolen, et al., 611 Third Avenue, Huntington, W.  Virginia 25722-2185         October 27, 2003 at 10:00 a.m.

☐     YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

PREMISES        DATE AND TIME

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)     DATE

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
William P. Schroeder, Attorney for Plaintiffs
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110, Cincinnati, Ohio 45249 (513) 583-4211

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE
DATEPLACE
SERVED
SERVED ON (PRINT NAME)MANNER OF SERVICE

SERVED BY (PRINT NAME)TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on
DATESIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

 (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

 (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**Exhibit A**

**of Subpoena to H.T. Boggs**

You are commanded to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below:

Any and all records regarding or pertaining to H.T. Boggs, Boggs Landing, Boggs Landing, Inc. and any land located in Burlington, Ohio including but not limited to:

All notes, memoranda, correspondence, maps, drawings, reports, and other documents (including draft documents) pertaining to the sale of the real estate which is the subject of the Real Estate Sales Agreement attached hereto, and to the history of ownership, use and development of said real estate, including but not limited to any excavation, development, engineering or planning of any mobile home parks or pads, including but not limited to "Boggs Landing" and "Boggs Landing Addition."

All notes, memoranda, correspondence, maps, drawings, reports, and other documents (including draft documents) pertaining to any transaction involving Scott Hutchison or any entity with which he is or was associated which involved the possibility or presence of hydric soils.