UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Scott Hutchison Enterprises, Inc., et al., | : | Civil Action No. C-1-01-776 |
| Plaintiffs | : | Judge Weber |
| v. | : | |
| Rhodes, Inc., et al., | : | NOTICE OF DEPOSITION OF JEFFREY L. STEPHENS |
| Defendants | : | |

Defendant H.T. Boggs gives notice that his counsel will be taking the deposition testimony of the following individual by stenography and videotape at the time set forth below at the offices of Huddleston, Bolen, Beatty, Porter & Copen, LLP, 611 Third Ave., Huntington, West Virginia 25722-2185:

Mr. Jeffrey L. Stephen P.S. beginning on Monday, November 17, 2003 at 1:00 p.m. Mr. Stephens' address is 2458 5th Street Road, Huntington, WV 25701.

The deposition will continue from day to day and time to time until completed.

In accordance with Civil Rule 30(b)(1), the subpoena duces tecum to be served on deponent is attached to this notice.

W0079003.1

Respectfully submitted,

_____
Thomas R. Schuck (0005336)
Trial Attorney for Defendant H.T. Boggs
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
(513) 381-2838
(513) 381-0205 (fax)

Of Counsel:

Kevin J. Waldo (0022379)
413 Center Street
Ironton, Ohio 45638-1505
(740) 532-4911

Craig R Paulus (0074352)
Taft, Stettinius & Hollister
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
(513) 381-2838
(513) 381-0205 (fax)

## CERTIFICATE OF SERVICE

The undersigned certifies that copy of the foregoing was served by regular United States mail, postage prepaid this \_\_5?\_\_ day of November, 2003 on the following:

William P. Schroeder
Schroeder, Maundrell, Bariere & Powers
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249
Attorney for Plaintiffs

Samuel Casolari, Jr.
Marshall, Dennehey, Warner, Coleman & Goggin
120 E. Mill Street, Suite 240
Akron, Ohio 44308
Attorney for Defendant Rhodes

E. David Marshall
271 W. Short Street
Lexington, Kentucky 40507

_____

AO 88 (Rev. 11/91) Subpoena in a Civil Case                                        Perfect Probate 3.4b

# United States District Court

                Southern    DISTRICT OF  West Virginia

Scott Hutchison Enterprises, Inc. et al

                      V.

Rhodes, Inc., et al.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 01-CV-775
(S.D. Ohio)

TO: Jeffrey L. Stephens, P.S.
J. L. Stephens & Associates
2458 5th Stret Road
Huntington, West Virginia

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
All documents, invoices, and plats of survey pertaining to the real property described as Bogg's Landing Mobile Home Park, 8130 County Road 1, South Point, Ohio and McGhee's Addition to the Village of Burlington, Ohio adjacent to the mobile home park.

| PLACE | DATE AND TIME |
| --- | --- |
| Huddleston, Bolen, Beatty, Porter & Copen L.L.P.<br>611 Third Avene<br>Huntington, West Virginia 25722-2185 | November 17, 2003<br>1:00 P.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will tesify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *[signature]* | November 5, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Thomas R. Schuck, Attorney for Defendant H.T. Boggs
Taft, Stettinius & Hollister, LLP
425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | - |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.