UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Scott Hutchison Enterprises, Inc., et al., | : | Civil Action No. C-1-01-776 |
| Plaintiffs | : | Judge Weber |
| v. | : | |
| Rhodes, Inc., et al., | : | **JOINT STATUS REPORT OF PLAINTIFFS AND DEFENDANT H.T. BOGGS** |
| Defendants | : | |

Plaintiffs, Scott Hutchison Enterprises, Inc. and W.N. & Scott Hutchison Partnership, and Defendant H.T. Boggs hereby submit the following joint status report in response to the Court's order of November 4, 2003 (doc. no. 67):

1.  Since the schedule in this case was last amended on July 23, 2003 (doc. no. 44), the parties have conducted 11 depositions of fact witnesses, including those of Plaintiffs' representatives and Defendant Rhodes, Inc., and have scheduled an additional deposition in Huntington, West Virginia on November 17, 2003 and the deposition of Mr. Boggs in Florida on December 8, 2003.

2.  Plaintiffs have designated six expert witnesses, but have been unable to provide binding written reports for them in accordance with the Court's Amended Scheduling Order of July 23 and Civil Rule 26(a)(2) because certain of these experts are still working on their reports concerning an endangered species which is alleged to reside on the real estate which is the subject-matter of this action. Plaintiffs have requested a further continuance of the Court's pre-trial deadlines, including the date by which Plaintiffs are required to comply with Civil Rule

W0078867.1

26(a)(2) (doc. no. 44). Defendant Boggs has no objection in principal to this requested extension, but certain of the extended dates proposed by Plaintiffs will conflict with an existing commitment on the part of Defendant Boggs' trial attorney in a case now pending before Judge Rose, *McDannold v. Star Bank, et al.*, No. C-1-94-0002, scheduled for trial commencing on March 1, 2004. This trial is expected to last for a month. Defendant Boggs' counsel has therefore requested that certain of Plaintiffs' proposed dates be extended for an additional time sufficient to accommodate this commitment, to which Plaintiffs' counsel has no objection.

    3.    Based on the information obtained during the depositions which have been conducted in this case to date, Plaintiffs have sought leave to amend their First Amended Complaint to add the corporate entity, Larry Rhodes, Inc. as an additional party, to add a claim against the Rhodes Defendants for breach of the express warranty contained in the Phase I environmental report which Rhodes provided to Plaintiffs and Defendant Boggs with respect to the subject property, and to add as parties to this action two professionals no longer associated with Rhodes, Inc. who participated in and signed that report (doc. no. 68). Inasmuch as Larry Rhodes, President of Larry Rhodes, Inc., testified in his deposition that he has no personal knowledge of most of the facts concerning this report and it appears that the proposed additional individual defendants are the only persons who have such knowledge (the third person who participated in the preparation of the report is deceased), the proposed amendment and the addition of these proposed parties will not delay the resolution of this action or prejudice anyone. Moreover, the addition of these proposed parties to the action will not affect the Court's diversity jurisdiction.

      4.     Also based on the evidence adduced in the depositions which have been taken to date, Plaintiffs and Defendant Boggs jointly propose that the Court bifurcate the fact and expert/damages portions of this case and establish separate discovery and dispositive motion schedules for each such portion, for the following reasons:

      (a)     Counsel for Plaintiffs and Defendant Boggs believe that based on the evidence adduced to date, the issues of liability regarding Defendant Boggs and/or Defendant Rhodes, Inc. may be able to be resolved on summary judgment after fact discovery has been completed.

      (b)     The issues which are anticipated to be the subject of expert testimony are complicated, involving the presence or absence of several endangered species on the subject real estate and the impact of that situation on Plaintiffs' ability to develop the property. The resolution of these issues will depend on scientific site investigation, testing, and data analysis which have not yet been completed. Plaintiffs have designated six expert witnesses. Defendants are unable to counter-designate experts because Plaintiffs' experts have not finished their work and delivered their reports. Obviously, therefore, the expert evidence portion of this case will be substantial and expensive to all parties, and may require significant time to complete. However, if the liability of one or both defendants can be resolved by means of summary judgment following the completion of fact discovery, the expert portion of the case will be significantly reduced if not eliminated, thereby decreasing the expense of the case for all of the parties and ultimately reducing the time which it will take to complete.

      (c)     The issue of damages will also be affected by the Court's determination of the issues of liability following the completion of fact discovery.

Plaintiffs and Defendant Boggs therefore respectfully request the Court to establish bifurcated pre-trial schedules for the fact and expert/damages portions of the case, to enable the parties to take advantage of these possible economies and efficiencies. A proposed amended scheduling order embodying this concept is attached for the Court's consideration.

Respectfully submitted,

_____
William P. Schroeder (0027123)
Trial Attorney for Plaintiffs
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249
(513) 583-4200

_____
Thomas R. Schuck (0005336)
Trial Attorney for Defendant H.T. Boggs
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
(513) 381-2838

Of Counsel:

Kevin J. Waldo (0022379)
413 Center Street
Ironton, Ohio 45638-1505
(740) 532-4911

Craig R Paulus (0074352)
Taft, Stettinius & Hollister
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
(513) 381-2838

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he served a copy of the foregoing Joint Status Report of Plaintiffs and Defendant H. T. Boggs on Samuel Casolari, Jr., Esq., 120 East Mill Street, Suite 240, Akron, Ohio 44308 and E. David Marshall, Esq., 271 W. Short Street, Lexington, Kentucky 40507, Attorneys for Defendant Rhodes, Inc., by regular United States mail, postage prepaid this 13th day of November, 2003.

_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Scott Hutchison Enterprises, Inc., et al., | : | Civil Action No. C-1-01-776 |
| | : | |
| Plaintiffs | : | Judge Weber |
| | : | |
| v. | : | |
| | : | |
| Rhodes, Inc., et al., | : | **SECOND AMENDED SCHEDULING** |
| | : | **ORDER** |
| Defendants | : | |

The above styled case is before the Court on the motion of Plaintiffs to amend the Court's Amended Scheduling Order (# 44), Plaintiffs' motion for leave to file a Second Amended Complaint (# 68), and the Court's order of November 4, 2003 directing the parties to report on the status of the case (# 77). The Court upon review of the file GRANTS both motions. The following schedule is hereby entered and shall control the disposition of the case:

(1) Plaintiffs shall file their proposed Second Amended Complaint by no later than _____, 2003.

(2) The parties shall complete all discovery with respect to the factual issues in this case other than issues pertaining to damages, including all depositions of fact witnesses, by May 1, 2004.

(3) The parties shall file a joint status report by no later than May 15, 2004.

(4) All dispositive pretrial motions addressed to issues of liability not requiring expert testimony shall be filed by July 1, 2004. Upon filing of a dispositive motion, the movant shall file with the Court and serve upon opposing counsel Proposed Findings of Fact and Conclusions of Law supporting movant's request for relief. Twenty days thereafter, opposing

W0078888.1

counsel shall file with the Court and serve with its Response to the dispositive motion, a copy of Movant's Proposed Findings of Fact in Conclusions of Law highlighted/underlined in the following manner:

    (a)    Highlight/underline in **BLUE** those Findings of Fact which are true;

    (b)    Highlight/underline in **YELLOW** those Findings of Fact which are true but irrelevant or unimportant;

    (c)    Highlight/underline in **RED** those Findings of Fact which are not true; and

    (d)    Highlight/underline in **RED** any misstatement of law contained in the Conclusions of Law.

Opposing Counsel may also attach a Counter statement of Findings of Fact and Conclusions of Law.

Within ten days thereafter the movant shall file its Reply. If a Counter Statement of Findings of Fact and Conclusions of Law has been filed, the movant shall serve upon opposing counsel and attach to its Reply a copy of the Counter Statement of Findings of Fact and Conclusions of Law highlighted/underlined in the manner described above.

    (5)    The Court will hold in abeyance the establishment of deadlines for compliance with Civil Rule 26(a)(2) and a schedule for expert witness discovery and discovery with respect to the issue of damages, for any dispositive motions based upon expert evidence and/or with respect to the issue of damages, and tentative final pretrial and trial dates pending the resolution of any dispositive motions which the parties elect to file on issues of liability in this action.

**IT IS SO ORDERED.**

_____
Herman J. Weber, Senior Judge
United States District Court