UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Scott Hutchison Enterprises, Inc., et al., | : | Civil Action No. C-1-01-776 |
| | : | |
| Plaintiffs | : | Judge Weber |
| | : | |
| v. | : | **ANSWER OF DEFENDANT H.T.** |
| | : | **BOGGS TO SECOND AMENDED** |
| Rhodes, Inc., et al., | : | **COMPLAINT** |
| | : | |
| Defendants | : | **CROSS-CLAIMS AGAINST** |
| | : | **DEFENDANTS LARRY RHODES,** |
| | : | **INC., JAMES ZIMMER, AND JACK** |
| | : | **GEISLER** |

**Answer**

Defendant H.T. Boggs, for his Answer to Plaintiffs' Second Amended Complaint, states as follows:

1. Boggs admits the allegations of Paragraph 1 of the Second Amended Complaint.

2. Boggs admits the allegations of Paragraph 2 of the Second Amended Complaint.

3. Boggs admits the allegations of Paragraph 3 of the Second Amended Complaint.

4. Boggs admits the allegations of Paragraph 4 of the Second Amended Complaint.

5. Boggs admits the allegations of Paragraph 5 of the Second Amended Complaint.

6. Boggs admits the allegations of Paragraph 6 of the Second Amended Complaint.

7. Boggs admits the allegations of Paragraph 7 of the Second Amended Complaint.

8. Boggs admits the allegations of Paragraph 8 of the Second Amended Complaint.

9. Boggs admits the allegations of Paragraph 9 of the Second Amended Complaint.

10. Boggs denies the allegations of Paragraph 10 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

11. Boggs denies the allegations of Paragraph 11 of the Second Amended Complaint.

12. Boggs admits that he entered into negotiations with Scott Hutchison Enterprises, Inc. for the sale of certain real estate and improvements and that the document attached to the Complaint is a copy of a portion of the Real Estate Sales Agreement into which he entered with Scott Hutchison Enterprises, Inc., but states that the document speaks for itself and that the Exhibit A attached to the document is not the exhibit which accompanied the contract, and otherwise denies the allegations of Paragraph 12 of the Second Amended Complaint.

13. Boggs denies the allegations of Paragraph 13 of the Second Amended Complaint.

14. Boggs denies the allegations of Paragraph 14 of the Second Amended Complaint.

15. Boggs denies the allegations of Paragraph 15 of the Second Amended Complaint.

16. Boggs admits that he formerly owned the mobile home park known as Boggs Landing and that at one time he owned an interest in a corporation which operated a mobile home sales business at a nearby location, but otherwise denies the allegations of Paragraph 16 of the Second Amended Complaint.

17. Boggs admits the allegations of Paragraph 17 of the Second Amended Complaint.

18. Boggs admits the allegations of Paragraph 18 of the Second Amended Complaint.

19. Boggs denies the allegations of Paragraph 19 of the Second Amended Complaint.

20. Boggs denies the allegations of Paragraph 20 of the Second Amended Complaint.

21. Boggs denies the allegations of Paragraph 21 of the Second Amended Complaint.

22. Boggs denies the allegations of Paragraph 22 of the Second Amended Complaint.

23. Boggs denies the allegations of Paragraph 23 of the Second Amended Complaint.

24. Boggs denies the allegations of Paragraph 24 of the Second Amended Complaint.

25. Boggs denies the allegations of Paragraph 25 of the Second Amended Complaint.

26. Boggs denies the allegations of Paragraph 26 of the Second Amended Complaint.

27. Boggs denies the allegations of Paragraph 27 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

28. Boggs denies the allegations of Paragraph 28 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

29. Boggs denies the allegations of Paragraph 29 of the Second Amended Complaint as to him, and otherwise denies the allegations of Paragraph 29 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

30. Boggs denies the allegations of Paragraph 30 of the Second Amended Complaint.

31. Boggs denies the allegations of Paragraph 31 of the Second Amended Complaint.

32. Boggs admits that Plaintiff W. N. & Scott Hutchison Partnership cleared the vacant lots in early 2000 and that the United States Army Corps of Engineers subsequently issued a cease and desist order prohibiting further work on the property, but otherwise denies the allegations of Paragraph 32 of the Second Amended Complaint.

33. Boggs denies the allegations of Paragraph 33 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

34. Boggs denies the allegations of Paragraph 34 of the Second Amended Complaint.

35. Boggs incorporates by reference his responses to the allegations of Paragraphs 1 through 34 of the Second Amended Complaint as if fully re-written and set forth herein, and otherwise denies the allegations of Paragraph 35 of the Second Amended Complaint.

36. Boggs incorporates by reference his responses to the allegations of Paragraphs 1 through 35 of the Second Amended Complaint as if fully re-written and set forth herein, and otherwise denies the allegations of Paragraph 36 of the Second Amended Complaint.

37. Boggs incorporates by reference his responses to the allegations of Paragraphs 1 through 36 of the Second Amended Complaint as if fully re-written and set forth herein, and otherwise admits the allegations of Paragraph 37 of the Second Amended Complaint.

38. Boggs admits that Scott Hutchison Enterprises, Inc. and Defendant Larry Rhodes, Inc. entered into an agreement pursuant to which Defendant Rhodes agreed to perform a Phase I environmental study with respect to the real estate which is the subject-matter of this action; that this study specifically included a determination of the presence or absence of wetlands on the vacant lots; and that Rhodes issued a written report representing, among other things, that no wetlands existed on the property; and otherwise states that Rhodes' report speaks for itself.

39. Boggs admits the allegations of Paragraph 39 of the Second Amended Complaint as to Plaintiff Scott Hutchison Enterprises, Inc.

40. Boggs admits the allegations of Paragraph 40 of the Second Amended Complaint as to Plaintiff Scott Hutchison Enterprises, Inc.

41. Boggs admits that W. N. & Scott Hutchison Partnership was directed by the United States Army Corps of Engineers to cease work on the vacant lots.

42. Boggs denies the allegations of Paragraph 42 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

43. Boggs incorporates by reference his responses to the allegations of Paragraphs 1 through 42 of the Second Amended Complaint as if fully re-written and set forth herein, and otherwise admits the allegations of Paragraph 43 of the Second Amended Complaint.

44. Defendant Boggs admits the allegations of Paragraph of the Second Amended Complaint as to Plaintiff Scott Hutchison Enterprises, Inc.

45. Boggs admits that Scott Hutchison Enterprises, Inc. is entitled to judgment against Defendant Rhodes for breach of the express warranty contained in Rhodes' Phase I environmental report, but otherwise denies the allegations of Paragraph 45 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

46. Boggs incorporates by reference his responses to the allegations of Paragraphs 1 through 45 of the Second Amended Complaint as if fully re-written and set forth herein, but otherwise denies the allegations of Paragraph 46 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

47. Defendant Boggs denies the allegations of Paragraph 47 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

48. Defendant Boggs denies the allegations of Paragraph 48 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

49. Defendant Boggs denies the allegations of Paragraph 49 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

50.     Defendant Boggs denies the allegations of Paragraph 50 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

51.     Defendant Boggs denies the allegations of Paragraph 51 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

52.     Defendant Boggs denies the allegations of Paragraph 52 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

53.     Boggs incorporates by reference his responses to the allegations of Paragraphs 1 through 52 of the Second Amended Complaint as if fully re-written and set forth herein, but otherwise denies the allegations of Paragraph 53 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

54.     Defendant Boggs denies the allegations of Paragraph 54 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

55.     Defendant Boggs denies the allegations of Paragraph 55 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

56.     Defendant Boggs denies the allegations of Paragraph 56 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

57.     Defendant Boggs denies the allegations of Paragraph 57 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

58.     Defendant Boggs denies the allegations of Paragraph 58 of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

59.     Boggs denies each and every allegation of the Second Amended Complaint not specifically admitted herein.

### First Affirmative Defense

The Second Amended Complaint fails to state a claim against Boggs upon which relief can be granted.

### Second Affirmative Defense

This action is barred as against Boggs by the statute of frauds.

### Third Affirmative Defense

Plaintiffs' second claim against Boggs is barred by reason of Plaintiff Scott Hutchison Enterprises' breach of the Real Estate Sales Agreement upon which the claim is based.

### Fourth Affirmative Defense

Plaintiff W.N. & Scott Hutchison Partnership's claims against Boggs are barred by reason of the lack of privity between the parties and the absence of any duty on the part of Boggs to Plaintiff.

### Fifth Affirmative Defense

Plaintiffs lack standing to maintain this action against Boggs.

### Sixth Affirmative Defense

Plaintiffs have failed to join a necessary party to this action.

### Seventh Affirmative Defense

Plaintiffs' claims against Boggs are barred by reason of the absence of reasonable reliance on any statements made by Boggs.

### Eighth Affirmative Defense

The Phase I environmental study prepared by the Rhodes Defendants constituted a supervening event to any statements made to Plaintiffs by Boggs, with the result that any injuries or damages sustained by Plaintiffs were not the proximate result of any statement, misstatement, failure to disclose information, action, or inaction by Boggs.

### Cross-Claims

For his cross-claims against Defendant Larry Rhodes, Inc., a/k/a Rhodes, Inc. ("Rhodes"), James M. Zimmer, and H. Jack Geisler (the "Rhodes Defendants"), Boggs states as follows:

1.  This Court has supplemental jurisdiction of Boggs' cross-claims pursuant to 28 U.S.C. § 1367, provided that Plaintiffs establish that the Court has jurisdiction of their claims; and pursuant to 28 U.S.C. § 1332.

2.  The amount in controversy with respect to Boggs' cross-claims exceeds the sum or value of $75,000 exclusive of interest and costs.

3.  The Real Estate Sales Agreement which accompanies Plaintiffs' Complaint provides in pertinent part that the obligations of Plaintiff Scott Hutchison Enterprises, Inc. to purchase the real estate which is the subject-matter of this action "shall be subject to . . . [a] Satisfactory Level One EPA Study," among other things.

4.  Boggs was entitled to rely and did reasonably rely on the environmental study performed by the Rhodes Defendants, including but not limited to the representation therein that there are no wetlands on the real estate or any other environmental condition which would adversely affect the development of the vacant portions of the real estate.

5.  As the result of the failure of the Rhodes Defendants adequately to perform the environmental study called for by the Real Estate Sales Agreement and their breach of the express warranty contained therein, Plaintiffs assert that they are unable to develop the vacant portion of the real estate and Boggs has been named as a defendant in this action, in direct consequence of which he has incurred attorneys' fees, other fees, and expenses presently in excess of $75,000, and continues to incur such fees and expenses.

6.  Boggs is entitled to recover from the Rhodes Defendants jointly and severally all fees and expenses which he has incurred and hereafter incurs as the result of this litigation, the amount of which will be shown at trial.

7.  In addition, Boggs is entitled to indemnification and/or contribution from the Rhodes Defendants jointly and severally for any liability which may be imposed upon him in this action.

WHEREFORE, having fully answered at this time, Defendant H.T. Boggs demands that Plaintiffs' Second Amended Complaint be dismissed as against him at Plaintiffs' costs and that he recover his costs and expenses of litigation, including his attorneys' fees, incurred herein, and such other and further relief to which he may be entitled.

On his cross-claims against Defendants Rhodes, Zimmer, and Geisler, Boggs demands judgment jointly and severally in an amount representing all attorneys' fees, other fees, and expenses which he incurs as the result of this litigation, the amount of which will be shown at trial, together with interest thereon as allowed by law; indemnification and/or contribution for any liability which may be imposed upon Boggs herein; and Boggs' costs and expenses of litigation, including his attorneys' fees, incurred in prosecuting these cross-claims.

_____
Thomas R. Schuck (0005336)
Trial Attorney for Defendant H.T. Boggs
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
(513) 381-2838
(513) 381-0205 fax

Of Counsel:

Kevin J. Waldo (0022379)
413 Center Street
Ironton, Ohio 45638-1505
(740) 532-4911


Craig R Paulus (0074352)
Taft, Stettinius & Hollister
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
(513) 381-2838


### Certificate of Service

The undersigned hereby certifies that he served a copy of the foregoing Answer on William P. Schroeder, Esq., Attorney for Plaintiffs, 11935 Mason Road, Suite 110, Cincinnati, Ohio 45249; E. David Marshall, Esq., 271 West Short Street, Suite 111, Lexington, Kentucky 40507 and M. Bradford Sanders, Esq., 9122 Montgomery Rd., Suite 201, Montgomery, Ohio 45242, Attorneys for Defendants Rhodes, Inc., Rhodes, Incorporated, and Rhodes & Associates, Inc.; and Defendant Zimmer and Geisler at the addresses shown for them in the caption of the Second Amended Complaint, by regular United States mail, postage prepaid this 19th day of December, 2003.

_____