UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CIVIL ACTION NO. C-1-01-776
JUDGE WEBER

SCOTT HUTCHISON ENTERPRISES,                                            PLAINTIFF
INC., et al


v.                     **ANSWER AND CROSSCLAIM**
                       **TO SECOND AMENDED COMPLAINT**


LARRY RHODES, INC., LARRY RHODES,
INC. d/b/a RHODES, INC., RHODES, INC.,
RHODES, INCORPORATED, RHODES &
ASSOCIATES, INC., JAMES M. ZIMMER,
H. JACK GEISELR and H.T. BOGGS                                         DEFENDANTS


Come the Defendants, James M. Zimmer ("Zimmer") and H. Jack Geisler ("Geisler"), by counsel, and for their Answer and Crossclaim to the Plaintiffs' Second Amended Complaint, hereby state as follows:

**FIRST DEFENSE**

The Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Plaintiffs' Second Amended Complaint is barred by the statute of limitations.

**THIRD DEFENSE**

The Plaintiffs' Second Amended Complaint is barred by the doctrines of waiver and/or estoppel.

## FOURTH DEFENSE

The Plaintiff's Second Amended Complaint is barred by the lack of contractual privity between the Plaintiffs and these answering Defendants and/or the economic loss doctrine.

## FIFTH DEFENSE

If judgment is entered against either Zimmer or Geisler, each is entitled to indemnity from some and/or all of the other Defendants.

## SIXTH DEFENSE

Any damages were caused by the acts of the Plaintiffs themselves and/or the acts of the other Defendants or a third party or parties and/or an intervening or superseding cause and Zimmer and Geisler rely on said acts or causes as a complete, partial or comparative bar to the Second Amended Complaint.

## SEVENTH DEFENSE

Zimmer and Geisler rely on the doctrines of contributory negligence, indemnity and apportionment.

## EIGHTH DEFENSE

This Court lacks both subject matter jurisdiction over this matter and personal jurisdiction over these answering Defendants.

## NINTH DEFENSE

1.  Zimmer and Geisler admit the allegations contained within paragraphs 5 and 6 of the Second Amended Complaint.

2.  Zimmer and Geisler have insufficient knowledge to admit or deny the allegations contained within paragraphs 1-4, 7-8, 12-27, 30, 32, 35-38 and 41 of the Second Amended Complaint and therefore deny the same.

3. Zimmer and Geisler deny the allegations contained within paragraphs 9-11, 31, 47-48, 50-52, 54, and 56-58 of the Second Amended Complaint.

4. With regard to the allegations contained within paragraphs 28-29, 33-34, 39-40, 42, and 44-45 of the Second Amended Complaint, Zimmer and Geisler have insufficient knowledge to admit or deny said allegations to the extent they are directed to the other defendants and therefore deny the same. To the extent the allegations are directed to Zimmer and Geisler, they are denied.

5. With regard to the allegations contained within paragraphs 46 and 53 of the Second Amended complaint, Zimmer and Geisler incorporate by reference their responses to the corresponding allegations. Zimmer admits that he was previously a project geologist for Rhodes. Zimmer denies he was the project geologist for this project. Geisler admits that he was previously a professional engineer and vice president of engineering services for Rhodes. Geisler denies he was ever an officer of Rhodes. The remainder of the allegations contained within paragraphs 46 and 53 of the Second Amended Complaint are denied.

6. With regard to the allegations contained within paragraphs 43, 49 and 55 of the Second Amended complaint, Zimmer and Geisler state that the documents in issue speak for themselves.

7. Any allegation not expressly admitted is hereby denied.

WHEREFORE, Zimmer and Geisler pray that the Second Amended Complaint be dismissed and taken for naught, for their costs herein expended, including reasonable attorney fees, for trial by jury, and for any and all other relief to which they may appear entitled.

**CROSSCLAIM**

James M. Zimmer and H. Jack Geisler for their Crossclaim against Larry Rhodes, Inc., Larry Rhodes, Inc. d/b/a Rhodes, Inc., Rhodes, Inc., Rhodes Incorporated and Rhodes & Associates, Inc. (hereinafter collectively referred to as "Rhodes") and H.T. Boggs ("Boggs") hereby state as follows:

1. In the event the Plaintiffs recover any sums upon their claims, Zimmer and Geisler are entitled to apportionment, contribution and/or indemnification from Rhodes and Boggs for any and all claims so awarded.

2. If Zimmer and/or Geisler is determined to have any liability in connection with this litigation, such liability is passive and secondary to the liability of Rhodes and/or Boggs and the damages, if any, were caused by the act of and primary conduct of Rhodes and/or Boggs who are primarily liable for the damages, if any, and Zimmer and Geisler are entitled to complete indemnification and/or contribution from Rhodes and/or Boggs for any amounts which may be assessed against Zimmer and/or Geisler herein.

3. Zimmer and Geisler specifically plead any contract(s) with Rhodes and/or Boggs as a basis for indemnification.

4. Zimmer and Geisler are entitled to recover from Rhodes and/or Boggs, jointly and severally, all fees and expenses which they have incurred and hereafter incur as a result of this litigation.

5. Additionally, Defendant Rhodes has failed in its duty to defend and indemnify Zimmer and Geisler for their actions taken while they were employees of Rhodes. Defendant Rhodes has also failed in its duty to provide Zimmer and Geisler with adequate professional

4

liability insurance covering their actions while they were employees of Rhodes. As a result, Zimmer and Geisler are entitled to recover from Rhodes all fees and expenses which they have incurred and will hereinafter incur as a result of this litigation.

6. Zimmer and Geisler have been damaged by the aforementioned conduct of Rhodes and Boggs in an amount in excess of the jurisdictional minimum of this Court.

WHEREFORE, Zimmer and Geisler demand contribution and/or indemnity in an amount deemed appropriate by the court in the event Zimmer and/or Geisler should be found liable for all or part of the Plaintiffs' claims for damages and injuries; that the Court grant apportionment in an appropriate amount in the event that Zimmer and/or Geisler should be found liable for all or part of the Plaintiffs' claims for damages and injuries; that Rhodes be ordered to defend and indemnify Zimmer and Geisler in this action; that Zimmer and Geisler be awarded damages in an amount proven at trial; for all relief demanded in their Answer; for their costs herein expended, including reasonable attorney fees; for trial by jury; and for any and all other relief to which Zimmer and Geisler may appear entitled.

Respectfully submitted,

*Gayle B. McGrath*
Gayle B. McGrath (0028390)
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, KY 40507-1746
859.233.2012

Counsel for Zimmer and Geisler

5

OF COUNSEL:

W. Craig Robertson III
Wyatt, Tarrant & Combs LLP
250 West Main Street, Suite 1600
Lexington, KY 40507-1746

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing has been served upon the following, by U.S. mail, on this the 15th day of January, 2004:

| | |
|---|---|
| Thomas R. Schuck<br>Craig R. Paulus<br>Taft, Stettinius & Hollister<br>425 Walnut Street, Suite 1800<br>Cincinnati, OH 45202-3957 | William P. Schroeder<br>Schroeder, Maundrell, Barbiere & Powers<br>11935 Mason Road, Suite 100<br>Cincinnati, OH 45249 |
| | M. Bradford Sanders<br>9122 Montgomery Road, Suite 201<br>Montgomery, OH 45242 |
| E. David Marshall<br>271 West Short Street, Suite 111<br>Lexington, KY 40507 | |
| Kevin J. Waldo<br>413 Centre Street<br>Ironton, OH 45638-1505 | *Gayle B. McGrath* |

30316066.1