UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Scott Hutchison Enterprises, Inc., et al., | : | Civil Action No. C-1-01-776 |
| | : | |
| Plaintiffs | : | Judge Weber |
| | : | |
| v. | : | |
| | : | **ANSWER OF DEFENDANT H.T.** |
| Rhodes, Inc., et al., | : | **BOGGS TO CROSS-CLAIM OF** |
| | : | **DEFENDANTS JAMES M ZIMMER** |
| Defendants | : | **AND H. JACK GEISLER** |

Defendant H.T. Boggs, for his Answer to the Cross-claim of Defendants James T.

Zimmer and H. Jack Geisler, states as follows:

1.      Boggs denies the allegations of Paragraph 1 of the cross-claim as to him.

2.      Boggs denies the allegations of Paragraph 2 of the cross-claim as to him.

3.      Boggs denies the allegations of Paragraph 3 of the cross-claim as to him.

4.      Boggs denies the allegations of Paragraph 4 of the cross-claim as to him.

5.      No response is required of Defendant Boggs to the allegations of Paragraph 5 of

the cross-claim.

6.      Boggs denies the allegations of Paragraph 6 of the cross-claim as to him.

7.      Boggs denies each and every allegation of the cross-claim not specifically

admitted herein.

**First Affirmative Defense**

The cross-claim fails to state a claim against Boggs upon which relief can be granted.

W0120312.1

## Second Affirmative Defense

Defendant Boggs owed no duty to Defendants Zimmer and Geisler upon which liability for contribution and/or indemnification may be based.

## Third Affirmative Defense

To the extent that the cross-claim purports to be based on a contract, the claim is barred by reason of the lack of privity between Defendant Boggs and Defendants Zimmer and Geisler, and the absence of any duty on the part of Defendant Boggs to Defendants Zimmer and Geisler.

## Fourth Affirmative Defense

The Phase I environmental study prepared by Defendants Zimmer and Geisler constituted a supervening event to any statements made by Defendant Boggs, with the result that any injuries or damages sustained by Plaintiffs were not the proximate result of any statement, misstatement, failure to disclose information, action, or inaction by Defendant Boggs.

WHEREFORE, having fully answered at this time, Defendant Boggs demands that the cross-claim of Defendants Zimmer and Geisler be dismissed with prejudice as against Defendant Boggs at their costs and that Defendant Boggs recover his costs and expenses of litigation, including his attorneys' fees, incurred herein, and such other and further relief to which he may be entitled.

_/s/ Thomas R. Schuck_
Thomas R. Schuck (0005336)
Trial Attorney for Defendant H.T. Boggs
1800 Firstar Tower
425 Walnut Street
Cincinnati, Ohio 45202-3957
(513) 381-2838

Of Counsel:

Kevin J. Waldo (0022379)
413 Center Street
Ironton, Ohio 45638-1505
(740) 532-4911


Craig R Paulus (0074352)
Taft, Stettinius & Hollister
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
(513) 381-2838


### Certificate of Service

The undersigned hereby certifies that he served a copy of the foregoing Answer to Cross-claim electronically or by regular United States mail, postage prepaid, this 29th day of January, 2004 upon the following counsel of record:

William P. Schroeder, Esq.
Attorney for Plaintiffs
11935 Mason Road, Suite 100
Cincinnati, Ohio 45249

Gayle B. McGrath, Esq.
250 West Main Street, Suite 1600
Lexington, Kentucky 40507-1746
Attorney for Defendants Zimmer and Geisler


E. David Marshall, Esq.
271 West Short Street, Suite 111
Lexington, Kentucky 40507

M. Bradford Sanders, Esq.
9122 Montgomery Road, Suite 201
Montgomery, Ohio 45242
Attorneys for Defendant Rhodes, Inc.,
Rhodes Incorporated, and Rhodes &
Associates, Inc.


*/s/ Thomas R. Schuck*