UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

04 APR 13 PM 12:47

| | |
|---|---|
| SCOTT HUTCHINSON ENTERPRISES, INC., et al | ) CIVIL ACTION NO. C-1-01-~~775~~ 776 |
| PLAINTIFFS | ) |
| | ) JUDGE WEBER |
| v. | ) |
| LARRY RHODES, INC., et al | ) APPEARING ON BEHALF OF: |
| | ) DEFENDANTS, JAMES M. ZIMMER AND |
| DEFENDANTS | ) H. JACK GEISLER |

### DEFENDANTS GEISLER AND ZIMMER'S MOTION FOR SUMMARY JUDGMENT

The Defendants, H. Jack Geisler ("Geisler") and James M. Zimmer ("Zimmer"), by counsel, and pursuant to F.R.C.P. 56, hereby move this Court for judgment as a matter of law and dismissal of all claims against them because they are barred by the statute of limitations. A supporting memorandum is submitted herewith.

Respectfully submitted,

W. Craig Robertson III
E. Christine Lewis
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, KY 40507-1746
859.233.2012 (main)
859.259.0649 (facsimile)

Gayle B. McGrath (0028390)
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, KY 40507-1746
859.233.2012 (main)
859.259.0649 (facsimile)

*Counsel for H. Jack Geisler and James M. Zimmer*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following, by U.S. mail, on this the 12th day of April, 2004:

Thomas R. Schuck
Craig R. Paulus
Taft, Stettinius & Hollister
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3057

E. David Marshall
271 West Short Street, Suite 111
Lexington, KY 40507

William P. Schroeder
11935 Mason Road, Suite 100
Cincinnati, OH 45249

Bradford Sanders
9122 Montgomery Road, Suite 201
Montgomery, OH 45242

_____
Counsel for James M. Zimmer and H. Jack Geisler

30323943.1

FILED
APR 13 2004
JAMES BONINI, Clerk
CINCINNATI, OHIO

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| SCOTT HUTCHINSON ENTERPRISES, INC., et al | ) ) CIVIL ACTION NO. C-1-01-776 |
| PLAINTIFFS | ) ) JUDGE WEBER |
| v. | ) ) |
| LARRY RHODES, INC., et al | ) APPEARING ON BEHALF OF: ) DEFENDANTS, JAMES M. ZIMMER AND |
| DEFENDANTS | ) H. JACK GEISLER |

### MEMORANDUM IN SUPPORT OF DEFENDANTS GEISLER AND ZIMMER'S MOTION FOR SUMMARY JUDGMENT

The Defendants, H. Jack Geisler ("Geisler") and James M. Zimmer ("Zimmer"), by counsel, and pursuant to F.R.C.P. 56, hereby move this Court for judgment as a matter of law and dismissal of all claims against them because they are barred by the statute of limitations. In support, Geisler and Zimmer state as follows:

The Plaintiff, Scott Hutchinson Enterprises, Inc. ("Hutchison"), purchased the real estate which is the subject matter of this litigation from the Defendant, H.T. Boggs, on December 6, 1999. Prior to this purchase, Hutchison contracted with the Defendant, Larry Rhodes, Inc. ("Rhodes"), whereby Rhodes would complete a Phase I Environmental Site Assessment (the "Assessment") regarding the real estate. *See* Exhibit 1. The Assessment, which was issued to Hutchison on November 8, 1999, involved a consideration of various environmental concerns, title reviews, and other similar matters related to the real estate site.

After development of the real estate began, the United States Army Corp of Engineers issued a "Cease and Desist Order." According to the Corp of Engineers, the site contained federally-protected wetlands and other environmentally sensitive soils. Hutchison claims the Cease and Desist Order prevents it from developing the property as intended.

On November 8, 2001, Hutchison filed a Complaint alleging that Rhodes negligently performed the Assessment by failing to identify the presence of wetlands on the real estate. Nearly two years later, on November 25, 2003, Hutchison filed its Second Amended Complaint against Geisler and Zimmer, as individuals, based upon the fact that both signed the Assessment in issue. At the time of the Assessment, Geisler and Zimmer were employees of Rhodes. Both are now employed with another company.[1]

The claims against Geisler and Zimmer as individuals were commenced more than 4 years after the Assessment was issued. Thus, the claims against Geisler and Zimmer must be dismissed as a matter of law because they are barred by the applicable statute of limitations.

Ohio Revised Code §2305.09(D) provides that the statute of limitations for causes of action not otherwise enumerated is 4 years. This section includes professional malpractice actions against engineers. Thus, the claims against Geisler and Zimmer as individuals are governed by the 4-year statute of limitations set forth in O.R.C. §2305.09(D). Moreover, the time for the statute of limitations begins to run when the allegedly negligent act is committed, making the discovery rule inapplicable to claims of professional negligence. *Hater v. Gradison Div. of McDonald & Co. Securities, Inc.*, 655 N.E.2d 189 (Ohio 1995). Specifically, the limitations period begins to run on "the date upon which the tortfeasor committed the tort, in other words, when the act or omission constituting the alleged professional malpractice occurred." *See id.* at 196; *see also Investors REIT One v. Jacobs*, 546 N.E.2d 206, 209 (Ohio 1989).

---

[1] Unfortunately, Rhodes has refused to defend Geisler and Zimmer in this matter. To further compound matters, the insurance company through which Rhodes secured its professional malpractice coverage has now gone bankrupt. Thus, Geisler and Zimmer are left defending this action with their own financial resources.

This rule has been specifically applied to negligence claims such as those asserted against Geisler and Zimmer. In *James v. Partin*, 2002 Ohio App. LEXIS 2724 (Ohio App., May 28, 2002), the appellate court affirmed summary judgment based upon the statute of limitations. In *Partin*, the defendant/surveyors completed certain boundary surveys in 1992. The purchasers of the property later discovered these surveys miscalculated the property lines and that a portion of their property was actually owned by someone else. The property owners filed suit against the surveyors in 1999 claiming professional negligence. Both at trial and on appeal, the courts held that the surveyors were entitled to summary judgment because the claims had not been brought within the applicable four-year limitations period:

> appellants' claims of professional negligence commenced to run when the allegedly negligent surveys were completed, and not at the time appellants discovered the injury. Therefore, there are no genuine issues as to any material facts.
>
> Since any alleged injury occurred when the surveys were concluded, reasonable minds can come to but one conclusion. That conclusion is that appellants' claims of professional negligence against [the surveyors] are barred by the four-year statute of limitations under R.C. 2305.09(D).

*Id.* at *12-13; *see also Bell v. Holden Survey, Inc., et al*, 2000 Ohio App. LEXIS 4586 (Ohio App. Sept. 29, 2000) (reversing claims of professional negligence on limitations grounds).

Hutchison claims that Geisler and Zimmer were professionally negligent when the Assessment they signed failed to disclose the presence of wetlands. The Assessment was issued to Hutchison on November 8, 1999, and all of the technical investigatory work was completed prior to this date. Even if this Court construes the facts in the light most favorable to the Plaintiffs, November 8, 1999 is the latest date upon which Geisler and Zimmer could have been negligent. Thus, any cause of action against Geisler and Zimmer <u>must</u> have been commenced no later than November 8, 2003. The Second Amended Complaint was not filed until November

3

25, 2003 - more than two weeks after the statute had passed. Therefore, the claims against Geisler and Zimmer must be dismissed as a matter of law.

Accordingly, the Defendants, H. Jack Geisler and James M. Zimmer respectfully request that this Court grant judgment as a matter of law in their favor and dismiss all claims against them as barred by the statute of limitations. An appropriate Order is tendered herewith.

Respectfully submitted,

*(signature)*

W. Craig Robertson III
E. Christine Lewis
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, KY 40507-1746
859.233.2012 (main)
859.259.0649 (facsimile)

Gayle B. McGrath (0028390)
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, KY 40507-1746
859.233.2012 (main)
859.259.0649 (facsimile)

*Counsel for H. Jack Geisler and James M. Zimmer*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following, by U.S. mail, on this the 12th day of April, 2004:

Thomas R. Schuck
Craig R. Paulus
Taft, Stettinius & Hollister
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3057

William P. Schroeder
11935 Mason Road, Suite 100
Cincinnati, OH 45249

E. David Marshall
271 West Short Street, Suite 111
Lexington, KY 40507

Bradford Sanders
9122 Montgomery Road, Suite 201
Montgomery, OH 45242

_____
Counsel for James M. Zimmer and H. Jack Geisler

30323889.1

5