UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Scott Hutchison Enterprises, Inc., et al., | : | Civil Action No. C-1-01-776 |
| | : | |
| Plaintiffs | : | Judge Weber |
| | : | |
| v. | : | |
| | : | **MEMORANDUM OF DEFENDANT** |
| Rhodes, Inc., et al., | : | **H. T. BOGGS IN OPPOSITION TO** |
| | : | **MOTION OF DEFENDANTS JAMES** |
| Defendants | : | **H. ZIMMER AND H. JACK GEISLER** |
| | : | **FOR SUMMARY JUDGMENT** |

    Defendant H.T. Boggs hereby responds to the motion for summary judgment recently filed by Defendants James M. Zimmer and H. Jack Geisler (doc. no. 94). Their motion is based solely on what Zimmer and Geisler contend to be the applicable statute of limitations. The motion should be denied at least in part because this action was commenced as against Zimmer and Geisler within the statute of limitations applicable to the claims for breach of warranty against them, as set forth below.

### Statement of the Case

    The background of this action and the relevant facts, as established by the numerous depositions which have been taken, are set forth in Boggs' motion for summary judgment (doc. no. 93) and will not be repeated here. Boggs will add only those additional facts which are necessary for the Court's consideration of Zimmer's and Geisler's motion for summary judgment.

    Zimmer and Geisler are former employees of Defendant Larry Rhodes, Inc. ("Rhodes"). Zimmer is a geologist. Geisler is an engineer and was Zimmer's supervisor (Dep. Larry Rhodes, pp. 151-52). Both of them signed the environmental report on which the transaction between Plaintiff Scott Hutchison Enterprises, Inc. ("Hutchison Enterprises") and Boggs was based.

{W0160192.1}

Zimmer and Geisler correctly recite that this action was commenced on November 8, 2001 (doc. no. 1) and that they were added as defendants by Plaintiffs' Second Amended Complaint, which was filed on November 25, 2003 (doc. no. 75). However, they misconstrue the claims asserted against them. Both Plaintiffs and Boggs have asserted *two* claims against Zimmer and Geisler: (1) for professional negligence and (2) for breach of the written warranty contained in the environmental report which they signed and issued to Hutchison Enterprises (doc. no. 75, ¶¶ 46-58; doc. no. 80, cross-claims).

As discussed in Boggs' motion for summary judgment (doc. no. 93, pp. 4-6), both Hutchison and Boggs were aware that the undeveloped portion of the real estate which Hutchison Enterprises sought to buy from Boggs might contain wetlands, which would inhibit its development (Scott Hutchison Dep., p. 57; Konrad Dep., pp. 54-55; Boggs Dep. 12/8/03, p. 128). Boggs therefore insisted on and Hutchison Enterprises' lender required an environmental study of the real estate (Scott Hutchison Dep., pp. 57-59, 72-73; Konrad Dep., pp. 54-55; Boggs Dep. 12/8/03, p. 128; Boggs Dep. 12/9/03, pp. 68-69), and the parties included the requirement of a "Satisfactory Level One EPA Study to be performed before December 1st, 1999" in the Real Estate Sales Agreement which they executed on October 20, 1999 (Dep. Ex. 195, ¶ 5.2).[1]

On the same day that the Real Estate Sales Agreement was executed, Defendant Zimmer and another employee of Rhodes, Adonis Spivey, made a written proposal to Scott Hutchison to conduct the environmental study called for by the Real Estate Sales Agreement (Dep. Ex. 132). Hutchison Enterprises accepted this proposal the same day, thereby creating a contract for the performance of the environmental study. This contract (Dep. Ex. 132) states in pertinent part that the environmental study will include a "[r]eview [of] available information on the geographic area and the geologic

---

[1]  The deposition exhibits have been manually filed with the Court as a group (doc. no. 91).

{W0160192.1}

and *hydrologic* conditions present" (emphasis added). On October 28, 1999, Defendant Zimmer and Spivey reported to Bob VanNostrand of Huntington National Bank, which had agreed to finance Hutchison Enterprises' purchase of the property from Boggs, that the environmental study had been completed and that with the exception of some "areas of unlawful dumping of building debris . . . *[n]o recognized environmental conditions were revealed in respect to the undeveloped tract during the site reconnaissance and record search"* (Dep. Exs. 63/134, emphasis added). On November 8, 1999, Zimmer, Geisler, and Spivey issued their final written report (Dep. Exs. 71/135) representing that *"our* report of this investigation" includes, among other things, a "[r]eview of published historical, geological, topographic, and soil maps to identify any . . . *wetlands,* or other environmentally sensitive features" (emphasis added). This report does not identify any wetlands on the subject property. Hutchison and Boggs concluded the transaction in reliance on this report (Scott Hutchison Dep., pp. 99-100; Boggs Dep. 12/9/04, pp. 69-70). Contrary to the conclusions of Zimmer, Geisler, and Spivey, however, portions of the undeveloped lots lie within a federally protected wetlands. Development of the property has been stopped by the U.S. Army Corps of Engineers.

Plaintiffs did not initially sue Zimmer and Geisler. However, based on the deposition testimony of Larry Rhodes, the owner of Larry Rhodes, Inc., on October 27, 2003, Plaintiffs sought leave on November 6, 2003 to file a Second Amended Complaint adding Zimmer and Geisler as defendants because they were "directly involved in the environmental assessment and report, and both signed the report which contained a written warranty of the work" (doc. no. 68, p. 2). That motion was granted by the Court on November 20, 2003 (doc. no. 73). The Second Amended Complaint was filed on November 25 (doc. no. 75). In response, Boggs asserted cross-claims

against Zimmer and Geisler for the damages which he has sustained as the result of their professional negligence and breach of warranty (doc. no. 80).

## Argument

Defendants Zimmer and Geisler contend that Plaintiffs' claims and Boggs' cross-claims against them are barred by the 4 year statute of limitations provided by Ohio Revised Code § 2305.09(D) because Plaintiffs did not add them to this action within four years of the date of their environmental report, November 8, 1999.[2] While R.C. § 2305.09(D) may provide the limitation for claims of professional negligence against Zimmer and Geisler, the claims for breach of the written warranty in the environmental report are governed by the 15 year limitation provided by R.C. § 2305.06, and are therefore timely.

Civil Rule 15(c) provides that an amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, (2) the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth in the original pleading, or (3) in the case of an amendment changing the party against whom a claim is asserted, the new claim arises out of the original claim and the new party has received such notice that he will not be prejudiced and knew or should have known that the action would have been brought against him.

R.C. § 2305.06 provides a 15 year limitation period for claims based on an agreement, contract, or promise in writing. The environmental report (Dep. Exs. 71/135) contains the following written warranty (p. 11, no. H00019) immediately above Defendants' signatures:

> **Warranty** – In performing our professional services, we have used that degree of care and skill ordinarily exercised under similar circumstances by members of the profession. This warranty is in lieu of all other warranties, expressed or implied.

---

[2] Boggs agrees that Ohio law governs the claims against the Rhodes Defendants, including Zimmer and Geisler, for the reasons set forth in his motion for summary judgment (doc. no. 93, p. 10 n.7).

The contract into which Zimmer and Geisler entered (Dep. Ex. 132) called for them to identify the hydrologic condition of the real estate, and their report (Dep. Exs. 71/135), which specifically references wetlands, gives the property a clean bill of health. Based on the undisputed fact that a portion of the undeveloped lots lies within a federal wetlands, which inhibits development of the property, a jury may well find that Zimmer and Geisler breached both their contract for the performance of the environmental study and their warranty of its results. Inasmuch as both the contract and the report are in writing, the 15 year statute of limitations provided by R.C. § 2305.06 applies to these claims against Zimmer and Geisler, satisfying the requirement of Civil Rule 15(c)(1).

The amendment also satisfies the requirements of Civil Rule 15(c) (2) and (3) because the claims asserted against Zimmer and Geisler in Plaintiffs' Second Amended Complaint are the same claims asserted against Rhodes initially, and therefore arise "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading"; and Zimmer and Geisler received notice of the institution of the action, knew or should have known that they might be sued, and have asserted no prejudice which their joinder would occasion. On May 9, 2001, Attorney Bert Ketchum, who then represented Scott Hutchison, wrote to Spivey, Zimmer, and Geisler informing them that "[a]round the 1st of the year, wetlands were identified in the undeveloped 13.37 tract" and that as a result, "Mr. Hutchison has incurred loss of use of the property and damages," and asked them "why the wetlands in the undeveloped 13.37 acre tract were not identified during Rhodes, Inc.'s investigation of the property" (Dep. Ex. 144). On May 16, 2001, Zimmer and Geisler responded to Ketchum asserting that the identification of wetlands on the undeveloped lots was not properly within the scope of their environmental report (the language of the report notwithstanding) and that "[n]o obvious indication of a wetlands environment was encountered in either the site

reconnaissance or the literature review conducted for the subject property," despite the fact that a portion of the vacant lots lies within a federally designated wetlands (Dep. Ex. 145). Larry Rhodes testified that Zimmer and Geisler subsequently left Larry Rhodes, Inc. because "they were scared shitless of this . . . damned lawsuit" (Rhodes Dep., p. 152). He further testified:

> Q. Did they resign or did you fire them?
>
> A. They resigned. They left. They took some of my other - - he took some of my other people. He took some of my work and told them all that we wouldn't survive because of this lawsuit. However, he did not know I didn't have insurance. And he damn well better not find it out from you guys.
>
> Q. Are you saying - -
>
> A. Because he is doing everything he can to prove that he did the right thing by leaving. And that would be putting me out of business so - -
>
> Q. Are you saying - -
>
> A. Am I saying - -
>
> MR. MARSHALL: You say it just like it is.
>
> THE WITNESS: I'm saying it just like it hit [*sic*]. He's trying to put me out of business.
>
> Rhodes Dep., pp. 153-54

Based on these exhibits and Rhodes' deposition testimony, Zimmer and Geisler obviously knew by May, 2001 (six months prior to the institution of this action) of the potential claims against them and the facts on which they are based, and recognized that they might be named as defendants if a lawsuit were filed. They have not been prejudiced by not being added to the suit until 2003, given that they have elected not to participate in discovery (see copy of their counsel's letter of March 23, 2004 attached). The requirements of Civil Rule 15(c) are therefore satisfied with respect to the claims against Zimmer and Geisler for breach of their written warranty.

## Conclusion

For the foregoing reasons, Defendant Boggs submits that Plaintiffs' claims and Boggs' cross-claims against Defendants Zimmer and Geisler for breach of warranty are timely, and that Zimmer's and Geisler's motion for summary judgment should therefore be denied with respect to these claims.

Respectfully submitted,

_/s/ Thomas R. Schuck_

Thomas R. Schuck (0005336)
Trial Attorney for Defendant H.T. Boggs
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
(513) 381-2838

Of Counsel:

Kevin J. Waldo (0022379)
413 Center Street
Ironton, Ohio 45638-1505
(740) 532-4911

Craig R Paulus (0074352)
Taft, Stettinius & Hollister
1800 U.S. Bank Tower
425 Walnut Street
Cincinnati, Ohio 45202-3957
(513) 381-2838

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he served a copy of the foregoing Memorandum in Opposition upon the following counsel of record electronically or by regular United States mail, postage prepaid this 20³ day of April, 2004:

_____
Thomas R. Schuck

William P. Schroeder, Esq.
Attorney for Plaintiffs
11935 Mason Road, Suite 100
Cincinnati, Ohio 45249

E. David Marshall, Esq.
271 West Short Street, Suite 111
Lexington, Kentucky 40507

M. Bradford Sanders, Esq.
9122 Montgomery Road, Suite 201
Montgomery, Ohio 45242
Attorneys for Defendant Rhodes, Inc.,
Rhodes Incorporated, and Rhodes &
Associates, Inc.

Gayle B. McGrath, Esq.
W. Craig Robertson, III, Esq.
E. Christine Lewis, Esq.
250 West Main Street, Suite 1600
Lexington, Kentucky 40507-1746
Attorneys for Defendants Zimmer and Geisler



Lexington Financial Center
250 West Main Street, Suite 1600
Lexington, Kentucky 40507-1746
859.233.2012
Fax: 859.259.0649

E. Christine Lewis
(859) 288-7420
clewis@wyattfirm.com

March 23, 2004

MAR 2 4 2004

William P. Schroeder
Shcroeder, Maundel, Barbiere &
Powers
11935 Mason Road, Suite 100
Cincinnati, OH 45249

E. David Marshall
Marshall, Dennehey, Warner,
Coleman & Goggin
271 West Short Street
Lexington, KY 40502

Thomas R. Schuck
Craig R. Paulus
Taft, Stettinius & Hollister
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3057

RE: <u>Scott Hutchinson Enterprises, Inc., et al. v. Larry Rhodes, Inc., et al.,</u>
United States District Court, Southern District of Ohio, Western
Division, Action No. 01-CV-776

Gentlemen:

As you know, this Firm represents James Zimmer and Jack Geisler, individually, in the above-referenced matter. This letter is in reference to proposed deposition dates for Russell Blankenship, Ted Dawson, and Keith Webb in Huntington, West Virginia. Please be advised that counsel for Mr. Geisler and Mr. Zimmer will not attend or participate in these depositions.

Also, we are renewing our request that any and all claims against Mr. Zimmer and Mr. Geisler, individually, be dismissed as neither of them have insurance coverage or any significant personal assets to collect upon if judgment is entered against them. In fact, the entry of such a judgment will necessitate the filing for bankruptcy protection by the individuals. This result would be of no benefit to any party to this litigation. Therefore, we request that you dismiss Mr. Zimmer and Mr. Geisler from this litigation.

www.wyattfirm.com

250 West Main Street, Suite 1600
Lexington, KY 40507-1746
859.233.2012

918 State Street
Bowling Green, KY 42101
270.842.1050

1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120-4367
901.537.1000

500 West Jefferson Street, Suite 2800
Louisville, KY 40202-2898
502.589.5235

311 West Main Street
Frankfort, KY 40601-1807
502.223.2104

2525 West End Avenue, Suite 1500
Nashville, TN 37203-1423
615.244.0020

101 West Spring Street, Suite 500
New Albany, IN 47150-3610
812.945.3561

**WYATT**
WYATT, TARRANT & COMBS, LLP

William P. Schroeder
E. David Marshall
Thomas R. Schuck
March 23, 2004
Page 2

I look forward to hearing from you soon.

Very truly yours,

WYATT, TARRANT & COMBS, LLP

E. Christine Lewis

ECL/ljs
cc:   Jack Geisler

30322338.1