FILED
JAMES BONINI
CLERK

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

04 MAY -5 PM 3: 18

| | |
|---|---|
| SCOTT HUTCHINSON ENTERPRISES, INC., et al | ) <br> ) CIVIL ACTION NO. C-1-01-777 <br> ) |
| PLAINTIFFS | ) <br> ) JUDGE WEBER |
| v. | ) <br> ) |
| LARRY RHODES, INC., et al | ) APPEARING ON BEHALF OF: <br> ) DEFENDANTS, JAMES M. ZIMMER AND |
| DEFENDANTS | ) H. JACK GEISLER |

## REPLY IN SUPPORT OF DEFENDANTS GEISLER AND ZIMMER'S MOTION FOR SUMMARY JUDGMENT

The Defendants, H. Jack Geisler ("Geisler") and James M. Zimmer ("Zimmer") (collectively the "Defendants"), by counsel, hereby tender this Reply in Support of their Motion for judgment as a matter of law and dismissal of all claims against them because they are barred by the statute of limitations.[1] In support, Geisler and Zimmer state as follows:

### INTRODUCTION

The sum and substance of the claims asserted against Geisler and Zimmer allege that these individuals were professionally negligent when they issued their November 8, 1999 Assessment regarding the real property at issue in this litigation. Both the Plaintiffs and the co-defendant, H.T. Boggs ("Boggs"), claim that Zimmer and Geisler were negligent when the report failed to identify certain federally-protected lands. The claims against Geisler and Zimmer were not commenced until the filing of a Second Amended Complaint on November 25, 2003 - more than fours year after the alleged negligence occurred. Thus, the Defendants filed a motion for

---

[1] This Reply will address solely the Response of the Defendant, H.T. Boggs. By way of a separate Reply, Geisler and Zimmer will address the Response of the Plaintiffs.

summary judgment because the applicable statute of limitations contained in O.R.C. §2305.09(D) bars any such claims against them.

In its Response, Boggs attempts to re-label its claim for professional negligence as a warranty claim. Notably, Boggs does not cite to one single case for any proposition asserted in its Response - for good reason. Ohio law does not contemplate such subversive attempts to avoid the limitations period and neither should this Court. Geisler and Zimmer are entitled to judgment as a matter of law because all claims asserted against them are barred by the statute of limitations.

## ARGUMENT

### A. Boggs Fails To Present Affirmative Evidence Supporting Its Claims.

Boggs presents no affirmative evidence to justify its opposition to the Defendants' Motion. A properly supported motion for summary judgment, such as that filed by the Defendants, cannot be defeated unless the non-moving party comes forward with some probative evidence to support its claim. *See White v. Turfway Park Racing Ass'n*, 909 F.2d 941 (6th Cir. 1990). The non-moving party may not simply rest upon the allegations made in its pleadings. *See id.* Here, Boggs attempts to do just that. Because it has no affirmative evidence to support its claim, the Response presents an irrelevant recitation of the facts and citation to equally irrelevant and highly inflammatory deposition testimony from Larry Rhodes. (See Response, p. 6). While the Defendants dispute the characterization of the facts set forth by Boggs, their characterization does not change the fact that the Defendants are entitled to judgment as a matter of law because the claims against them are barred by the statute of limitations.

B. <u>Boggs' Claims Sound in Tort, not Contract, and are Barred by the Four Year Statute of Limitations</u>.

Boggs does not dispute that the statute of limitations bars any negligence claims it asserted against Geisler and Zimmer. In fact, Boggs concedes this point in its Response and indicates that a partial summary judgment may be appropriate. (Response, pp. 1, 4). Yet, in a half-hearted attempt to create a longer limitations period, Boggs argues that its claims against the Defendants sound in warranty rather than in tort (albeit without any legal authority). Boggs' position must be rejected in either event as its argument is both unpersuasive and legally unsound. *See Crowninshield/Old Town Community Urban Redevelopment Corp. v. Campeon Roofing and Waterproofing, Inc.*, 1996 WL 181374 (Ohio App. Apr. 17, 1996). In *Crowninshield*, the Court of Appeals of Ohio rejected claims identical to those asserted by Boggs regarding the "nature" of its claims against the Defendants. *Crowninshield* involved a plaintiff which asserted various claims against an architect, including negligence and breach of contractual warranty. The appellate court affirmed the trial court's grant of summary judgment in favor of the architect. The *Crowninshield* plaintiff, like Boggs, sought to apply the 15-year contractual limitations period in O.R.C. §2505.06, rather than the 4-year statute regarding professional negligence contained in O.R.C. §2503.09(D). The court concluded that the claims sounded in tort rather than contract, making applicable the 4-year limitations period and barring the claims as a matter of law. Specifically, the court rejected the applicability of the fifteen year statute because "there is a distinct difference between the implied warranties of workmanship charged against a builder-vendor and those flowing from the work performed by an engineer or architect." *See id*. at *3 (citations omitted).

The court reasoned that the performance of the duty owed by an architect or engineer is measured only by negligence standards of ordinary and reasonable skill of those in

3

the profession. *See id* at *4. In particular, the court found that the very nature of professional negligence claims, such as those asserted in the instant case, preclude treating them as breach of warranty claims for limitations purposes:

> the [professional's] undertaking, however, in the absence of a special agreement, does not imply or guarantee a perfect plan or satisfactory result, but he is liable only for failure to exercise reasonable care and skill.

*See id.* (citations omitted); *see also Meeker v. Shafranek*, 176 N.E.2d 293, 295 (Ohio App. 1960) (an action which arises out of a duty created by contract is a tort to which the 4-year statute of limitations applies). This reasoning applies perfectly to the instant case. Geisler and Zimmer can only be liable in tort because a breach of warranty claim cannot lie under Ohio law. The efforts of those, like Boggs, to extend the limitations period by couching negligence claims as warranty claims has been rejected by Ohio courts and should be rejected here. Moreover, the report which Geisler and Zimmer issued contained no special agreement creating a warranty; rather it specifically <u>excluded</u> all warranties and Geisler and Zimmer only agreed to perform their duties under the contract in a non-negligent manner. Particularly, the report stated:

> In performing our professional services, we have used that degree of care and skill ordinarily exercised under similar circumstances by members of the profession. This warranty is in lieu of all other warranties, expressed or implied.

*See* Assessment p. 11, attached as Exhibit 1 to the Defendants' Memorandum in Support of Summary Judgment.

There is no basis for asserting that the foregoing statement constitutes anything other than Geisler and Zimmer acknowledged they would perform their work in accordance with the standard of care required by law, and notably, Boggs does not cite to any authority otherwise. The claims asserted by Boggs sound in tort rather than contract. Because the claims asserted by Boggs are considered torts under Ohio law, the 4-year statute of limitations applies, making the claims time-barred and entitling the Defendants to judgment as a matter of law.

C.   The Doctrine of Relation Back is Inapplicable - the Claims are Time Barred.

Finally, Boggs contends that the doctrine of "relation back" contained in FRCP 15(c) makes its claims timely. This contention is misplaced. FRCP 15(c) permits an amended pleading to relate back to the date of the original pleading in certain instances. The rule, however, is "addressed, primarily, to amendments which attempt to change defendants, particularly when one party is mistakenly named instead of another." *Harris v. E. F. Hauserman Co.*, 575 F.Supp. 749, 752 (N.D. Ohio 1983). In *Harris*, the Court explained that "an amendment can relate back to the date of the original pleading if the party to be affected:"

> 1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and 2) knew or should have known that, but for a *mistake* concerning the identity of the property party, the action would have been brought against him.

*Id.* at 752-753. The cross-claim asserted by Boggs does not meet this stringent test. Boggs did not mistakenly sue another party, realize its mistake, and then seek to correct that mistake by bringing the action against Geisler and Zimmer. The fact that Geisler and Zimmer signed the report at issue has been <u>well known by all parties since November 8, 1999</u>. This is not a case of mistaken identity, but rather one where Boggs seeks to sue an additional party. An amendment which adds a new party creates a new cause of action and there is no relation back for purposes of the statute of limitations:

> [Relation back] will not apply to an amendment which substitutes or adds a new party or parties for those brought before the Court by the original pleadings, whether plaintiff or defendant. (citations omitted). Such an alteration constitutes a new cause of action, and if the amendment were allowed to relate back in that situation, the purpose of the Statute of Limitations would be defeated.

*Herm v. Stafford*, 455 F.Supp. 650, 654 (W.D. Ky. 1978) *aff'd in part, rev'd in part* by 663 F.2d 669 (6th Cir. 1981). Accordingly, the cross-claim does not relate back and is barred by the statute of limitations.

5

Boggs' argument that the Defendants "knew or should have known" about this litigation because they were employees of Rhodes, Inc. when it began, and thus are not prejudiced by the amendment is misplaced. First, the employment relationship between Rhodes, Inc. and the Defendants is not the type of relationship contemplated by the federal rules in permitting relation back when new parties are added. *See, e.g., Force v. City of Memphis*, 1996 WL 665609 *2 (6th Cir., Nov. 14, 1996). In *Force*, the court determined that the relationship between the newly-added parties/employees and the originally-named employer was insufficient to impute knowledge from the employer to the employee. *See id.*

Second, even if Boggs could justify imputing the knowledge of Rhodes, Inc. to Geisler and Zimmer, this is not enough. The law requires that Geisler and Zimmer: (1) know a mistake has been made in naming the wrong party as a defendant; and (2) but for that mistake, they would have been named. In this case, there has been no such mistake. There has never been any confusion over who signed the report. No wrong party has ever been sued in Geisler and Zimmer's place. This is a case of adding new parties. Rhodes, Inc. is not being dismissed as an incorrectly sued party. Instead, Geisler and Zimmer were added as additional defendants. The Plaintiffs and Boggs simply waited over four years to assert their claims against Geisler and Zimmer. As a result those claims are time-barred, and cannot be saved by the relation back doctrine.

Finally, the Defendants will be greatly prejudiced if these claims are allowed to relate back. To "diffuse" this prejudice, Boggs mischaracterizes letters from the undersigned regarding the Defendants' inability to participate in this litigation. In reality, the correspondence explains that the Defendants' are not able to participate meaningfully in this litigation because

6

they are defending this action with their own financial resources because Rhodes, Inc. has refused to defend them and the insurance company through which Rhodes, Inc. secured its malpractice insurance has gone bankrupt. The Defendants' financial status and former position with Rhodes, Inc. do not reduce the prejudice to them, but rather increases the possible harm of relating these claims back to the filing of the original complaint. Accordingly, the claims asserted against Geisler and Zimmer are untimely as a matter of law.

### **CONCLUSION**

The claims against Geisler and Zimmer are that they were professionally negligent when the Assessment they signed failed to disclose the presence of wetlands. The Assessment was issued on November 8, 1999, and all of the technical investigatory work was completed prior to this date. November 8, 1999 is the latest date upon which Geisler and Zimmer could have been negligent. Thus, under Ohio law, any cause of action against Geisler and Zimmer must have been commenced no later than November 8, 2003. The Second Amended Complaint was not filed until November 25, 2003 - more than two weeks after the statute had passed. Boggs' cross-claim was not asserted until December 23, 2003 - more than six weeks after the statute had passed. The claims against Geisler and Zimmer must be dismissed as a matter of law.

Accordingly, the Defendants, H. Jack Geisler and James M. Zimmer respectfully request that this Court grant judgment as a matter of law in their favor and dismiss all claims against them as barred by the statute of limitations.

Case 1:01-cv-00776-HJW    Document 102    Filed 05/05/2004    Page 8 of 9

Respectfully submitted,

/s/ W. Craig Robertson III
———————————————
W. Craig Robertson III
E. Christine Lewis
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, KY 40507-1746
859.233.2012 (main)
859.259.0649 (facsimile)

Gayle B. McGrath (0028390)
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, KY 40507-1746
859.233.2012 (main)
859.259.0649 (facsimile)

*Counsel for H. Jack Geisler and James M. Zimmer*

8

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following, by U.S. mail and by facsimile, on this the 4th day of May, 2004:

Thomas R. Schuck
Craig R. Paulus
Taft, Stettinius & Hollister
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3057

William P. Schroeder
11935 Mason Road, Suite 100
Cincinnati, OH 45249

E. David Marshall
271 West Short Street, Suite 111
Lexington, KY 40507

Bradford Sanders
9122 Montgomery Road, Suite 201
Montgomery, OH 45242

_____
*Counsel for James M. Zimmer and H. Jack Geisler*

30325792.1