FILED
JAMES BONINI
CLERK

2004 MAY 14 PM 1:30

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| SCOTT HUTCHINSON ENTERPRISES, INC., et al | ) CIVIL ACTION NO. C-1-01-776 |
| PLAINTIFFS | ) JUDGE WEBER |
| v. | ) |
| LARRY RHODES, INC., et al | ) APPEARING ON BEHALF OF: |
| | ) DEFENDANTS, JAMES M. ZIMMER AND |
| DEFENDANTS | ) H. JACK GEISLER |

### REPLY IN SUPPORT OF DEFENDANTS GEISLER AND ZIMMER'S MOTION FOR SUMMARY JUDGMENT

The Defendants, H. Jack Geisler ("Geisler") and James M. Zimmer ("Zimmer") (collectively the "Defendants"), by counsel, hereby tender this Reply in Support of their Motion for judgment as a matter of law and dismissal of all claims against them because they are barred by the statute of limitations.[1]  In support, Geisler and Zimmer state as follows:

### INTRODUCTION

The sum and substance of the claims asserted against Geisler and Zimmer allege that these individuals were professionally negligent when they issued their November 8, 1999 Assessment regarding the real property at issue in this litigation. The Plaintiffs purchased the real estate which is the subject matter of this litigation from the Defendant, H.T. Boggs, on December 6, 1999. Prior to this purchase, the Plaintiffs contracted with the Defendant, Rhodes, Inc. ("Rhodes"), whereby Rhodes would complete a Phase I Environmental Site Assessment (the

---

[1] This Reply will address solely the Response of the Plaintiffs. Geisler and Zimmer addressed the Response of H.T. Boggs by way of a separate Reply.

"Assessment") regarding the real estate.[2] The Assessment, which was issued to the Plaintiffs on November 8, 1999, involved a consideration of various environmental concerns, title reviews, and other similar matters related to the real estate site.

On November 8, 2001, the Plaintiffs filed a Complaint alleging that Rhodes negligently performed the Assessment by failing to identify the presence of wetlands on the real estate. Both the Plaintiffs and the co-defendant, H.T. Boggs claim that Zimmer and Geisler were negligent when the report failed to identify certain federally-protected lands.[3] The claims against Geisler and Zimmer individually were not commenced until the filing of a Second Amended Complaint on November 25, 2003 - more than fours year after the alleged negligence occurred. Thus, the Defendants filed a motion for summary judgment because the applicable statute of limitations contained in O.R.C. §2305.09(D) bars any such claims against them.

In their Response, the Plaintiffs make four arguments. First, the Plaintiffs allege that the catch-all 4-year statute of limitations in O.R.C. 2305.09(D) does not apply to claims of professional negligence. This is repudiated by several cases applying the statute to claims nearly identical to those alleged here. Second, Plaintiffs contend that their claim for professional negligence should be construed as a contract claim to which a 15-year statute of limitations applies. Ohio courts already have rejected this very proposition. Third, the Plaintiffs seek to apply the relation back doctrine so to avoid the statute of limitations bar. Again, Ohio courts

---

[2] At the time Geisler and Zimmer were employees of Rhodes.

[3] Geisler and Zimmer dispute any characterization by the Plaintiffs that the report issued on November 9, 1999 did not comply with Level One EPA standards. Level One EPA standards do not require the identification of wetlands, a fact of which the Plaintiffs were informed and of which they concede to being informed. (Response, p. 11). Regardless, any such dispute is irrelevant for purposes of this Motion which seeks dismissal of all claims - whether they have merit or not - as being untimely.

have made it clear that relation back does not apply in circumstances where a new party is added, as was the case here. Lastly, the Plaintiffs argue that the discovery rule applies to professional negligence claims under O.R.C. 2305.09(D) and that their claim did not accrue until the date of the closing on the real estate. This argument has also been soundly rejected by the courts of Ohio. Geisler and Zimmer are entitled to judgment as a matter of law because all claims asserted against them are barred by the statute of limitations.

## ARGUMENT

### O.R.C. §2503.09(D) Bars the Plaintiffs' Claims.

The Plaintiffs attempt to avoid the application of Ohio's four-year statute of limitations by: (1) arguing its inapplicability to professional negligence claims against engineers; and (2) attempting to recharacterize their professional negligence claim as a contract and/or warranty claim to which a longer limitations period may apply. (Response, p. 10). These contentions fail as being both unpersuasive and legally unsound.

First, the Court of Appeals of Ohio has specifically held O.R.C. § 2503.09(D) applicable to claims of professional negligence. *See, e.g., Chelsea Moore Dev. Corp. v. H.C. Nutting Co.*, 1985 Ohio App. LEXIS 8796 (Oct. 9, 1995) (engineers); *Portale v. Berkshire Condominium Owners Ass'n*, 1994 WL 568332 (Oct. 13, 1994) (architects); *Bell v. Holden Survey, Inc., et al*, 2000 WL 1506494 (Sept. 29, 2000) (surveyors). Second, the Plaintiffs' fallacious attempt to repackage its negligence claim has been rejected with equal certainty. *See Crowninshield/Old Town Community Urban Redevelopment Corp. v. Campeon Roofing and Waterproofing, Inc.*, 1996 WL 181374 (Ohio App. Apr. 17, 1996).

In *Crowninshield*, the Court of Appeals of Ohio rejected claims identical to those asserted by the Plaintiffs regarding the "nature" of the claims against the Defendants. *Crowninshield* involved a plaintiff which asserted various claims against an architect, including

3

negligence and breach of contractual warranty. The appellate court affirmed the trial court's grant of summary judgment in favor of the architect. The *Crowninshield* plaintiff, like the Plaintiffs in this case, sought to apply the 15-year contractual limitations period in O.R.C. §2505.06, rather than the 4-year statute regarding professional negligence contained in O.R.C. §2503.09(D). The court concluded that the claims sounded in tort rather than contract, making applicable the 4-year limitations period and barring the claims as a matter of law. Specifically, the court rejected the applicability of the fifteen year statute because "there is a distinct difference between the implied warranties of workmanship charged against a builder-vendor and those flowing from the work performed by an engineer or architect." *See id.* at *3 (citations omitted).

The court reasoned that the performance of the duty owed by an architect or engineer is measured only by negligence standards of ordinary and reasonable skill of those in the profession. *See id* at *4. In particular, the court found that the very nature of professional negligence claims, such as those asserted in the instant case, preclude treating them as contract or warranty claims for limitations purposes:

> the [professional's] undertaking, however, in the absence of a special agreement, does not imply or guarantee a perfect plan or satisfactory result, but he is liable only for failure to exercise reasonable care and skill.

*See id.* (citations omitted); *see also Meeker v. Shafranek*, 176 N.E.2d 293, 295 (Ohio App. 1960) (an action which arises out of a duty created by contract is a tort to which the 4-year statute of limitations applies). This reasoning applies perfectly to the instant case. Geisler and Zimmer can only be liable in tort because a contract claim cannot lie under Ohio law. The efforts of those, like the Plaintiffs, to extend the limitations period by couching negligence claims as contract or warranty claims has been rejected by Ohio courts and should be rejected here. Moreover, the report which Geisler and Zimmer issued contained no special agreement creating

4

a warranty; rather it specifically <u>excluded</u> all warranties and Geisler and Zimmer only agreed to perform their duties under the contract in a non-negligent manner. Particularly, the report stated:

> In performing our professional services, we have used that degree of care and skill ordinarily exercised under similar circumstances by members of the profession. This warranty is in lieu of all other warranties, expressed or implied.

*See* Assessment p. 11, attached as Exhibit 1 to the Defendants' Memorandum in Support of Summary Judgment.

There is no basis for asserting that the foregoing statement constitutes anything other than Geisler and Zimmer acknowledged they would perform their work in accordance with the standard of care required by law, and notably, the Plaintiffs do not cite to any authority otherwise. The claims asserted by the Plaintiffs sound in tort rather than contract. Because the claims asserted by the Plaintiffs are considered torts under Ohio law to which the 4-year statute of limitations specifically applies, they are time-barred and the Defendants are entitled to judgment as a matter of law.

### The Doctrine of Relation Back is Inapplicable - the Claims are Time Barred.

Next, the Plaintiffs contend that the doctrine of "relation back" contained in FRCP 15(c) makes their claims timely. This contention is misplaced. FRCP 15(c) permits an amended pleading to relate back to the date of the original pleading only in certain unique instances. The rule is "addressed, primarily, to amendments which attempt to change defendants, particularly when one party is mistakenly named instead of another." *Harris v. E. F. Hauserman Co.*, 575 F.Supp. 749, 752 (N.D. Ohio 1983). In *Harris*, the Court explained that "an amendment can relate back to the date of the original pleading if the party to be affected:"

> 1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and 2) knew or should have known that, but for a *mistake* concerning the identity of the property party, the action would have been brought against him.

5

*Id.* at 752-753.  The Second Amended Complaint filed by the Plaintiffs adding Geisler and Zimmer does not meet this stringent test.  The Plaintiffs did not mistakenly sue an improper party, realize the mistake, and then seek to correct that mistake by bringing the action against Geisler and Zimmer.  The Plaintiffs have known that Geisler and Zimmer signed the report at issue <u>since November 8, 1999</u>.  This is not a case of mistaken identity, but rather one where the Plaintiffs amended their Complaint to add an additional party.  An amendment which adds a new party creates a new cause of action and there is no relation back for purposes of the statute of limitations:

> [Relation back] will not apply to an amendment which substitutes or adds a new party or parties for those brought before the Court by the original pleadings, whether plaintiff or defendant. (citations omitted).  Such an alteration constitutes a new cause of action, and if the amendment were allowed to relate back in that situation, the purpose of the Statute of Limitations would be defeated.

*Herm v. Stafford*, 455 F.Supp. 650, 654 (W.D. Ky. 1978) *aff'd in part, rev'd in part* by 663 F.2d 669 (6th Cir. 1981).  The Plaintiffs were dilatory in bringing their cause of action against Geisler and Zimmer and cannot now seek the benefit of an inapplicable doctrine to correct that error.  Accordingly, the claim asserted in the Second Amended Complaint does not relate back and is barred by the statute of limitations.

The Plaintiffs' argument that the Defendants "knew or should have known" about this litigation - which is based on an alleged communication with the Defendants and the inflammatory conjecture of Larry Rhodes (a defendant) during his deposition - does not alter this analysis. (Response, pp. 11-12).  The law requires that Geisler and Zimmer know: (1) a mistake has been made in naming the wrong party as a defendant; and (2) but for that mistake, they would have been named.  In this case, there has been no such mistake.  There has never been any confusion over who signed the report.  No wrong party has ever been sued in Geisler and Zimmer's place.  This is a case of adding new parties.  Neither Larry Rhodes nor Rhodes, Inc.

were dismissed as an incorrectly sued party. Instead, Geisler and Zimmer were added as additional defendants. The Plaintiffs and Boggs simply waited over four years to assert their claims against Geisler and Zimmer. As a result those claims are time-barred, and cannot be saved by the relation back doctrine.

Lastly, the Defendants note that they will be greatly prejudiced if these claims are allowed to relate back. The Defendants' are not able to participate meaningfully in this litigation because they are defending this action with their own financial resources because Rhodes, Inc. has refused to defend them and the insurance company through which Rhodes, Inc. secured its malpractice insurance has gone bankrupt. The Defendants' financial status and former position with Rhodes, Inc. increases the potential harm of relating these claims back to the filing of the original complaint. Accordingly, the claims asserted against Geisler and Zimmer are untimely as a matter of law.

### The Discovery Rule is Inapplicable to the Claims.

Finally, the Plaintiffs contend that, even under O.R.C. §2503.09(D), the statute of limitations did not begin to run when the report was *issued*, but rather when the Plaintiffs *relied* upon it. This position is exactly that which the Defendants refuted in their Motion and that which has been rejected by the courts of Ohio. In Ohio, the statute of limitations begins to run on the date the report was issued. *See, e.g., James v. Partin*, 2002 Ohio App. LEXIS 2724 (Ohio App., May 28, 2002):

> appellants' claims of professional negligence commenced to run when the allegedly negligent surveys were completed, and not at the time appellants discovered the injury. Therefore, there are no genuine issues as to any material facts.
>
> Since any alleged injury occurred when the surveys were concluded, reasonable minds can come to but one conclusion. That conclusion is that appellants' claims of professional negligence against [the surveyors] are barred by the four-year statute of limitations under R.C. 2305.09(D).

7

*Id.* at \*12-13; *see also Investors REIT One v. Jacobs*, 546 N.E.2d 206, 209 (Ohio 1989); *Orshoski v. Krieger*, 2001 Ohio App. LEXIS 5018 (Nov. 9, 2001) (holding that discovery rule is inapplicable to negligence claims under ORC 2305.09(D)).

Likewise, the "delayed damages" position advocated by the Plaintiffs has been similarly rejected by Ohio's appellate courts. For example, in *Bell v. Holden Survey, Inc., et al*, 2000 WL 1506494 (Sept. 29, 2000), the appellate court held that professional negligence claims against surveyors were time-barred under O.R.C. §2305.09(D) because more than four years had passed since the survey was issued before the plaintiffs instituted their complaint. *See id.* at \*5. It was immaterial that the *Bell* plaintiffs, like the Plaintiffs in the instant case, claimed that they had not suffered damages until a land dispute arose over the incorrect survey. *See id.* at \*4. The court affirmed Ohio's rejection of the "delayed damages" or discovery rule advocated by the plaintiffs:

> the four-year statute of limitations in R.C. 2305.09(D) which governs professional negligence claims begins to run when the allegedly negligent act is committed. []. "By holding that the statute of limitations began to run 'when the allegedly negligent act was committed,' the [Ohio Supreme] court in [*Investors*] REIT One \*\*\* meant exactly that: the date upon which the tortfeasor committed the tort, in other words, when the act or omission constituted the alleged professional malpractice occurred.

*See id.* at \*5 (alteration in original) (alteration added).

Ohio jurisprudence specifically and unequivocally sets forth its position regarding the applicability of the discovery rule to claims of professional negligence against architects and engineers. Thus, the cases relied upon by the Plaintiffs have no application here. In fact, the majority of cases relied upon by the Plaintiffs involve claims against general contractors on a construction project, to which the courts have taken a different approach. *See Velotta v. Leo Petronzio Landscaping, Inc.*, 433 N.E.2d 147 (Ohio 1982) (action regarding negligent construction of home by builder); *Point East Condominium Owners' Ass'n v. Cedar House*

*Ass'n*, 663 N.E.2d 343 (Ohio App. 1995) (action against builder for negligent sprinkler installation). Likewise, the remaining cases cited by the Plaintiffs do not involve the same or even similar circumstances presented to this Court. *See Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298 (Ohio 1984) (claims arose under section (B) of O.R.C. 2305.09); *Wisecup v. Gulf Development*, 565 N.E.2d 865 (Ohio App. 1989) (fraud claims); *Fritz v. Bruner Cox, LLP*, 756 N.E.2d 740 (Ohio App. 2001) (accountants).

In the instant case, the Plaintiffs' contentions that the discovery or delayed damages rule should extend the limitations period must be rejected. Regardless of the closing date or the date upon which the Plaintiffs allege to have suffered damages as a result of Geisler and Zimmer's professional negligence, the claims are barred by the statute of limitations. The courts of Ohio repeatedly have upheld and reinforced this principle. Accordingly, the last date upon which any negligence could have been committed by the Defendants was November 8, 1999 - the date the report was issued. Since the claims were not commenced against Geisler and Zimmer until November 23, 2003, they are barred and must be dismissed as a matter of law.

## **CONCLUSION**

The claims against Geisler and Zimmer are that they were professionally negligent when the Assessment they signed failed to disclose the presence of wetlands. The Assessment was issued on November 8, 1999, and all of the technical investigatory work was completed prior to this date. November 8, 1999 is the latest date upon which Geisler and Zimmer could have been negligent. Thus, under Ohio law, any cause of action against Geisler and Zimmer <u>must</u> have been commenced no later than November 8, 2003. The Second Amended Complaint was not filed until November 25, 2003 - more than two weeks after the statute had passed. The claims against Geisler and Zimmer must be dismissed as a matter of law.

Accordingly, the Defendants, H. Jack Geisler and James M. Zimmer respectfully request that this Court grant judgment as a matter of law in their favor and dismiss all claims against them as barred by the statute of limitations.

Respectfully submitted,

_____
W. Craig Robertson III
E. Christine Lewis
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, KY 40507-1746
859.233.2012 (main)
859.259.0649 (facsimile)

Gayle B. McGrath (0028390)
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, KY 40507-1746
859.233.2012 (main)
859.259.0649 (facsimile)

*Counsel for H. Jack Geisler and James M. Zimmer*

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing has been served upon the following, by U.S. mail and by facsimile, on this the 13th day of May, 2004:

Thomas R. Schuck
Craig R. Paulus
Taft, Stettinius & Hollister
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3057

William P. Schroeder
11935 Mason Road, Suite 100
Cincinnati, OH 45249

E. David Marshall
271 West Short Street, Suite 111
Lexington, KY 40507

Bradford Sanders
9122 Montgomery Road, Suite 201
Cincinnati, OH 45242

*Counsel for James M. Zimmer and H. Jack Geisler*

30326604.1

11