Westlaw.

Not Reported in N.E.2d                                         Page 1
2000-Ohio-2576
**(Cite as: 2000 WL 1506494 (Ohio App. 7 Dist.))**

**H**
CHECK OHIO SUPREME COURT RULES FOR
REPORTING OF OPINIONS AND WEIGHT OF
LEGAL AUTHORITY.

Court of Appeals of Ohio, Seventh District, Carroll
County.

Rodney BELL, et al., Plaintiffs-Appellants,
v.
HOLDEN SURVEY, INC., et al.,
Defendants-Appellees.

No. 729.

Sept. 29, 2000.

Civil Appeal from Common Pleas, Court Case No.
21254.

Atty. Edward L. Gilbert, Akron, OH, for
plaintiffs-appellants.

Atty. Thomas P. McCue, Louisville, OH, for
defendant-appellee Holden Surveying, Inc.

DONOFRIO, COX and VUKOVICH, Judges.

OPINION

DONOFRIO.

*1 Judgment affirmed in part and reversed in part
and remanded.

Plaintiffs-appellants, Rodney and Deborah Bell,
appeal the decision of the Carroll County Court of
Common Pleas dismissing their causes of action for
fraud, negligence, malpractice, and in declaratory
judgment as to the location of certain real property
boundary lines.

Defendants-appellees, Leonard and Mildred
Jurkiewicz (Jurkiewiczs), owned a large plot of land
in Carroll County, Ohio. The land was bordered on
the southeast by land owned by Thomas Duffy
(Duffy). In May 1991, the Jurkiewiczs hired Holden
Surveying Inc. (Holden) to plat and subdivide the
land in order to sell individual lots.

The Jurkiewiczs conveyed by warranty deed one of
the parcels which bordered a portion of Duffy's
property to defendants-appellees, John and Ruth
Royer (Royers) in May 1991. The Jurkiewiczs also
conveyed by warranty deed other parcels which
bordered the Royers' parcel to defendants-appellees,
Terry and Myrna Lynch (Lynchs) and William and
Cynthia Ray (Rays).

The Royers subsequently conveyed their parcel by
warranty deed to the Bells in August 1993. In
September 1994, Duffy conveyed his land
bordering the Bells' property to the south to D.
Ladich (Ladich).

In preparation for the transfer of land from Duffy
to Ladich, a survey was conducted of the adjoining
lands which proved to be inconsistent with the
survey performed by Holden. The result was an
overlap of the Bell and Ladich parcels.

On July 19, 1995, Ladich filed a complaint (Case
No. 20918) naming as party defendants Holden and
the Bells. The complaint sought declaratory
judgment and an order quieting title of the overlap
in favor of Ladich and against the Bells. Ladich also
sought an order requiring Holden to replat the
adjoining land.

On August 17, 1995, Holden filed a motion seeking
dismissal of the Holdens as individual parties. The
court held a hearing on the motion on September
28, 1995. The Holdens appeared *pro se* and the
Bells did not appear at all.

In a judgment entry filed on October 6, 1995, the
trial court overruled the Holden motion. Also, the
court observed that an answer filed by Holden on
August 17, 1995, was a joint response by the

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in N.E.2d
2000-Ohio-2576
(Cite as: 2000 WL 1506494 (Ohio App. 7 Dist.))

Page 2

corporation and the Holdens individually, all under the signature of Virgil L. Holden *pro se* and as statutory agent. The court noted that the Holdens could defend their personal interests *pro se*, but that the Holden corporation could only proceed with counsel admitted to the practice of law in this state. Therefore, the court concluded that the Holden corporation was in default and that said default constituted an admission of the truth of the allegations in Ladich's complaint entitling him to the relief he requested.

Upon further review, the court observed that in their respective answers to Ladich's complaint, all of the named parties, including the Bells, admitted the truth of Ladich's complaint, specifically that the prior Holden survey was erroneous and incorrect causing an overlap of the Ladich and Bell tracts and resulting in defective deeds. Most importantly, the court found that all of the parties "concur[red]" that Ladich was entitled to the relief he requested. Accordingly, the court granted Ladich leave to file a Civ.R. 12(C) motion judgment on the pleadings.

*2 On October 31, 1995, the trial court issued a judgment on the pleadings quieting title of the overlap in Ladich's favor and ordering a corrective survey of all adjoining lands.

On January 8, 1996, a supplemental judgment entry was filed indicating that an agreement had been reached among the parties whereby Holden would obtain and transfer land from the Bells' property neighbor, Terry and Myrna Lynch (Lynchs), to the Bells in order to restore their parcel to its original size.

When the Lynchs subsequently declined to transfer any of their land, Holden filed a motion for relief from judgment based on impossibility of performance. The Bells, proceeding *pro se*, responded in opposition to this motion.

On October 3, 1996, the trial court filed an entry sustaining Holden's motion and vacating the January 8, 1996 supplemental entry.

On July 22, 1996, the Bells filed a motion for leave to plead and file an amended answer, cross-claim, and third-party complaint. The trial court denied the motion on the grounds that the case had been concluded on its merits by a final appealable order

and, therefore, lacked jurisdiction over the matter.

On July 30, 1996, the Bells filed a complaint (Case No. 21254) against Holden Survey, Inc. and Virgil and David Holden, individually, for fraud, negligence, and professional malpractice; against the Royers and John Doe insurance and title companies for breach of contract/warranty deed; and against the Jurkiewiczs, Lynchs, and Rays for a declaratory judgment ordering them to submit to new and proper boundary markings.

The Holdens filed a joint answer to the complaint on August 30, 1996. The remaining defendants filed answers to the complaint and each also asserted a cross-claim against Holden sounding in professional negligence/malpractice and seeking damages and indemnification if the Bells were successful in declaratory judgment ordering a redrawing of the boundary lines.

A pretrial conference was held on November 8, 1996, where it was decided to stay further proceedings pending Holden's completion of the corrective surveys as ordered in Case No. 20918.

On May 14, 1997, the Bells filed a motion for summary judgment against all defendants on the issue of declaratory leave and liability. On May 15, 1997, the Lynchs and the Rays filed a joint motion for judgment on the pleadings. The Bells filed a memorandum in opposition. Both motions were assigned for non-oral hearing.

On June 18, 1999, counsel for Holden filed a "notice of compliance" for Case No. 20918, demonstrating completion of the ordered corrective survey. The corrections affected not only the Bells' property but also that of the Rays', Lynchs', and Jurkiewiczs'.

On August 26, 1999, the trial court issued an opinion and judgment entry dismissing all of the Bells' claims. The court found that, based on the corrective survey conducted in Case No. 20918, the Bells' claims relating to the various boundary lines had been rendered moot. The court also found that the Bells' claims against Holden for professional negligence/malpractice, breach of contract, and negligent misrepresentation were barred because the applicable statute of limitations had expired. Further, the court found that any remaining claims

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in N.E.2d                                                                    Page 3
2000-Ohio-2576
(Cite as: 2000 WL 1506494 (Ohio App. 7 Dist.))

asserted by the Bells were barred under the doctrine of *res judicata*. This appeal followed.

**\*3** The Bells raise two assignments of error which will be addressed together. The Bells' first assignment of error states:
> "The lower court erred in dismissing Case No. 21254 *sua sponte* on the grounds of mootness and *res judicata*. (Error reflected at pp. 208, 209, Opinion and Judgment Entry of 8/26/99)."

The Bells' second assignment of error states:
> "The lower court erred in dismissing Case No. 21254 *sua sponte* on the grounds that the four-year statute of limitations had run against Holden. (Error reflected at p. 208, Opinion & Judgment Entry of 8/26/99)."

First, we will address the Bells' claims against the Jurkiewiczs, Lynchs, and Rays for a declaratory judgment ordering them to submit to new and proper boundary markings. The trial court found that the Bells' claims regarding the drawing of the boundary lines was moot. The Bells argue that the boundary dispute is not moot at all because the corrective survey did nothing to correct their situation.

In *Central Motors Corp. v. City of Pepper Pike* (1983), 9 Ohio App.3d 18, 19, the court held:
> "Moot cases are dismissed because they no longer present a justiciable controversy. The requested relief has been obtained, it serves no further purpose, it is no longer within the court's power, or it is not disputed."

In this case, the Bells' claims regarding the drawing of the boundary lines are moot by virtue of Case No. 20918. On June 18, 1999, in Case No. 20918, counsel for Holden filed a "notice of compliance" indicating that the supplemental and corrective survey work had been completed and approved by the court appointed surveyor. The Bells have lodged no objection to the corrective survey work nor have they appealed any orders in that case.

Next, we turn to the Bells' claims against Holden Survey, Inc. and Virgil and David Holden, individually, for fraud, negligence, and professional malpractice. The trial court ruled that these claims were barred by the statute of limitations and *res judicata*.

R.C. 2305.09 provides a general limitations period of four years for tort actions not specifically covered by other sections of the Ohio Revised Code. That section states:
> "An action for any of the following causes shall be brought within four years after the cause thereof accrued:
> "(A) For trespassing upon real property;
> "(B) For the recovery of personal property, or for taking or detaining it;
> "(C) For relief on the ground of fraud;
> "(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12 2305.14 and 1304.35 of the Revised Code.
> "If the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered."

General tort claims, including those for negligence, are governed by R.C. 2305.09(D). Likewise, general claims of professional negligence/malpractice not covered by R.C. 2305.10 or 2305.11 are also governed by the four-year limitations period in R.C. 2305.09. R.C. 2305.10 pertains to actions involving bodily injury or injury to personal property. R.C. 2305.11 pertains to certain professional malpractice claims.

**\*4** In *Investors REIT One v. Jacobs* (1989), 46 Ohio St.3d 176, 179-180, the Ohio Supreme Court observed:
> "Ohio courts have consistently interpreted R.C. 2305.11(A) restrictively and have refused to extend the statute to include professional malpractice claims which are neither considered specifically by the terms of the statute nor traditionally included under the common-law definition of 'malpractice.' See, *e.g., Hocking Conservancy Dist. v. Dodson-Lindblom Assoc.* (1980), 62 Ohio St.2d 195, 16 O.O.3d 217, 404 N.E.2d 164 (professional engineer); see, also, *Lombard v. Medical Center* (1982), 69 Ohio St.2d 471, 23 O.O.3d 410, 433 N.E.2d 162 (nurses and laboratory technicians); *Neilsen v. Barberton Citizens Hospital* (1982), 4 Ohio App.3d 18, 4 OBR 39, 446 N.E.2d 209 (nurse); *Reese v. K-Mart Corp.* (1981), 3 Ohio App.3d 123, 3 OBR 140, 443 N.E.2d 1391 (pharmacist)." (Footnote omitted.)

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in N.E.2d                                                                Page 4
2000-Ohio-2576
(Cite as: 2000 WL 1506494 (Ohio App. 7 Dist.))

Surveyors are neither included specifically by the terms of R.C. 2305.11 nor are they considered professionals subject to malpractice claims at common law. Therefore, R.C. 2305.11 does not govern claims brought against surveyors for alleged professional misconduct.

The two-year statute of limitations contained in R.C. 2305.10 has not been extended to include general negligence claims. *Id.* at 180. Therefore, R.C. 2305.10 is not applicable to claims of negligence against surveyors.

We find that claims of surveyor negligence are governed by the four-year statute of limitations for general negligence claims found in R.C. 2305.09(D) , not by the two-year period for bodily injury or injury to personal property set forth in R.C. 2305.10 , or by the one-year limitations period for professional malpractice claims in R .C. 2305.11(A).

Although the Bells did not initiate this action until well over four years after Holden allegedly performed the incorrect survey, the Bells argue that actual damage did not ensue until July 1995 when Ladich sued the Bells over land put in dispute only once Ladich resurveyed in preparation for buying his parcel. In essence, the Bells are asking this court to apply the discovery rule, or what has been alternatively termed a "delayed damages" rule or "delayed occurrence of damages" rule.

"The 'discovery rule' generally provides that a cause of action accrues for purposes of the governing statute of limitations at the time when the plaintiff discovers or, in the exercise of reasonable care, should have discovered the complained of injury." *Investors REIT One,* 46 Ohio St.3d at 179. However, the court also observed:

    "The discovery rules adopted by this court and by the General Assembly for bodily injury claims brought under R.C. 2305.10, and the discovery rules determined in [*Oliver v. Kaiser Community Health Found.* (1983), 5 Ohio St.3d 111] and [ *Skidmore & Hall v. Rottman* (1983), 5 Ohio St.2d 210] for medical and attorney malpractice claims arising under R.C. 2305.11(A), are not available to negligence claims brought under R.C. 2305.09(D). However, R.C. 2305.09(D) expressly includes its own limited discovery rule:
    *5 " 'If the action is for trespassing under ground or injury to mines, or for the wrongful taking of

personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered.'
    "While expressly providing a discovery rule for certain actions arising under R.C. 2305.09, no such rule was extended to general negligence claims. The General Assembly's failure to include general negligence claims under the discovery rule set out in R.C. 2305.09 argues strongly that it was not the legislature's intent to apply the discovery rule to such claims. See *Kirsheman v. Paulin* (1951), 155 Ohio St. 137, 146, 44 O.O. 134, 139, 98 N.E.2d 26, 31 (explaining the statutory significance of the Latin phrase, *expressio unius est exclusio alterius* ). The legislature's express inclusion of a discovery rule for certain torts arising under R.C. 2305.09, including fraud and conversion, implies the exclusion of other torts arising under the statute, including negligence. See *id.*" *Id.* at 181.
Subsequently, the court has reevaluated and reaffirmed its holding in *Investors REIT One. Grant Thornton v. Windsor House, Inc.* (1991), 57 Ohio St.3d 158, 160, certiorari denied (1991), 502 U.S. 822. Thus, the Bells' argument that the trial court should have applied the discovery rule to their case is not persuasive.

Additionally, the "delayed damages" rule or "delayed occurrence of damages" rule has been rejected by a number of courts. *Fronczak v. Arthur Andersen, L.L.P.* (1997), 124 Ohio App.3d 240, 243-245, discretionary appeal not allowed (1998), 81 Ohio St.3d 1502; *Hater v. Gradison Div. of McDonald & Co. Securities, Inc.* (1995), 101 Ohio App.3d 99, 110, 655 N.E.2d 189, 196, discretionary appeal not allowed (1995), 72 Ohio St.3d 1539; *Riedel v. Houser* (1992), 79 Ohio App.3d 546, 549. Thus, the Bells' argument that the trial court should have applied the delayed occurrence of damages rule to their case is equally unpersuasive.

In *Investors REIT One,* the Ohio Supreme Court explicitly stated that the four-year statute of limitations in R.C. 2305.09(D) which governs professional negligence claims begins to run when the alleged negligent act is committed. *Investors REIT One,* 46 Ohio St.3d at 182. "By holding that the statue of limitations began to run 'when the allegedly negligent act was committed,' the court in [ *Investors* ] *REIT One * * * meant exactly that: the date upon which the tortfeasor committed the tort,

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in N.E.2d                                                                    Page 5
2000-Ohio-2576
(Cite as: 2000 WL 1506494 (Ohio App. 7 Dist.))

in other words, when the act or omission constituting the alleged professional malpractice occurred." *Hater,* 101 Ohio App.3d at 110.

Applying the aforementioned precedent to the case at hand, it follows that the Bells' causes of action for professional negligence/malpractice commenced no later than May 1991, when Holden allegedly performed the incorrect survey. Since the Bells did not file these causes of action until July 1996, well after the four-year statute of limitations expired, those causes of action are accordingly barred.

**\*6** However, the discovery rule set forth in R.C. 2305.09(D) is applicable to the Bells' cause of action against Holden for fraud. Since the incorrectness of the 1991 Holden survey was not discovered until 1995, that cause of action is not barred by the statute of limitations and the trial court erred in so ruling.

The trial court also found that the Bells' claims against Holden were barred under the doctrine of *res judicata.* The court's finding in this regard is problematic in several respects.

First, it must be noted that *res judicata* is an affirmative defense under Civ.R. 8(C) and, thus, cannot be the basis of a Civ.R. 12 motion on the pleadings. Being an affirmative defense, it necessarily involves information not required to be alleged in the pleadings and, therefore, could not be determined by looking only at the pleadings, as is required of a Civ.R. 12 motion. The defense should be raised initially by answer (Civ.R.8[C] ) and then by summary judgment motion. See *Indep. Ins. Agents of Ohio, Inc. v. Duryee* (1994), 95 Ohio App.3d 7, 11; *Nelson v. Pleasant* (1991), 73 Ohio App.3d 479, 482; *Toledo v. Thomas* (1989), 60 Ohio App.3d 42; *Johnson v. Linder* (1984), 14 Ohio App.3d 412.

In this case, Holden never filed a motion for judgment on the pleadings or summary judgment, let alone on the grounds of *res judicata.* Consequently, the Bells were never provided the opportunity to brief or argue that issue.

Despite the inappropriate procedural handling of the issue, the trial court's application of the doctrine was nevertheless improper in this case. The doctrine of *res judicata* involves both claim preclusion

(historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel). *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 381. The present case involves the claim preclusive aspect of *res judicata.* The rule as traditionally stated was that "A final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction * * * is a complete bar to any subsequent action between the parties or those in privity with them." *Norwood v. McDonald* (1943), 142 Ohio St. 299, paragraph one of the syllabus. This rule was subsequently expanded, however, to encompass not only identical causes of action but, "all claims which were or might have been litigated in a first lawsuit." *Grava* at 382. (Emphasis *sic.*)

The exact import of the phrase "claims which * * * might have been litigated" (sometimes written as "could" or "should" have been litigated) has not always been clear. The Supreme Court of Ohio touched on this issue in *Grava.* The court, adopting the doctrine of *res judicata* as stated in 1 Restatement of Laws 2d, Judgments, Sections 24 and 25, ultimately held, "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava,* syllabus.

**\*7** However, as the Sixth District Court of Appeals observed in *Holzemer v. Urbanski* (May 15, 1998), Lucas App. No. L-97-1257, 1998 WL 259939 at \*3 [FN1]:

> FN1. Affirmed on similar grounds in *Holzemer v. Urbanski* (1999), 86 Ohio St.3d 129.

"[I]n *Grava* and in sections 24 and 25 of the Restatement, the only type of claim preclusion under discussion was whether a plaintiff was barred from pursuing litigation based upon a claim arising out of a transaction which was the subject of a previously adjudicated matter. *Grava* provides little guidance to us in the application of the doctrine to a defendant's potential claim." (Footnote omitted.).

Furthermore, "[d]espite the scope of preclusion created by *res judicata,* Ohio and other courts have

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in N.E.2d                                                                    Page 6
2000-Ohio-2576
(Cite as: 2000 WL 1506494 (Ohio App. 7 Dist.))

recognized exceptions, particularly in the context of cross-claims that were not raised in previous actions. The plain language of Ohio's cross-claim rule reveals that claims against co-parties are permissive." *Harco Nat. Ins. Co. v. Smith* (Dec. 3, 1997), Wayne App. No. 97CA0023, 1997 WL 772841 at *2. Specifically, Civ.R. 13(G) states:

"A pleading *may* state as a cross-claim any claim by one party against a co- party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim *may* include a claim that the party against whom it is asserted is or *may* be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." (Emphasis added.)

In *Bargar v. Vari Systems, Inc.* (Sept. 17, 1981), Cuyahoga App. No. 42369, unreported, 1981 WL 4522 at *2, the Eighth District Court of Appeals held:

"This language of Rule 13(G) is not mandatory, but permissive. So, although [a party] may or may not assert a cross-claim at its option, it is not under a compulsion to do so. Since a cross-claim is always permissive, a failure to file a cross-claim does not result in waiver of the claim. *Augustin v. Mughar* (8th Cir.1975), 521 F.2d 1215.

" * * * Since [plaintiff's] claim was not a compulsory counterclaim but a permissive cross-claim, the trial court erred in barring [plaintiff's] charge against [defendant] * * *." See, also, *Harco Nat. Ins. Co.*, 1997 WL 772841 at *2.

The Bells and Holden were co-defendants in Case No. 20918. If the Bells had elected to sue Holden for fraud, that claim clearly would have been in the nature of a permissive cross-claim. Even if the doctrine of *res judicata* were applicable to the Bells' fraud claim, we have held before that the "doctrine should be qualified or rejected when its application would contravene an overriding public policy or result in manifest injustice." *Westward Auto, Inc. v. Ohio Motor Vehicle Salvage Dealers Licensing Bd.* (Jan. 18, 2000), Columbiana App. No. 98-CO-69, unreported, 2000 WL 126672 at *8, citing *Jacobs v. Teledyne, Inc.* (1988), 39 Ohio St.3d 168, 171. See, also, *Estate of Wagner v. Heavlin* (Feb. 14, 2000),

Carroll App. No. 704, unreported, 2000 WL 179646. Given the fact that Holden did not acquire the land to restore the Bells' property to its original size as agreed, disallowing the Bells to pursue their fraud claim against Holden would clearly result in manifest injustice.

*8 Accordingly, the Bells' assignments of error are sustained in part and overruled in part.

Wherefore, the judgment of the trial court is hereby affirmed in part and reversed in part. The judgment of the trial court is affirmed to the extent that the Bells' causes of action for the Jurkiewiczs, Lynchs, and Rays for declaratory judgment requesting them to submit to new and proper boundary markings are barred under the doctrine of mootness, and that the Bells' causes of action against Holden for professional negligence/malpractice are barred by the statute of limitations. The judgment of the trial court is reversed to the extent that it dismissed the Bells' claim against Holden for fraud based on an expiration of the statute of limitations and, alternatively, the doctrine of *res judicata*, and this cause is remanded for further proceedings accordingly to law and consistent with this court's opinion.

COX and VUKOVICH, JJ., concurs.

2000 WL 1506494 (Ohio App. 7 Dist.), 2000-Ohio-2576

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

**Westlaw Attached Printing Summary Report for LEWIS,CHRISTINE 4138110**

| | |
|---|---|
| Your Search: | TI(BELL & HOLDEN) |
| Date/Time of Request: | Thursday, May 13, 2004 08:04:00 Central |
| Client Identifier: | 000961-105311-ECL |
| Database: | OH-CS |
| Citation Text: | Not Reported in N.E.2d |
| Lines: | 391 |
| Documents: | 1 |
| Images: | 0 |

(C) 2004. Copyright is not claimed as to any part of the original work prepared by a U.S. government officer or employee as part of that person's official duties. All rights reserved. No part of a Westlaw transmission may be copied, downloaded, stored in a retrieval system, further transmitted or otherwise reproduced, stored, disseminated, transferred or used, in any form or by any means, except as permitted in the Westlaw Subscriber Agreement, the Additional Terms Governing Internet Access to Westlaw or by West's prior written agreement. Each reproduction of any part of a Westlaw transmission must contain notice of West's copyright as follows: "Copr. (C) 2004 West, a Thomson business. No claim to orig. U.S. govt. works."Registered in U.S. Patent and Trademark Office and used herein under license: KeyCite, Westlaw and WIN. WIN Natural Language is protected by U.S. Patent Nos. 5,265,065, 5,418,948 and 5,488,725.

**Westlaw.**

Not Reported in N.E.2d
2000-Ohio-2576
(Cite as: 2000 WL 1506494 (Ohio App. 7 Dist.))

**H**

CHECK OHIO SUPREME COURT RULES FOR REPORTING OF OPINIONS AND WEIGHT OF LEGAL AUTHORITY.

Court of Appeals of Ohio, Seventh District, Carroll County.

Rodney **BELL**, et al., Plaintiffs-Appellants,
v.
**HOLDEN** SURVEY, INC., et al.,
Defendants-Appellees.

No. 729.

Sept. 29, 2000.

Civil Appeal from Common Pleas, Court Case No. 21254.

Atty. Edward L. Gilbert, Akron, OH, for plaintiffs-appellants.

Atty. Thomas P. McCue, Louisville, OH, for defendant-appellee Holden Surveying, Inc.

DONOFRIO, COX and VUKOVICH, Judges.

OPINION

DONOFRIO.

**\*1** Judgment affirmed in part and reversed in part and remanded.

Plaintiffs-appellants, Rodney and Deborah Bell, appeal the decision of the Carroll County Court of Common Pleas dismissing their causes of action for fraud, negligence, malpractice, and in declaratory judgment as to the location of certain real property boundary lines.

Defendants-appellees, Leonard and Mildred Jurkiewicz (Jurkiewiczs), owned a large plot of land in Carroll County, Ohio. The land was bordered on the southeast by land owned by Thomas Duffy (Duffy). In May 1991, the Jurkiewiczs hired Holden Surveying Inc. (Holden) to plat and subdivide the land in order to sell individual lots.

The Jurkiewiczs conveyed by warranty deed one of the parcels which bordered a portion of Duffy's property to defendants-appellees, John and Ruth Royer (Royers) in May 1991. The Jurkiewiczs also conveyed by warranty deed other parcels which bordered the Royers' parcel to defendants-appellees, Terry and Myrna Lynch (Lynchs) and William and Cynthia Ray (Rays).

The Royers subsequently conveyed their parcel by warranty deed to the Bells in August 1993. In September 1994, Duffy conveyed his land bordering the Bells' property to the south to D. Ladich (Ladich).

In preparation for the transfer of land from Duffy to Ladich, a survey was conducted of the adjoining lands which proved to be inconsistent with the survey performed by Holden. The result was an overlap of the Bell and Ladich parcels.

On July 19, 1995, Ladich filed a complaint (Case No. 20918) naming as party defendants Holden and the Bells. The complaint sought declaratory judgment and an order quieting title of the overlap in favor of Ladich and against the Bells. Ladich also sought an order requiring Holden to replat the adjoining land.

On August 17, 1995, Holden filed a motion seeking dismissal of the Holdens as individual parties. The court held a hearing on the motion on September 28, 1995. The Holdens appeared *pro se* and the Bells did not appear at all.

In a judgment entry filed on October 6, 1995, the trial court overruled the Holden motion. Also, the court observed that an answer filed by Holden on August 17, 1995, was a joint response by the

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in N.E.2d
2000-Ohio-2576
(Cite as: 2000 WL 1506494 (Ohio App. 7 Dist.))

corporation and the Holdens individually, all under the signature of Virgil L. Holden *pro se* and as statutory agent. The court noted that the Holdens could defend their personal interests *pro se*, but that the Holden corporation could only proceed with counsel admitted to the practice of law in this state. Therefore, the court concluded that the Holden corporation was in default and that said default constituted an admission of the truth of the allegations in Ladich's complaint entitling him to the relief he requested.

Upon further review, the court observed that in their respective answers to Ladich's complaint, all of the named parties, including the Bells, admitted the truth of Ladich's complaint, specifically that the prior Holden survey was erroneous and incorrect causing an overlap of the Ladich and Bell tracts and resulting in defective deeds. Most importantly, the court found that all of the parties "concur[red]" that Ladich was entitled to the relief he requested. Accordingly, the court granted Ladich leave to file a Civ.R. 12(C) motion judgment on the pleadings.

*2 On October 31, 1995, the trial court issued a judgment on the pleadings quieting title of the overlap in Ladich's favor and ordering a corrective survey of all adjoining lands.

On January 8, 1996, a supplemental judgment entry was filed indicating that an agreement had been reached among the parties whereby Holden would obtain and transfer land from the Bells' property neighbor, Terry and Myrna Lynch (Lynchs), to the Bells in order to restore their parcel to its original size.

When the Lynchs subsequently declined to transfer any of their land, Holden filed a motion for relief from judgment based on impossibility of performance. The Bells, proceeding *pro se*, responded in opposition to this motion.

On October 3, 1996, the trial court filed an entry sustaining Holden's motion and vacating the January 8, 1996 supplemental entry.

On July 22, 1996, the Bells filed a motion for leave to plead and file an amended answer, cross-claim, and third-party complaint. The trial court denied the motion on the grounds that the case had been concluded on its merits by a final appealable order

and, therefore, lacked jurisdiction over the matter.

On July 30, 1996, the Bells filed a complaint (Case No. 21254) against Holden Survey, Inc. and Virgil and David Holden, individually, for fraud, negligence, and professional malpractice; against the Royers and John Doe insurance and title companies for breach of contract/warranty deed; and against the Jurkiewiczs, Lynchs, and Rays for a declaratory judgment ordering them to submit to new and proper boundary markings.

The Holdens filed a joint answer to the complaint on August 30, 1996. The remaining defendants filed answers to the complaint and each also asserted a cross-claim against Holden sounding in professional negligence/malpractice and seeking damages and indemnification if the Bells were successful in declaratory judgment ordering a redrawing of the boundary lines.

A pretrial conference was held on November 8, 1996, where it was decided to stay further proceedings pending Holden's completion of the corrective surveys as ordered in Case No. 20918.

On May 14, 1997, the Bells filed a motion for summary judgment against all defendants on the issue of declaratory leave and liability. On May 15, 1997, the Lynchs and the Rays filed a joint motion for judgment on the pleadings. The Bells filed a memorandum in opposition. Both motions were assigned for non-oral hearing.

On June 18, 1999, counsel for Holden filed a "notice of compliance" for Case No. 20918, demonstrating completion of the ordered corrective survey. The corrections affected not only the Bells' property but also that of the Rays', Lynchs', and Jurkiewiczs'.

On August 26, 1999, the trial court issued an opinion and judgment entry dismissing all of the Bells' claims. The court found that, based on the corrective survey conducted in Case No. 20918, the Bells' claims relating to the various boundary lines had been rendered moot. The court also found that the Bells' claims against Holden for professional negligence/malpractice, breach of contract, and negligent misrepresentation were barred because the applicable statute of limitations had expired. Further, the court found that any remaining claims

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in N.E.2d
2000-Ohio-2576
(Cite as: 2000 WL 1506494 (Ohio App. 7 Dist.))

asserted by the Bells were barred under the doctrine of *res judicata*. This appeal followed.

*3 The Bells raise two assignments of error which will be addressed together. The Bells' first assignment of error states:

"The lower court erred in dismissing Case No. 21254 *sua sponte* on the grounds of mootness and *res judicata*. (Error reflected at pp. 208, 209, Opinion and Judgment Entry of 8/26/99)."

The Bells' second assignment of error states:

"The lower court erred in dismissing Case No. 21254 *sua sponte* on the grounds that the four-year statute of limitations had run against Holden. (Error reflected at p. 208, Opinion & Judgment Entry of 8/26/99)."

First, we will address the Bells' claims against the Jurkiewiczs, Lynchs, and Rays for a declaratory judgment ordering them to submit to new and proper boundary markings. The trial court found that the Bells' claims regarding the drawing of the boundary lines was moot. The Bells argue that the boundary dispute is not moot at all because the corrective survey did nothing to correct their situation.

In *Central Motors Corp. v. City of Pepper Pike* (1983), 9 Ohio App.3d 18, 19, the court held:

"Moot cases are dismissed because they no longer present a justiciable controversy. The requested relief has been obtained, it serves no further purpose, it is no longer within the court's power, or it is not disputed."

In this case, the Bells' claims regarding the drawing of the boundary lines are moot by virtue of Case No. 20918. On June 18, 1999, in Case No. 20918, counsel for Holden filed a "notice of compliance" indicating that the supplemental and corrective survey work had been completed and approved by the court appointed surveyor. The Bells have lodged no objection to the corrective survey work nor have they appealed any orders in that case.

Next, we turn to the Bells' claims against Holden Survey, Inc. and Virgil and David Holden, individually, for fraud, negligence, and professional malpractice. The trial court ruled that these claims were barred by the statute of limitations and *res judicata*.

R.C. 2305.09 provides a general limitations period of four years for tort actions not specifically covered by other sections of the Ohio Revised Code. That section states:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

"(A) For trespassing upon real property;

"(B) For the recovery of personal property, or for taking or detaining it;

"(C) For relief on the ground of fraud;

"(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12 2305.14 and 1304.35 of the Revised Code.

"If the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered."

General tort claims, including those for negligence, are governed by R.C. 2305.09(D). Likewise, general claims of professional negligence/malpractice not covered by R.C. 2305.10 or 2305.11 are also governed by the four-year limitations period in R.C. 2305.09. R.C. 2305.10 pertains to actions involving bodily injury or injury to personal property. R.C. 2305.11 pertains to certain professional malpractice claims.

*4 In *Investors REIT One v. Jacobs* (1989), 46 Ohio St.3d 176, 179-180, the Ohio Supreme Court observed:

"Ohio courts have consistently interpreted R.C. 2305.11(A) restrictively and have refused to extend the statute to include professional malpractice claims which are neither considered specifically by the terms of the statute nor traditionally included under the common-law definition of 'malpractice.' See, *e.g., Hocking Conservancy Dist. v. Dodson-Lindblom Assoc.* (1980), 62 Ohio St.2d 195, 16 O.O.3d 217, 404 N.E.2d 164 (professional engineer); see, also, *Lombard v. Medical Center* (1982), 69 Ohio St.2d 471, 23 O.O.3d 410, 433 N.E.2d 162 (nurses and laboratory technicians); *Neilsen v. Barberton Citizens Hospital* (1982), 4 Ohio App.3d 18, 4 OBR 39, 446 N.E.2d 209 (nurse); *Reese v. K-Mart Corp.* (1981), 3 Ohio App.3d 123, 3 OBR 140, 443 N.E.2d 1391 (pharmacist)." (Footnote omitted.)

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in N.E.2d
2000-Ohio-2576
(Cite as: 2000 WL 1506494 (Ohio App. 7 Dist.))

in other words, when the act or omission constituting the alleged professional malpractice occurred." *Hater,* 101 Ohio App.3d at 110.

Applying the aforementioned precedent to the case at hand, it follows that the Bells' causes of action for professional negligence/malpractice commenced no later than May 1991, when Holden allegedly performed the incorrect survey. Since the Bells did not file these causes of action until July 1996, well after the four-year statute of limitations expired, those causes of action are accordingly barred.

*6 However, the discovery rule set forth in R.C. 2305.09(D) is applicable to the Bells' cause of action against Holden for fraud. Since the incorrectness of the 1991 Holden survey was not discovered until 1995, that cause of action is not barred by the statute of limitations and the trial court erred in so ruling.

The trial court also found that the Bells' claims against Holden were barred under the doctrine of *res judicata.* The court's finding in this regard is problematic in several respects.

First, it must be noted that *res judicata* is an affirmative defense under Civ.R. 8(C) and, thus, cannot be the basis of a Civ.R. 12 motion on the pleadings. Being an affirmative defense, it necessarily involves information not required to be alleged in the pleadings and, therefore, could not be determined by looking only at the pleadings, as is required of a Civ.R. 12 motion. The defense should be raised initially by answer (Civ.R.8[C] ) and then by summary judgment motion. See *Indep. Ins. Agents of Ohio, Inc. v. Duryee* (1994), 95 Ohio App.3d 7, 11; *Nelson v. Pleasant* (1991), 73 Ohio App.3d 479, 482; *Toledo v. Thomas* (1989), 60 Ohio App.3d 42; *Johnson v. Linder* (1984), 14 Ohio App.3d 412.

In this case, Holden never filed a motion for judgment on the pleadings or summary judgment, let alone on the grounds of *res judicata.* Consequently, the Bells were never provided the opportunity to brief or argue that issue.

Despite the inappropriate procedural handling of the issue, the trial court's application of the doctrine was nevertheless improper in this case. The doctrine of *res judicata* involves both claim preclusion

(historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel). *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 381. The present case involves the claim preclusive aspect of *res judicata.* The rule as traditionally stated was that "A final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction * * * is a complete bar to any subsequent action between the parties or those in privity with them." *Norwood v. McDonald* (1943), 142 Ohio St. 299, paragraph one of the syllabus. This rule was subsequently expanded, however, to encompass not only identical causes of action but, "all claims which were or might have been litigated in a first lawsuit." *Grava* at 382. (Emphasis *sic.*)

The exact import of the phrase "claims which * * * might have been litigated" (sometimes written as "could" or "should" have been litigated) has not always been clear. The Supreme Court of Ohio touched on this issue in *Grava.* The court, adopting the doctrine of *res judicata* as stated in 1 Restatement of Laws 2d, Judgments, Sections 24 and 25, ultimately held, "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava,* syllabus.

*7 However, as the Sixth District Court of Appeals observed in *Holzemer v. Urbanski* (May 15, 1998), Lucas App. No. L-97-1257, 1998 WL 259939 at *3 [FN1]:

> FN1. Affirmed on similar grounds in *Holzemer v. Urbanski* (1999), 86 Ohio St.3d 129.

"[I]n *Grava* and in sections 24 and 25 of the Restatement, the only type of claim preclusion under discussion was whether a plaintiff was barred from pursuing litigation based upon a claim arising out of a transaction which was the subject of a previously adjudicated matter. *Grava* provides little guidance to us in the application of the doctrine to a defendant's potential claim." (Footnote omitted.).

Furthermore, "[d]espite the scope of preclusion created by *res judicata,* Ohio and other courts have

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in N.E.2d
2000-Ohio-2576
(Cite as: 2000 WL 1506494 (Ohio App. 7 Dist.))

recognized exceptions, particularly in the context of cross-claims that were not raised in previous actions. The plain language of Ohio's cross-claim rule reveals that claims against co-parties are permissive." *Harco Nat. Ins. Co. v. Smith* (Dec. 3, 1997), Wayne App. No. 97CA0023, 1997 WL 772841 at *2. Specifically, Civ.R. 13(G) states:

"A pleading *may* state as a cross-claim any claim by one party against a co- party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim *may* include a claim that the party against whom it is asserted is or *may* be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." (Emphasis added.)

In *Bargar v. Vari Systems, Inc.* (Sept. 17, 1981), Cuyahoga App. No. 42369, unreported, 1981 WL 4522 at *2, the Eighth District Court of Appeals held:

"This language of Rule 13(G) is not mandatory, but permissive. So, although [a party] may or may not assert a cross-claim at its option, it is not under a compulsion to do so. Since a cross-claim is always permissive, a failure to file a cross-claim does not result in waiver of the claim. *Augustin v. Mughar* (8th Cir.1975), 521 F.2d 1215.
" * * * Since [plaintiff's] claim was not a compulsory counterclaim but a permissive cross-claim, the trial court erred in barring [plaintiff's] charge against [defendant] * * *."
See, also, *Harco Nat. Ins. Co.*, 1997 WL 772841 at *2.

The Bells and Holden were co-defendants in Case No. 20918. If the Bells had elected to sue Holden for fraud, that claim clearly would have been in the nature of a permissive cross-claim. Even if the doctrine of *res judicata* were applicable to the Bells' fraud claim, we have held before that the "doctrine should be qualified or rejected when its application would contravene an overriding public policy or result in manifest injustice." *Westward Auto, Inc. v. Ohio Motor Vehicle Salvage Dealers Licensing Bd.* (Jan. 18, 2000), Columbiana App. No. 98-CO-69, unreported, 2000 WL 126672 at *8, citing *Jacobs v. Teledyne, Inc.* (1988), 39 Ohio St.3d 168, 171. See, also, *Estate of Wagner v. Heavlin* (Feb. 14, 2000),

Carroll App. No. 704, unreported, 2000 WL 179646. Given the fact that Holden did not acquire the land to restore the Bells' property to its original size as agreed, disallowing the Bells to pursue their fraud claim against Holden would clearly result in manifest injustice.

*8 Accordingly, the Bells' assignments of error are sustained in part and overruled in part.

Wherefore, the judgment of the trial court is hereby affirmed in part and reversed in part. The judgment of the trial court is affirmed to the extent that the Bells' causes of action against the Jurkiewiczs, Lynchs, and Rays for declaratory judgment requesting them to submit to new and proper boundary markings are barred under the doctrine of mootness, and that the Bells' causes of action against Holden for professional negligence/malpractice are barred by the statute of limitations. The judgment of the trial court is reversed to the extent that it dismissed the Bells' claim against Holden for fraud based on an expiration of the statute of limitations and, alternatively, the doctrine of *res judicata*, and this cause is remanded for further proceedings accordingly to law and consistent with this court's opinion.

COX and VUKOVICH, JJ., concurs.

2000 WL 1506494 (Ohio App. 7 Dist.), 2000-Ohio-2576

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

**Westlaw Attached Printing Summary Report for LEWIS,CHRISTINE 4138110**

| | |
|---|---|
| Your Search: | TI(BELL & HOLDEN) |
| Date/Time of Request: | Thursday, May 13, 2004 08:04:00 Central |
| Client Identifier: | 000961-105311-ECL |
| Database: | OH-CS |
| Citation Text: | Not Reported in N.E.2d |
| Lines: | 391 |
| Documents: | 1 |
| Images: | 0 |

(C) 2004. Copyright is not claimed as to any part of the original work prepared by a U.S. government officer or employee as part of that person's official duties. All rights reserved. No part of a Westlaw transmission may be copied, downloaded, stored in a retrieval system, further transmitted or otherwise reproduced, stored, disseminated, transferred or used, in any form or by any means, except as permitted in the Westlaw Subscriber Agreement, the Additional Terms Governing Internet Access to Westlaw or by West's prior written agreement. Each reproduction of any part of a Westlaw transmission must contain notice of West's copyright as follows: "Copr. (C) 2004 West, a Thomson business. No claim to orig. U.S. govt. works."Registered in U.S. Patent and Trademark Office and used herein under license: KeyCite, Westlaw and WIN. WIN Natural Language is protected by U.S. Patent Nos. 5,265,065, 5,418,948 and 5,488,725.

Westlaw.

Not Reported in N.E.2d
2000-Ohio-2576
**(Cite as: 2000 WL 1506494 (Ohio App. 7 Dist.))**

Page 1

**H**
CHECK OHIO SUPREME COURT RULES FOR
REPORTING OF OPINIONS AND WEIGHT OF
LEGAL AUTHORITY.

Court of Appeals of Ohio, Seventh District, Carroll
County.

Rodney **BELL**, et al., Plaintiffs-Appellants,
v.
**HOLDEN** SURVEY, INC., et al.,
Defendants-Appellees.

No. 729.

Sept. 29, 2000.

Civil Appeal from Common Pleas, Court Case No.
21254.

Atty. Edward L. Gilbert, Akron, OH, for
plaintiffs-appellants.

Atty. Thomas P. McCue, Louisville, OH, for
defendant-appellee Holden Surveying, Inc.

DONOFRIO, COX and VUKOVICH, Judges.

OPINION

DONOFRIO.

**\*1** Judgment affirmed in part and reversed in part
and remanded.

Plaintiffs-appellants, Rodney and Deborah Bell,
appeal the decision of the Carroll County Court of
Common Pleas dismissing their causes of action for
fraud, negligence, malpractice, and in declaratory
judgment as to the location of certain real property
boundary lines.

Defendants-appellees, Leonard and Mildred
Jurkiewicz (Jurkiewiczs), owned a large plot of land
in Carroll County, Ohio. The land was bordered on
the southeast by land owned by Thomas Duffy
(Duffy). In May 1991, the Jurkiewiczs hired Holden
Surveying Inc. (Holden) to plat and subdivide the
land in order to sell individual lots.

The Jurkiewiczs conveyed by warranty deed one of
the parcels which bordered a portion of Duffy's
property to defendants-appellees, John and Ruth
Royer (Royers) in May 1991. The Jurkiewiczs also
conveyed by warranty deed other parcels which
bordered the Royers' parcel to defendants-appellees,
Terry and Myrna Lynch (Lynchs) and William and
Cynthia Ray (Rays).

The Royers subsequently conveyed their parcel by
warranty deed to the Bells in August 1993. In
September 1994, Duffy conveyed his land
bordering the Bells' property to the south to D.
Ladich (Ladich).

In preparation for the transfer of land from Duffy
to Ladich, a survey was conducted of the adjoining
lands which proved to be inconsistent with the
survey performed by Holden. The result was an
overlap of the Bell and Ladich parcels.

On July 19, 1995, Ladich filed a complaint (Case
No. 20918) naming as party defendants Holden and
the Bells. The complaint sought declaratory
judgment and an order quieting title of the overlap
in favor of Ladich and against the Bells. Ladich also
sought an order requiring Holden to replat the
adjoining land.

On August 17, 1995, Holden filed a motion seeking
dismissal of the Holdens as individual parties. The
court held a hearing on the motion on September
28, 1995. The Holdens appeared *pro se* and the
Bells did not appear at all.

In a judgment entry filed on October 6, 1995, the
trial court overruled the Holden motion. Also, the
court observed that an answer filed by Holden on
August 17, 1995, was a joint response by the

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in N.E.2d
2000-Ohio-2576
(Cite as: 2000 WL 1506494 (Ohio App. 7 Dist.))

corporation and the Holdens individually, all under the signature of Virgil L. Holden *pro se* and as statutory agent. The court noted that the Holdens could defend their personal interests *pro se*, but that the Holden corporation could only proceed with counsel admitted to the practice of law in this state. Therefore, the court concluded that the Holden corporation was in default and that said default constituted an admission of the truth of the allegations in Ladich's complaint entitling him to the relief he requested.

Upon further review, the court observed that in their respective answers to Ladich's complaint, all of the named parties, including the Bells, admitted the truth of Ladich's complaint, specifically that the prior Holden survey was erroneous and incorrect causing an overlap of the Ladich and Bell tracts and resulting in defective deeds. Most importantly, the court found that all of the parties "concur[red]" that Ladich was entitled to the relief he requested. Accordingly, the court granted Ladich leave to file a Civ.R. 12(C) motion judgment on the pleadings.

*2 On October 31, 1995, the trial court issued a judgment on the pleadings quieting title of the overlap in Ladich's favor and ordering a corrective survey of all adjoining lands.

On January 8, 1996, a supplemental judgment entry was filed indicating that an agreement had been reached among the parties whereby Holden would obtain and transfer land from the Bells' property neighbor, Terry and Myrna Lynch (Lynchs), to the Bells in order to restore their parcel to its original size.

When the Lynchs subsequently declined to transfer any of their land, Holden filed a motion for relief from judgment based on impossibility of performance. The Bells, proceeding *pro se,* responded in opposition to this motion.

On October 3, 1996, the trial court filed an entry sustaining Holden's motion and vacating the January 8, 1996 supplemental entry.

On July 22, 1996, the Bells filed a motion for leave to plead and file an amended answer, cross-claim, and third-party complaint. The trial court denied the motion on the grounds that the case had been concluded on its merits by a final appealable order

and, therefore, lacked jurisdiction over the matter.

On July 30, 1996, the Bells filed a complaint (Case No. 21254) against Holden Survey, Inc. and Virgil and David Holden, individually, for fraud, negligence, and professional malpractice; against the Royers and John Doe insurance and title companies for breach of contract/warranty deed; and against the Jurkiewiczs, Lynchs, and Rays for a declaratory judgment ordering them to submit to new and proper boundary markings.

The Holdens filed a joint answer to the complaint on August 30, 1996. The remaining defendants filed answers to the complaint and each also asserted a cross-claim against Holden sounding in professional negligence/malpractice and seeking damages and indemnification if the Bells were successful in declaratory judgment ordering a redrawing of the boundary lines.

A pretrial conference was held on November 8, 1996, where it was decided to stay further proceedings pending Holden's completion of the corrective surveys as ordered in Case No. 20918.

On May 14, 1997, the Bells filed a motion for summary judgment against all defendants on the issue of declaratory leave and liability. On May 15, 1997, the Lynchs and the Rays filed a joint motion for judgment on the pleadings. The Bells filed a memorandum in opposition. Both motions were assigned for non-oral hearing.

On June 18, 1999, counsel for Holden filed a "notice of compliance" for Case No. 20918, demonstrating completion of the ordered corrective survey. The corrections affected not only the Bells' property but also that of the Rays', Lynchs', and Jurkiewiczs'.

On August 26, 1999, the trial court issued an opinion and judgment entry dismissing all of the Bells' claims. The court found that, based on the corrective survey conducted in Case No. 20918, the Bells' claims relating to the various boundary lines had been rendered moot. The court also found that the Bells' claims against Holden for professional negligence/malpractice, breach of contract, and negligent misrepresentation were barred because the applicable statute of limitations had expired. Further, the court found that any remaining claims

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in N.E.2d                                                                Page 4
2000-Ohio-2576
(Cite as: 2000 WL 1506494 (Ohio App. 7 Dist.))

Surveyors are neither included specifically by the terms of R.C. 2305.11 nor are they considered professionals subject to malpractice claims at common law. Therefore, R.C. 2305.11 does not govern claims brought against surveyors for alleged professional misconduct.

The two-year statute of limitations contained in R.C. 2305.10 has not been extended to include general negligence claims. *Id.* at 180. Therefore, R.C. 2305.10 is not applicable to claims of negligence against surveyors.

We find that claims of surveyor negligence are governed by the four-year statute of limitations for general negligence claims found in R.C. 2305.09(D) , not by the two-year period for bodily injury or injury to personal property set forth in R.C. 2305.10 , or by the one-year limitations period for professional malpractice claims in R .C. 2305.11(A).

Although the Bells did not initiate this action until well over four years after Holden allegedly performed the incorrect survey, the Bells argue that actual damage did not ensue until July 1995 when Ladich sued the Bells over land put in dispute only once Ladich resurveyed in preparation for buying his parcel. In essence, the Bells are asking this court to apply the discovery rule, or what has been alternatively termed a "delayed damages" rule or "delayed occurrence of damages" rule.

"The 'discovery rule' generally provides that a cause of action accrues for purposes of the governing statute of limitations at the time when the plaintiff discovers or, in the exercise of reasonable care, should have discovered the complained of injury." *Investors REIT One*, 46 Ohio St.3d at 179. However, the court also observed:
"The discovery rules adopted by this court and by the General Assembly for bodily injury claims brought under R.C. 2305.10, and the discovery rules determined in [*Oliver v. Kaiser Community Health Found.* (1983), 5 Ohio St.3d 111] and [*Skidmore & Hall v. Rottman* (1983), 5 Ohio St.2d 210] for medical and attorney malpractice claims arising under R.C. 2305.11(A), are not available to negligence claims brought under R.C. 2305.09(D). However, R.C. 2305.09(D) expressly includes its own limited discovery rule:
*5 " 'If the action is for trespassing under ground or injury to mines, or for the wrongful taking of

personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered.'
"While expressly providing a discovery rule for certain actions arising under R.C. 2305.09, no such rule was extended to general negligence claims. The General Assembly's failure to include general negligence claims under the discovery rule set out in R.C. 2305.09 argues strongly that it was not the legislature's intent to apply the discovery rule to such claims. See *Kirsheman v. Paulin* (1951), 155 Ohio St. 137, 146, 44 O.O. 134, 139, 98 N.E.2d 26, 31 (explaining the statutory significance of the Latin phrase, *expressio unius est exclusio alterius* ). The legislature's express inclusion of a discovery rule for certain torts arising under R.C. 2305.09, including fraud and conversion, implies the exclusion of other torts arising under the statute, including negligence. See *id.*" *Id.* at 181.
Subsequently, the court has reevaluated and reaffirmed its holding in *Investors REIT One. Grant Thornton v. Windsor House, Inc.* (1991), 57 Ohio St.3d 158, 160, certiorari denied (1991), 502 U.S. 822. Thus, the Bells' argument that the trial court should have applied the discovery rule to their case is not persuasive.

Additionally, the "delayed damages" rule or "delayed occurrence of damages" rule has been rejected by a number of courts. *Fronczak v. Arthur Andersen, L.L.P.* (1997), 124 Ohio App.3d 240, 243-245, discretionary appeal not allowed (1998), 81 Ohio St.3d 1502; *Hater v. Gradison Div. of McDonald & Co. Securities, Inc.* (1995), 101 Ohio App.3d 99, 110, 655 N.E.2d 189, 196, discretionary appeal not allowed (1995), 72 Ohio St.3d 1539; *Riedel v. Houser* (1992), 79 Ohio App.3d 546, 549. Thus, the Bells' argument that the trial court should have applied the delayed occurrence of damages rule to their case is equally unpersuasive.

In *Investors REIT One,* the Ohio Supreme Court explicitly stated that the four-year statute of limitations in R.C. 2305.09(D) which governs professional negligence claims begins to run when the alleged negligent act is committed. *Investors REIT One,* 46 Ohio St.3d at 182. "By holding that the statue of limitations began to run 'when the allegedly negligent act was committed,' the court in [ *Investors* ] *REIT One * * * meant exactly that: the date upon which the tortfeasor committed the tort,

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in N.E.2d
2000-Ohio-2576
(Cite as: 2000 WL 1506494 (Ohio App. 7 Dist.))

in other words, when the act or omission constituting the alleged professional malpractice occurred." *Hater,* 101 Ohio App.3d at 110.

Applying the aforementioned precedent to the case at hand, it follows that the Bells' causes of action for professional negligence/malpractice commenced no later than May 1991, when Holden allegedly performed the incorrect survey. Since the Bells did not file these causes of action until July 1996, well after the four-year statute of limitations expired, those causes of action are accordingly barred.

*6 However, the discovery rule set forth in R.C. 2305.09(D) is applicable to the Bells' cause of action against Holden for fraud. Since the incorrectness of the 1991 Holden survey was not discovered until 1995, that cause of action is not barred by the statute of limitations and the trial court erred in so ruling.

The trial court also found that the Bells' claims against Holden were barred under the doctrine of *res judicata.* The court's finding in this regard is problematic in several respects.

First, it must be noted that *res judicata* is an affirmative defense under Civ.R. 8(C) and, thus, cannot be the basis of a Civ.R. 12 motion on the pleadings. Being an affirmative defense, it necessarily involves information not required to be alleged in the pleadings and, therefore, could not be determined by looking only at the pleadings, as is required of a Civ.R. 12 motion. The defense should be raised initially by answer (Civ.R.8[C] ) and then by summary judgment motion. See *Indep. Ins. Agents of Ohio, Inc. v. Duryee* (1994), 95 Ohio App.3d 7, 11; *Nelson v. Pleasant* (1991), 73 Ohio App.3d 479, 482; *Toledo v. Thomas* (1989), 60 Ohio App.3d 42; *Johnson v. Linder* (1984), 14 Ohio App.3d 412.

In this case, Holden never filed a motion for judgment on the pleadings or summary judgment, let alone on the grounds of *res judicata.* Consequently, the Bells were never provided the opportunity to brief or argue that issue.

Despite the inappropriate procedural handling of the issue, the trial court's application of the doctrine was nevertheless improper in this case. The doctrine of *res judicata* involves both claim preclusion

(historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel). *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 381. The present case involves the claim preclusive aspect of *res judicata.* The rule as traditionally stated was that "A final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction * * * is a complete bar to any subsequent action between the parties or those in privity with them." *Norwood v. McDonald* (1943), 142 Ohio St. 299, paragraph one of the syllabus. This rule was subsequently expanded, however, to encompass not only identical causes of action but, "all claims which were or might have been litigated in a first lawsuit." *Grava* at 382. (Emphasis *sic.*)

The exact import of the phrase "claims which * * * might have been litigated" (sometimes written as "could" or "should" have been litigated) has not always been clear. The Supreme Court of Ohio touched on this issue in *Grava.* The court, adopting the doctrine of *res judicata* as stated in 1 Restatement of Laws 2d, Judgments, Sections 24 and 25, ultimately held, "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava,* syllabus.

*7 However, as the Sixth District Court of Appeals observed in *Holzemer v. Urbanski* (May 15, 1998), Lucas App. No. L-97-1257, 1998 WL 259939 at *3 [FN1]:

> FN1. Affirmed on similar grounds in *Holzemer v. Urbanski* (1999), 86 Ohio St.3d 129.

"[I]n *Grava* and in sections 24 and 25 of the Restatement, the only type of claim preclusion under discussion was whether a plaintiff was barred from pursuing litigation based upon a claim arising out of a transaction which was the subject of a previously adjudicated matter. *Grava* provides little guidance to us in the application of the doctrine to a defendant's potential claim." (Footnote omitted.).

Furthermore, "[d]espite the scope of preclusion created by *res judicata,* Ohio and other courts have

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in N.E.2d                                                                    Page 6
2000-Ohio-2576
(Cite as: 2000 WL 1506494 (Ohio App. 7 Dist.))

recognized exceptions, particularly in the context of cross-claims that were not raised in previous actions. The plain language of Ohio's cross-claim rule reveals that claims against co-parties are permissive." *Harco Nat. Ins. Co. v. Smith* (Dec. 3, 1997), Wayne App. No. 97CA0023, 1997 WL 772841 at *2. Specifically, Civ.R. 13(G) states:

"A pleading *may* state as a cross-claim any claim by one party against a co- party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject of the original action. Such cross-claim *may* include a claim that the party against whom it is asserted is or *may* be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." (Emphasis added.)

In *Bargar v. Vari Systems, Inc.* (Sept. 17, 1981), Cuyahoga App. No. 42369, unreported, 1981 WL 4522 at *2, the Eighth District Court of Appeals held:

"This language of Rule 13(G) is not mandatory, but permissive. So, although [a party] may or may not assert a cross-claim at its option, it is not under a compulsion to do so. Since a cross-claim is always permissive, a failure to file a cross-claim does not result in waiver of the claim. *Augustin v. Mughar* (8th Cir.1975), 521 F.2d 1215.

" * * * Since [plaintiff's] claim was not a compulsory counterclaim but a permissive cross-claim, the trial court erred in barring [plaintiff's] charge against [defendant] * * *."
See, also, *Harco Nat. Ins. Co.,* 1997 WL 772841 at *2.

The Bells and Holden were co-defendants in Case No. 20918. If the Bells had elected to sue Holden for fraud, that claim clearly would have been in the nature of a permissive cross-claim. Even if the doctrine of *res judicata* were applicable to the Bells' fraud claim, we have held before that the "doctrine should be qualified or rejected when its application would contravene an overriding public policy or result in manifest injustice." *Westward Auto, Inc. v. Ohio Motor Vehicle Salvage Dealers Licensing Bd.* (Jan. 18, 2000), Columbiana App. No. 98-CO-69, unreported, 2000 WL 126672 at *8, citing *Jacobs v. Teledyne, Inc.* (1988), 39 Ohio St.3d 168, 171. See, also, *Estate of Wagner v. Heavlin* (Feb. 14, 2000),

Carroll App. No. 704, unreported, 2000 WL 179646. Given the fact that Holden did not acquire the land to restore the Bells' property to its original size as agreed, disallowing the Bells to pursue their fraud claim against Holden would clearly result in manifest injustice.

*8 Accordingly, the Bells' assignments of error are sustained in part and overruled in part.

Wherefore, the judgment of the trial court is hereby affirmed in part and reversed in part. The judgment of the trial court is affirmed to the extent that the Bells' causes of action against the Jurkiewiczs, Lynchs, and Rays for declaratory judgment requesting them to submit to new and proper boundary markings are barred under the doctrine of mootness, and that the Bells' causes of action against Holden for professional negligence/malpractice are barred by the statute of limitations. The judgment of the trial court is reversed to the extent that it dismissed the Bells' claim against Holden for fraud based on an expiration of the statute of limitations and, alternatively, the doctrine of *res judicata,* and this cause is remanded for further proceedings accordingly to law and consistent with this court's opinion.

COX and VUKOVICH, JJ., concurs.

2000 WL 1506494 (Ohio App. 7 Dist.), 2000-Ohio-2576

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

**Westlaw Attached Printing Summary Report for LEWIS,CHRISTINE 4138110**

| | |
|---|---|
| Your Search: | TI(BELL & HOLDEN) |
| Date/Time of Request: | Thursday, May 13, 2004 08:04:00 Central |
| Client Identifier: | 000961-105311-ECL |
| Database: | OH-CS |
| Citation Text: | Not Reported in N.E.2d |
| Lines: | 391 |
| Documents: | 1 |
| Images: | 0 |

(C) 2004. Copyright is not claimed as to any part of the original work prepared by a U.S. government officer or employee as part of that person's official duties. All rights reserved. No part of a Westlaw transmission may be copied, downloaded, stored in a retrieval system, further transmitted or otherwise reproduced, stored, disseminated, transferred or used, in any form or by any means, except as permitted in the Westlaw Subscriber Agreement, the Additional Terms Governing Internet Access to Westlaw or by West's prior written agreement. Each reproduction of any part of a Westlaw transmission must contain notice of West's copyright as follows: "Copr. (C) 2004 West, a Thomson business. No claim to orig. U.S. govt. works."Registered in U.S. Patent and Trademark Office and used herein under license: KeyCite, Westlaw and WIN. WIN Natural Language is protected by U.S. Patent Nos. 5,265,065, 5,418,948 and 5,488,725.

Westlaw.

Not Reported in N.E.2d
2000-Ohio-2576
(Cite as: 2000 WL 1506494 (Ohio App. 7 Dist.))

Page 1

**H**
CHECK OHIO SUPREME COURT RULES FOR
REPORTING OF OPINIONS AND WEIGHT OF
LEGAL AUTHORITY.

Court of Appeals of Ohio, Seventh District, Carroll
County.

Rodney BELL, et al., Plaintiffs-Appellants,
v.
HOLDEN SURVEY, INC., et al.,
Defendants-Appellees.

No. 729.

Sept. 29, 2000.

Civil Appeal from Common Pleas, Court Case No.
21254.

Atty. Edward L. Gilbert, Akron, OH, for
plaintiffs-appellants.

Atty. Thomas P. McCue, Louisville, OH, for
defendant-appellee Holden Surveying, Inc.

DONOFRIO, COX and VUKOVICH, Judges.

OPINION

DONOFRIO.

**\*1** Judgment affirmed in part and reversed in part
and remanded.

Plaintiffs-appellants, Rodney and Deborah Bell,
appeal the decision of the Carroll County Court of
Common Pleas dismissing their causes of action for
fraud, negligence, malpractice, and in declaratory
judgment as to the location of certain real property
boundary lines.

Defendants-appellees, Leonard and Mildred
Jurkiewicz (Jurkiewiczs), owned a large plot of land
in Carroll County, Ohio. The land was bordered on
the southeast by land owned by Thomas Duffy
(Duffy). In May 1991, the Jurkiewiczs hired Holden
Surveying Inc. (Holden) to plat and subdivide the
land in order to sell individual lots.

The Jurkiewiczs conveyed by warranty deed one of
the parcels which bordered a portion of Duffy's
property to defendants-appellees, John and Ruth
Royer (Royers) in May 1991. The Jurkiewiczs also
conveyed by warranty deed other parcels which
bordered the Royers' parcel to defendants-appellees,
Terry and Myrna Lynch (Lynchs) and William and
Cynthia Ray (Rays).

The Royers subsequently conveyed their parcel by
warranty deed to the Bells in August 1993. In
September 1994, Duffy conveyed his land
bordering the Bells' property to the south to D.
Ladich (Ladich).

In preparation for the transfer of land from Duffy
to Ladich, a survey was conducted of the adjoining
lands which proved to be inconsistent with the
survey performed by Holden. The result was an
overlap of the Bell and Ladich parcels.

On July 19, 1995, Ladich filed a complaint (Case
No. 20918) naming as party defendants Holden and
the Bells. The complaint sought declaratory
judgment and an order quieting title of the overlap
in favor of Ladich and against the Bells. Ladich also
sought an order requiring Holden to replat the
adjoining land.

On August 17, 1995, Holden filed a motion seeking
dismissal of the Holdens as individual parties. The
court held a hearing on the motion on September
28, 1995. The Holdens appeared *pro se* and the
Bells did not appear at all.

In a judgment entry filed on October 6, 1995, the
trial court overruled the Holden motion. Also, the
court observed that an answer filed by Holden on
August 17, 1995, was a joint response by the

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in N.E.2d
2000-Ohio-2576
(Cite as: 2000 WL 1506494 (Ohio App. 7 Dist.))

corporation and the Holdens individually, all under the signature of Virgil L. Holden *pro se* and as statutory agent. The court noted that the Holdens could defend their personal interests *pro se*, but that the Holden corporation could only proceed with counsel admitted to the practice of law in this state. Therefore, the court concluded that the Holden corporation was in default and that said default constituted an admission of the truth of the allegations in Ladich's complaint entitling him to the relief he requested.

Upon further review, the court observed that in their respective answers to Ladich's complaint, all of the named parties, including the Bells, admitted the truth of Ladich's complaint, specifically that the prior Holden survey was erroneous and incorrect causing an overlap of the Ladich and Bell tracts and resulting in defective deeds. Most importantly, the court found that all of the parties "concur[red]" that Ladich was entitled to the relief he requested. Accordingly, the court granted Ladich leave to file a Civ.R. 12(C) motion judgment on the pleadings.

*2 On October 31, 1995, the trial court issued a judgment on the pleadings quieting title of the overlap in Ladich's favor and ordering a corrective survey of all adjoining lands.

On January 8, 1996, a supplemental judgment entry was filed indicating that an agreement had been reached among the parties whereby Holden would obtain and transfer land from the Bells' property neighbor, Terry and Myrna Lynch (Lynchs), to the Bells in order to restore their parcel to its original size.

When the Lynchs subsequently declined to transfer any of their land, Holden filed a motion for relief from judgment based on impossibility of performance. The Bells, proceeding *pro se,* responded in opposition to this motion.

On October 3, 1996, the trial court filed an entry sustaining Holden's motion and vacating the January 8, 1996 supplemental entry.

On July 22, 1996, the Bells filed a motion for leave to plead and file an amended answer, cross-claim, and third-party complaint. The trial court denied the motion on the grounds that the case had been concluded on its merits by a final appealable order

and, therefore, lacked jurisdiction over the matter.

On July 30, 1996, the Bells filed a complaint (Case No. 21254) against Holden Survey, Inc. and Virgil and David Holden, individually, for fraud, negligence, and professional malpractice; against the Royers and John Doe insurance and title companies for breach of contract/warranty deed; and against the Jurkiewiczs, Lynchs, and Rays for a declaratory judgment ordering them to submit to new and proper boundary markings.

The Holdens filed a joint answer to the complaint on August 30, 1996. The remaining defendants filed answers to the complaint and each also asserted a cross-claim against Holden sounding in professional negligence/malpractice and seeking damages and indemnification if the Bells were successful in declaratory judgment ordering a redrawing of the boundary lines.

A pretrial conference was held on November 8, 1996, where it was decided to stay further proceedings pending Holden's completion of the corrective surveys as ordered in Case No. 20918.

On May 14, 1997, the Bells filed a motion for summary judgment against all defendants on the issue of declaratory leave and liability. On May 15, 1997, the Lynchs and the Rays filed a joint motion for judgment on the pleadings. The Bells filed a memorandum in opposition. Both motions were assigned for non-oral hearing.

On June 18, 1999, counsel for Holden filed a "notice of compliance" for Case No. 20918, demonstrating completion of the ordered corrective survey. The corrections affected not only the Bells' property but also that of the Rays', Lynchs', and Jurkiewiczs'.

On August 26, 1999, the trial court issued an opinion and judgment entry dismissing all of the Bells' claims. The court found that, based on the corrective survey conducted in Case No. 20918, the Bells' claims relating to the various boundary lines had been rendered moot. The court also found that the Bells' claims against Holden for professional negligence/malpractice, breach of contract, and negligent misrepresentation were barred because the applicable statute of limitations had expired. Further, the court found that any remaining claims

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in N.E.2d                                                    Page 3
2000-Ohio-2576
(Cite as: 2000 WL 1506494 (Ohio App. 7 Dist.))

asserted by the Bells were barred under the doctrine of *res judicata.* This appeal followed.

*3 The Bells raise two assignments of error which will be addressed together. The Bells' first assignment of error states:

"The lower court erred in dismissing Case No. 21254 *sua sponte* on the grounds of mootness and *res judicata.* (Error reflected at pp. 208, 209, Opinion and Judgment Entry of 8/26/99)."

The Bells' second assignment of error states:

"The lower court erred in dismissing Case No. 21254 *sua sponte* on the grounds that the four-year statute of limitations had run against Holden. (Error reflected at p. 208, Opinion & Judgment Entry of 8/26/99)."

First, we will address the Bells' claims against the Jurkiewiczs, Lynchs, and Rays for a declaratory judgment ordering them to submit to new and proper boundary markings. The trial court found that the Bells' claims regarding the drawing of the boundary lines was moot. The Bells argue that the boundary dispute is not moot at all because the corrective survey did nothing to correct their situation.

In *Central Motors Corp. v. City of Pepper Pike* (1983), 9 Ohio App.3d 18, 19, the court held:

"Moot cases are dismissed because they no longer present a justiciable controversy. The requested relief has been obtained, it serves no further purpose, it is no longer within the court's power, or it is not disputed."

In this case, the Bells' claims regarding the drawing of the boundary lines are moot by virtue of Case No. 20918. On June 18, 1999, in Case No. 20918, counsel for Holden filed a "notice of compliance" indicating that the supplemental and corrective survey work had been completed and approved by the court appointed surveyor. The Bells have lodged no objection to the corrective survey work nor have they appealed any orders in that case.

Next, we turn to the Bells' claims against Holden Survey, Inc. and Virgil and David Holden, individually, for fraud, negligence, and professional malpractice. The trial court ruled that these claims were barred by the statute of limitations and *res judicata.*

R.C. 2305.09 provides a general limitations period of four years for tort actions not specifically covered by other sections of the Ohio Revised Code. That section states:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

"(A) For trespassing upon real property;

"(B) For the recovery of personal property, or for taking or detaining it;

"(C) For relief on the ground of fraud;

"(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12 2305.14 and 1304.35 of the Revised Code.

"If the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered."

General tort claims, including those for negligence, are governed by R.C. 2305.09(D). Likewise, general claims of professional negligence/malpractice not covered by R.C. 2305.10 or 2305.11 are also governed by the four-year limitations period in R.C. 2305.09. R.C. 2305.10 pertains to actions involving bodily injury or injury to personal property. R.C. 2305.11 pertains to certain professional malpractice claims.

*4 In *Investors REIT One v. Jacobs* (1989), 46 Ohio St.3d 176, 179-180, the Ohio Supreme Court observed:

"Ohio courts have consistently interpreted R.C. 2305.11(A) restrictively and have refused to extend the statute to include professional malpractice claims which are neither considered specifically by the terms of the statute nor traditionally included under the common-law definition of 'malpractice.' See, *e.g., Hocking Conservancy Dist. v. Dodson-Lindblom Assoc.* (1980), 62 Ohio St.2d 195, 16 O.O.3d 217, 404 N.E.2d 164 (professional engineer); see, also, *Lombard v. Medical Center* (1982), 69 Ohio St.2d 471, 23 O.O.3d 410, 433 N.E.2d 162 (nurses and laboratory technicians); *Neilsen v. Barberton Citizens Hospital* (1982), 4 Ohio App.3d 18, 4 OBR 39, 446 N.E.2d 209 (nurse); *Reese v. K-Mart Corp.* (1981), 3 Ohio App.3d 123, 3 OBR 140, 443 N.E.2d 1391 (pharmacist)." (Footnote omitted.)

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Surveyors are neither included specifically by the terms of R.C. 2305.11 nor are they considered professionals subject to malpractice claims at common law. Therefore, R.C. 2305.11 does not govern claims brought against surveyors for alleged professional misconduct.

The two-year statute of limitations contained in R.C. 2305.10 has not been extended to include general negligence claims. *Id.* at 180. Therefore, R.C. 2305.10 is not applicable to claims of negligence against surveyors.

We find that claims of surveyor negligence are governed by the four-year statute of limitations for general negligence claims found in R.C. 2305.09(D) , not by the two-year period for bodily injury or injury to personal property set forth in R.C. 2305.10 , or by the one-year limitations period for professional malpractice claims in R .C. 2305.11(A).

Although the Bells did not initiate this action until well over four years after Holden allegedly performed the incorrect survey, the Bells argue that actual damage did not ensue until July 1995 when Ladich sued the Bells over land put in dispute only once Ladich resurveyed in preparation for buying his parcel. In essence, the Bells are asking this court to apply the discovery rule, or what has been alternatively termed a "delayed damages" rule or "delayed occurrence of damages" rule.

"The 'discovery rule' generally provides that a cause of action accrues for purposes of the governing statute of limitations at the time when the plaintiff discovers or, in the exercise of reasonable care, should have discovered the complained of injury." *Investors REIT One*, 46 Ohio St.3d at 179. However, the court also observed:

"The discovery rules adopted by this court and by the General Assembly for bodily injury claims brought under R.C. 2305.10, and the discovery rules determined in [*Oliver v. Kaiser Community Health Found.* (1983), 5 Ohio St.3d 111] and [ *Skidmore & Hall v. Rottman* (1983), 5 Ohio St.2d 210] for medical and attorney malpractice claims arising under R.C. 2305.11(A), are not available to negligence claims brought under R.C. 2305.09(D). However, R.C. 2305.09(D) expressly includes its own limited discovery rule:

*5 " 'If the action is for trespassing under ground or injury to mines, or for the wrongful taking of

personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered.'
"While expressly providing a discovery rule for certain actions arising under R.C. 2305.09, no such rule was extended to general negligence claims. The General Assembly's failure to include general negligence claims under the discovery rule set out in R.C. 2305.09 argues strongly that it was not the legislature's intent to apply the discovery rule to such claims. See *Kirsheman v. Paulin* (1951), 155 Ohio St. 137, 146, 44 O.O. 134, 139, 98 N.E.2d 26, 31 (explaining the statutory significance of the Latin phrase, *expressio unius est exclusio alterius* ). The legislature's express inclusion of a discovery rule for certain torts arising under R.C. 2305.09, including fraud and conversion, implies the exclusion of other torts arising under the statute, including negligence. See *id.*" *Id.* at 181.
Subsequently, the court has reevaluated and reaffirmed its holding in *Investors REIT One. Grant Thornton v. Windsor House, Inc.* (1991), 57 Ohio St.3d 158, 160, certiorari denied (1991), 502 U.S. 822. Thus, the Bells' argument that the trial court should have applied the discovery rule to their case is not persuasive.

Additionally, the "delayed damages" rule or "delayed occurrence of damages" rule has been rejected by a number of courts. *Fronczak v. Arthur Andersen, L.L.P.* (1997), 124 Ohio App.3d 240, 243-245, discretionary appeal not allowed (1998), 81 Ohio St.3d 1502; *Hater v. Gradison Div. of McDonald & Co. Securities, Inc.* (1995), 101 Ohio App.3d 99, 110, 655 N.E.2d 189, 196, discretionary appeal not allowed (1995), 72 Ohio St.3d 1539; *Riedel v. Houser* (1992), 79 Ohio App.3d 546, 549. Thus, the Bells' argument that the trial court should have applied the delayed occurrence of damages rule to their case is equally unpersuasive.

In *Investors REIT One*, the Ohio Supreme Court explicitly stated that the four-year statute of limitations in R.C. 2305.09(D) which governs professional negligence claims begins to run when the alleged negligent act is committed. *Investors REIT One*, 46 Ohio St.3d at 182. "By holding that the statue of limitations began to run 'when the allegedly negligent act was committed,' the court in [ *Investors* ] *REIT One * * ** meant exactly that: the date upon which the tortfeasor committed the tort,

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in N.E.2d
2000-Ohio-2576
(Cite as: 2000 WL 1506494 (Ohio App. 7 Dist.))

in other words, when the act or omission constituting the alleged professional malpractice occurred." *Hater,* 101 Ohio App.3d at 110.

Applying the aforementioned precedent to the case at hand, it follows that the Bells' causes of action for professional negligence/malpractice commenced no later than May 1991, when Holden allegedly performed the incorrect survey. Since the Bells did not file these causes of action until July 1996, well after the four-year statute of limitations expired, those causes of action are accordingly barred.

*6 However, the discovery rule set forth in R.C. 2305.09(D) is applicable to the Bells' cause of action against Holden for fraud. Since the incorrectness of the 1991 Holden survey was not discovered until 1995, that cause of action is not barred by the statute of limitations and the trial court erred in so ruling.

The trial court also found that the Bells' claims against Holden were barred under the doctrine of *res judicata.* The court's finding in this regard is problematic in several respects.

First, it must be noted that *res judicata* is an affirmative defense under Civ.R. 8(C) and, thus, cannot be the basis of a Civ.R. 12 motion on the pleadings. Being an affirmative defense, it necessarily involves information not required to be alleged in the pleadings and, therefore, could not be determined by looking only at the pleadings, as is required of a Civ.R. 12 motion. The defense should be raised initially by answer (Civ.R.8[C] ) and then by summary judgment motion. See *Indep. Ins. Agents of Ohio, Inc. v. Duryee* (1994), 95 Ohio App.3d 7, 11; *Nelson v. Pleasant* (1991), 73 Ohio App.3d 479, 482; *Toledo v. Thomas* (1989), 60 Ohio App.3d 42; *Johnson v. Linder* (1984), 14 Ohio App.3d 412.

In this case, Holden never filed a motion for judgment on the pleadings or summary judgment, let alone on the grounds of *res judicata.* Consequently, the Bells were never provided the opportunity to brief or argue that issue.

Despite the inappropriate procedural handling of the issue, the trial court's application of the doctrine was nevertheless improper in this case. The doctrine of *res judicata* involves both claim preclusion

(historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel). *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 381. The present case involves the claim preclusive aspect of *res judicata.* The rule as traditionally stated was that "A final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction * * * is a complete bar to any subsequent action between the parties or those in privity with them." *Norwood v. McDonald* (1943), 142 Ohio St. 299, paragraph one of the syllabus. This rule was subsequently expanded, however, to encompass not only identical causes of action but, "all claims which were or might have been litigated in a first lawsuit." *Grava* at 382. (Emphasis *sic.*)

The exact import of the phrase "claims which * * * might have been litigated" (sometimes written as "could" or "should" have been litigated) has not always been clear. The Supreme Court of Ohio touched on this issue in *Grava.* The court, adopting the doctrine of *res judicata* as stated in 1 Restatement of Laws 2d, Judgments, Sections 24 and 25, ultimately held, "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava,* syllabus.

*7 However, as the Sixth District Court of Appeals observed in *Holzemer v. Urbanski* (May 15, 1998), Lucas App. No. L-97-1257, 1998 WL 259939 at *3 [FN1]:

> FN1. Affirmed on similar grounds in *Holzemer v. Urbanski* (1999), 86 Ohio St.3d 129.

"[I]n *Grava* and in sections 24 and 25 of the Restatement, the only type of claim preclusion under discussion was whether a plaintiff was barred from pursuing litigation based upon a claim arising out of a transaction which was the subject of a previously adjudicated matter. *Grava* provides little guidance to us in the application of the doctrine to a defendant's potential claim." (Footnote omitted.).

Furthermore, "[d]espite the scope of preclusion created by *res judicata,* Ohio and other courts have

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in N.E.2d                                                                                    Page 6
2000-Ohio-2576
(Cite as: 2000 WL 1506494 (Ohio App. 7 Dist.))

recognized exceptions, particularly in the context of cross-claims that were not raised in previous actions. The plain language of Ohio's cross-claim rule reveals that claims against co-parties are permissive." *Harco Nat. Ins. Co. v. Smith* (Dec. 3, 1997), Wayne App. No. 97CA0023, 1997 WL 772841 at *2. Specifically, Civ.R. 13(G) states:

"A pleading *may* state as a cross-claim any claim by one party against a co- party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject of the original action. Such cross-claim *may* include a claim that the party against whom it is asserted is or *may* be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." (Emphasis added.)

In *Bargar v. Vari Systems, Inc.* (Sept. 17, 1981), Cuyahoga App. No. 42369, unreported, 1981 WL 4522 at *2, the Eighth District Court of Appeals held:

"This language of Rule 13(G) is not mandatory, but permissive. So, although [a party] may or may not assert a cross-claim at its option, it is not under a compulsion to do so. Since a cross-claim is always permissive, a failure to file a cross-claim does not result in waiver of the claim. *Augustin v. Mughar* (8th Cir.1975), 521 F.2d 1215.

" * * * * Since [plaintiff's] claim was not a compulsory counterclaim but a permissive cross-claim, the trial court erred in barring [plaintiff's] charge against [defendant] * * *."
See, also, *Harco Nat. Ins. Co.*, 1997 WL 772841 at *2.

The Bells and Holden were co-defendants in Case No. 20918. If the Bells had elected to sue Holden for fraud, that claim clearly would have been in the nature of a permissive cross-claim. Even if the doctrine of *res judicata* were applicable to the Bells' fraud claim, we have held before that the "doctrine should be qualified or rejected when its application would contravene an overriding public policy or result in manifest injustice." *Westward Auto, Inc. v. Ohio Motor Vehicle Salvage Dealers Licensing Bd.* (Jan. 18, 2000), Columbiana App. No. 98-CO-69, unreported, 2000 WL 126672 at *8, citing *Jacobs v. Teledyne, Inc.* (1988), 39 Ohio St.3d 168, 171. See, also, *Estate of Wagner v. Heavlin* (Feb. 14, 2000),

Carroll App. No. 704, unreported, 2000 WL 179646. Given the fact that Holden did not acquire the land to restore the Bells' property to its original size as agreed, disallowing the Bells to pursue their fraud claim against Holden would clearly result in manifest injustice.

*8 Accordingly, the Bells' assignments of error are sustained in part and overruled in part.

Wherefore, the judgment of the trial court is hereby affirmed in part and reversed in part. The judgment of the trial court is affirmed to the extent that the Bells' causes of action against the Jurkiewiczs, Lynchs, and Rays for declaratory judgment requesting them to submit to new and proper boundary markings are barred under the doctrine of mootness, and that the Bells' causes of action against Holden for professional negligence/malpractice are barred by the statute of limitations. The judgment of the trial court is reversed to the extent that it dismissed the Bells' claim against Holden for fraud based on an expiration of the statute of limitations and, alternatively, the doctrine of *res judicata,* and this cause is remanded for further proceedings accordingly to law and consistent with this court's opinion.

COX and VUKOVICH, JJ., concurs.

2000 WL 1506494 (Ohio App. 7 Dist.), 2000-Ohio-2576

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

**Westlaw Attached Printing Summary Report for LEWIS,CHRISTINE 4138110**

| | |
|---|---|
| Your Search: | TI(BELL & HOLDEN) |
| Date/Time of Request: | Thursday, May 13, 2004 08:04:00 Central |
| Client Identifier: | 000961-105311-ECL |
| Database: | OH-CS |
| Citation Text: | Not Reported in N.E.2d |
| Lines: | 391 |
| Documents: | 1 |
| Images: | 0 |

(C) 2004. Copyright is not claimed as to any part of the original work prepared by a U.S. government officer or employee as part of that person's official duties. All rights reserved. No part of a Westlaw transmission may be copied, downloaded, stored in a retrieval system, further transmitted or otherwise reproduced, stored, disseminated, transferred or used, in any form or by any means, except as permitted in the Westlaw Subscriber Agreement, the Additional Terms Governing Internet Access to Westlaw or by West's prior written agreement. Each reproduction of any part of a Westlaw transmission must contain notice of West's copyright as follows: "Copr. (C) 2004 West, a Thomson business. No claim to orig. U.S. govt. works."Registered in U.S. Patent and Trademark Office and used herein under license: KeyCite, Westlaw and WIN. WIN Natural Language is protected by U.S. Patent Nos. 5,265,065, 5,418,948 and 5,488,725.

Westlaw.

Not Reported in N.E.2d
2000-Ohio-2576
(Cite as: 2000 WL 1506494 (Ohio App. 7 Dist.))

Page 1

**H**
CHECK OHIO SUPREME COURT RULES FOR REPORTING OF OPINIONS AND WEIGHT OF LEGAL AUTHORITY.

Court of Appeals of Ohio, Seventh District, Carroll County.

Rodney **BELL**, et al., Plaintiffs-Appellants,
v.
**HOLDEN** SURVEY, INC., et al.,
Defendants-Appellees.

No. 729.

Sept. 29, 2000.

Civil Appeal from Common Pleas, Court Case No. 21254.

Atty. Edward L. Gilbert, Akron, OH, for plaintiffs-appellants.

Atty. Thomas P. McCue, Louisville, OH, for defendant-appellee Holden Surveying, Inc.

DONOFRIO, COX and VUKOVICH, Judges.

OPINION

DONOFRIO.

*1 Judgment affirmed in part and reversed in part and remanded.

Plaintiffs-appellants, Rodney and Deborah Bell, appeal the decision of the Carroll County Court of Common Pleas dismissing their causes of action for fraud, negligence, malpractice, and in declaratory judgment as to the location of certain real property boundary lines.

Defendants-appellees, Leonard and Mildred Jurkiewicz (Jurkiewiczs), owned a large plot of land in Carroll County, Ohio. The land was bordered on the southeast by land owned by Thomas Duffy (Duffy). In May 1991, the Jurkiewiczs hired Holden Surveying Inc. (Holden) to plat and subdivide the land in order to sell individual lots.

The Jurkiewiczs conveyed by warranty deed one of the parcels which bordered a portion of Duffy's property to defendants-appellees, John and Ruth Royer (Royers) in May 1991. The Jurkiewiczs also conveyed by warranty deed other parcels which bordered the Royers' parcel to defendants-appellees, Terry and Myrna Lynch (Lynchs) and William and Cynthia Ray (Rays).

The Royers subsequently conveyed their parcel by warranty deed to the Bells in August 1993. In September 1994, Duffy conveyed his land bordering the Bells' property to the south to D. Ladich (Ladich).

In preparation for the transfer of land from Duffy to Ladich, a survey was conducted of the adjoining lands which proved to be inconsistent with the survey performed by Holden. The result was an overlap of the Bell and Ladich parcels.

On July 19, 1995, Ladich filed a complaint (Case No. 20918) naming as party defendants Holden and the Bells. The complaint sought declaratory judgment and an order quieting title of the overlap in favor of Ladich and against the Bells. Ladich also sought an order requiring Holden to replat the adjoining land.

On August 17, 1995, Holden filed a motion seeking dismissal of the Holdens as individual parties. The court held a hearing on the motion on September 28, 1995. The Holdens appeared *pro se* and the Bells did not appear at all.

In a judgment entry filed on October 6, 1995, the trial court overruled the Holden motion. Also, the court observed that an answer filed by Holden on August 17, 1995, was a joint response by the

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in N.E.2d                                                    Page 2
2000-Ohio-2576
(Cite as: 2000 WL 1506494 (Ohio App. 7 Dist.))

corporation and the Holdens individually, all under the signature of Virgil L. Holden *pro se* and as statutory agent. The court noted that the Holdens could defend their personal interests *pro se*, but that the Holden corporation could only proceed with counsel admitted to the practice of law in this state. Therefore, the court concluded that the Holden corporation was in default and that said default constituted an admission of the truth of the allegations in Ladich's complaint entitling him to the relief he requested.

Upon further review, the court observed that in their respective answers to Ladich's complaint, all of the named parties, including the Bells, admitted the truth of Ladich's complaint, specifically that the prior Holden survey was erroneous and incorrect causing an overlap of the Ladich and Bell tracts and resulting in defective deeds. Most importantly, the court found that all of the parties "concur[red]" that Ladich was entitled to the relief he requested. Accordingly, the court granted Ladich leave to file a Civ.R. 12(C) motion judgment on the pleadings.

*2 On October 31, 1995, the trial court issued a judgment on the pleadings quieting title of the overlap in Ladich's favor and ordering a corrective survey of all adjoining lands.

On January 8, 1996, a supplemental judgment entry was filed indicating that an agreement had been reached among the parties whereby Holden would obtain and transfer land from the Bells' property neighbor, Terry and Myrna Lynch (Lynchs), to the Bells in order to restore their parcel to its original size.

When the Lynchs subsequently declined to transfer any of their land, Holden filed a motion for relief from judgment based on impossibility of performance. The Bells, proceeding *pro se,* responded in opposition to this motion.

On October 3, 1996, the trial court filed an entry sustaining Holden's motion and vacating the January 8, 1996 supplemental entry.

On July 22, 1996, the Bells filed a motion for leave to plead and file an amended answer, cross-claim, and third-party complaint. The trial court denied the motion on the grounds that the case had been concluded on its merits by a final appealable order

and, therefore, lacked jurisdiction over the matter.

On July 30, 1996, the Bells filed a complaint (Case No. 21254) against Holden Survey, Inc. and Virgil and David Holden, individually, for fraud, negligence, and professional malpractice; against the Royers and John Doe insurance and title companies for breach of contract/warranty deed; and against the Jurkiewiczs, Lynchs, and Rays for a declaratory judgment ordering them to submit to new and proper boundary markings.

The Holdens filed a joint answer to the complaint on August 30, 1996. The remaining defendants filed answers to the complaint and each also asserted a cross-claim against Holden sounding in professional negligence/malpractice and seeking damages and indemnification if the Bells were successful in declaratory judgment ordering a redrawing of the boundary lines.

A pretrial conference was held on November 8, 1996, where it was decided to stay further proceedings pending Holden's completion of the corrective surveys as ordered in Case No. 20918.

On May 14, 1997, the Bells filed a motion for summary judgment against all defendants on the issue of declaratory leave and liability. On May 15, 1997, the Lynchs and the Rays filed a joint motion for judgment on the pleadings. The Bells filed a memorandum in opposition. Both motions were assigned for non-oral hearing.

On June 18, 1999, counsel for Holden filed a "notice of compliance" for Case No. 20918, demonstrating completion of the ordered corrective survey. The corrections affected not only the Bells' property but also that of the Rays', Lynchs', and Jurkiewiczs'.

On August 26, 1999, the trial court issued an opinion and judgment entry dismissing all of the Bells' claims. The court found that, based on the corrective survey conducted in Case No. 20918, the Bells' claims relating to the various boundary lines had been rendered moot. The court also found that the Bells' claims against Holden for professional negligence/malpractice, breach of contract, and negligent misrepresentation were barred because the applicable statute of limitations had expired. Further, the court found that any remaining claims

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in N.E.2d
2000-Ohio-2576
(Cite as: 2000 WL 1506494 (Ohio App. 7 Dist.))

in other words, when the act or omission constituting the alleged professional malpractice occurred." *Hater,* 101 Ohio App.3d at 110.

Applying the aforementioned precedent to the case at hand, it follows that the Bells' causes of action for professional negligence/malpractice commenced no later than May 1991, when Holden allegedly performed the incorrect survey. Since the Bells did not file these causes of action until July 1996, well after the four-year statute of limitations expired, those causes of action are accordingly barred.

*6 However, the discovery rule set forth in R.C. 2305.09(D) is applicable to the Bells' cause of action against Holden for fraud. Since the incorrectness of the 1991 Holden survey was not discovered until 1995, that cause of action is not barred by the statute of limitations and the trial court erred in so ruling.

The trial court also found that the Bells' claims against Holden were barred under the doctrine of *res judicata.* The court's finding in this regard is problematic in several respects.

First, it must be noted that *res judicata* is an affirmative defense under Civ.R. 8(C) and, thus, cannot be the basis of a Civ.R. 12 motion on the pleadings. Being an affirmative defense, it necessarily involves information not required to be alleged in the pleadings and, therefore, could not be determined by looking only at the pleadings, as is required of a Civ.R. 12 motion. The defense should be raised initially by answer (Civ.R.8[C] ) and then by summary judgment motion. See *Indep. Ins. Agents of Ohio, Inc. v. Duryee* (1994), 95 Ohio App.3d 7, 11; *Nelson v. Pleasant* (1991), 73 Ohio App.3d 479, 482; *Toledo v. Thomas* (1989), 60 Ohio App.3d 42; *Johnson v. Linder* (1984), 14 Ohio App.3d 412.

In this case, Holden never filed a motion for judgment on the pleadings or summary judgment, let alone on the grounds of *res judicata.* Consequently, the Bells were never provided the opportunity to brief or argue that issue.

Despite the inappropriate procedural handling of the issue, the trial court's application of the doctrine was nevertheless improper in this case. The doctrine of *res judicata* involves both claim preclusion

(historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel). *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 381. The present case involves the claim preclusive aspect of *res judicata.* The rule as traditionally stated was that "A final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction * * * is a complete bar to any subsequent action between the parties or those in privity with them." *Norwood v. McDonald* (1943), 142 Ohio St. 299, paragraph one of the syllabus. This rule was subsequently expanded, however, to encompass not only identical causes of action but, "all claims which were or might have been litigated in a first lawsuit." *Grava* at 382. (Emphasis *sic.*)

The exact import of the phrase "claims which * * * might have been litigated" (sometimes written as "could" or "should" have been litigated) has not always been clear. The Supreme Court of Ohio touched on this issue in *Grava.* The court, adopting the doctrine of *res judicata* as stated in 1 Restatement of Laws 2d, Judgments, Sections 24 and 25, ultimately held, "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava,* syllabus.

*7 However, as the Sixth District Court of Appeals observed in *Holzemer v. Urbanski* (May 15, 1998), Lucas App. No. L-97-1257, 1998 WL 259939 at *3 [FN1]:

> FN1. Affirmed on similar grounds in *Holzemer v. Urbanski* (1999), 86 Ohio St.3d 129.

"[I]n *Grava* and in sections 24 and 25 of the Restatement, the only type of claim preclusion under discussion was whether a plaintiff was barred from pursuing litigation based upon a claim arising out of a transaction which was the subject of a previously adjudicated matter. *Grava* provides little guidance to us in the application of the doctrine to a defendant's potential claim." (Footnote omitted.).

Furthermore, "[d]espite the scope of preclusion created by *res judicata,* Ohio and other courts have

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in N.E.2d
2000-Ohio-2576
(Cite as: 2000 WL 1506494 (Ohio App. 7 Dist.))

recognized exceptions, particularly in the context of cross-claims that were not raised in previous actions. The plain language of Ohio's cross-claim rule reveals that claims against co-parties are permissive." *Harco Nat. Ins. Co. v. Smith* (Dec. 3, 1997), Wayne App. No. 97CA0023, 1997 WL 772841 at *2. Specifically, Civ.R. 13(G) states:

"A pleading *may* state as a cross-claim any claim by one party against a co- party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim *may* include a claim that the party against whom it is asserted is or *may* be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." (Emphasis added.)

In *Bargar v. Vari Systems, Inc.* (Sept. 17, 1981), Cuyahoga App. No. 42369, unreported, 1981 WL 4522 at *2, the Eighth District Court of Appeals held:

"This language of Rule 13(G) is not mandatory, but permissive. So, although [a party] may or may not assert a cross-claim at its option, it is not under a compulsion to do so. Since a cross-claim is always permissive, a failure to file a cross-claim does not result in waiver of the claim. *Augustin v. Mughar* (8th Cir.1975), 521 F.2d 1215.

" * * * Since [plaintiff's] claim was not a compulsory counterclaim but a permissive cross-claim, the trial court erred in barring [plaintiff's] charge against [defendant] * * *."
See, also, *Harco Nat. Ins. Co.*, 1997 WL 772841 at *2.

The Bells and Holden were co-defendants in Case No. 20918. If the Bells had elected to sue Holden for fraud, that claim clearly would have been in the nature of a permissive cross-claim. Even if the doctrine of *res judicata* were applicable to the Bells' fraud claim, we have held before that the "doctrine should be qualified or rejected when its application would contravene an overriding public policy or result in manifest injustice." *Westward Auto, Inc. v. Ohio Motor Vehicle Salvage Dealers Licensing Bd.* (Jan. 18, 2000), Columbiana App. No. 98-CO-69, unreported, 2000 WL 126672 at *8, citing *Jacobs v. Teledyne, Inc.* (1988), 39 Ohio St.3d 168, 171. See, also, *Estate of Wagner v. Heavlin* (Feb. 14, 2000),

Carroll App. No. 704, unreported, 2000 WL 179646. Given the fact that Holden did not acquire the land to restore the Bells' property to its original size as agreed, disallowing the Bells to pursue their fraud claim against Holden would clearly result in manifest injustice.

*8 Accordingly, the Bells' assignments of error are sustained in part and overruled in part.

Wherefore, the judgment of the trial court is hereby affirmed in part and reversed in part. The judgment of the trial court is affirmed to the extent that the Bells' causes of action against the Jurkiewiczs, Lynchs, and Rays for declaratory judgment requesting them to submit to new and proper boundary markings are barred under the doctrine of mootness, and that the Bells' causes of action against Holden for professional negligence/malpractice are barred by the statute of limitations. The judgment of the trial court is reversed to the extent that it dismissed the Bells' claim against Holden for fraud based on an expiration of the statute of limitations and, alternatively, the doctrine of *res judicata*, and this cause is remanded for further proceedings accordingly to law and consistent with this court's opinion.

COX and VUKOVICH, JJ., concurs.

2000 WL 1506494 (Ohio App. 7 Dist.), 2000-Ohio-2576

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

**Westlaw Attached Printing Summary Report for LEWIS,CHRISTINE 4138110**

| | |
|---|---|
| Your Search: | TI(BELL & HOLDEN) |
| Date/Time of Request: | Thursday, May 13, 2004 08:04:00 Central |
| Client Identifier: | 000961-105311-ECL |
| Database: | OH-CS |
| Citation Text: | Not Reported in N.E.2d |
| Lines: | 391 |
| Documents: | 1 |
| Images: | 0 |

(C) 2004. Copyright is not claimed as to any part of the original work prepared by a U.S. government officer or employee as part of that person's official duties. All rights reserved. No part of a Westlaw transmission may be copied, downloaded, stored in a retrieval system, further transmitted or otherwise reproduced, stored, disseminated, transferred or used, in any form or by any means, except as permitted in the Westlaw Subscriber Agreement, the Additional Terms Governing Internet Access to Westlaw or by West's prior written agreement. Each reproduction of any part of a Westlaw transmission must contain notice of West's copyright as follows: "Copr. (C) 2004 West, a Thomson business. No claim to orig. U.S. govt. works."Registered in U.S. Patent and Trademark Office and used herein under license: KeyCite, Westlaw and WIN. WIN Natural Language is protected by U.S. Patent Nos. 5,265,065, 5,418,948 and 5,488,725.