UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Scott Hutchinson Enterprises, Inc., et al., | : | Civil Action No. 1:01CV00776 |
| Plaintiffs | : | Judge Weber |
| v. | : | |
| Rhodes, Inc., et al., | : | **PLAINTIFFS' SUPPLEMENTAL RESPONSE TO ZIMMER AND GEISLER'S MOTION FOR** |
| Defendants | : | **SUMMARY JUDGMENT** |

Plaintiffs further contend that a careful examination of the docket and filings in this case demonstrates that the Second Amended Complaint was filed November 6, 2003, 2 days less than 4 years from November 8, 1999, the date on which Geisler and Zimmer contend they signed the environmental report commencing a 4 year period within which claims against them could be filed.    Hence, the facts of the case, the law regarding summary judgment, and the doctrine of equitable tolling all require that the Motion of Zimmer and Geisler be overruled.

The Plaintiffs' Second Amended Complaint was, in fact, filed as an attachment to Plaintiffs' Motion for Leave to File the Second Amended Complaint filed and docketed November 6, 2003.  Plaintiffs' attached Exhibit A to this Supplemental Memorandum, which is a copy of the Plaintiffs' Motion for Leave to File Second Amended Complaint, contains a Certificate of Service dated November 6, 2003.  Attached to that document, and filed at the same time, is the Second Amended Complaint.  That document also certifies that it was filed as Exhibit A to a Motion for Leave to Amend on November 6, 1999.  Exhibit B to this Supplemental Memorandum is an electronic notice of filing of a document electronically filed, which also states that the described documents were received and entered on November 6, 2003 at 1:32 p.m. Eastern Standard Time, and filed on November 6, 2003.

Exhibit C to this Supplemental Memorandum is a complete copy of the Civil Docket for this case which further confirms that on November 6, 2003, the described documents were filed as Item 68 described on the docket as "Motion to Amend [1] Complaint by Plaintiffs, Scott Hutchison Enterprises, Inc., W N & Scott Hutchison Partnership. (Attachments: #1 Exhibit Proposed Amended Complaint)(ph,) (Entered: 11/10/2003)."

Because under FRCP Rule 15, the Second Amended Complaint could be filed only by leave of court, Plaintiff had, in fact exercised due diligence in filing the Second Amended Complaint in the most complete manner possible until the Court ruled granting the Motion for Leave. The docket (Exhibit C) further shows that subsequently, on November 19, 2003, a conference was held at which Motions were addressed; that on November 20, 2003, Item 73, an Order was entered granting the Motion for Leave to File the Second Amended Complaint and instructing the Clerk of Courts to file it. That Order was signed by the Court November 20, 2003.

The doctrine of equitable tolling permits a party to sue after passing of statute of limitations if the party has acted with reasonable care and diligence, in order to prevent manifest injustice. *Bridgeway Corporation v. Citibank, N.A.*, F.Supp.2d 297 (S.D. N.Y. 2001). Equitable tolling is appropriate where the plaintiff demonstrates that he acted with reasonable diligence and in good faith during the period he wishes to have tolled, but that despite his efforts, circumstances beyond his control prevented successful filing during that time. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000); *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir.2001). See also, *Gil v. Vogilano*, 131 F.Supp.2d 486, (S.D.N.Y. 2001); *Bin Wahad v. F.B.I.*, 132 F.R.D. 17 (S.D.N.Y. 1990).

2

Under the doctrine of equitable tolling, a District Court may regard the statute of limitations as tolled where the plaintiff has acted in good faith and has diligently prosecuted his claim as was done here. *Richardson v. Diagnostic Rehabilitation Center*, 836 F.Supp. 252, (E.D. Pa.1993).    In *Richardson*,  a Title VII complaint was held to have been timely filed within 90-day statute of limitations, though it was not formally filed until approximately four months after limitation period, where filing of in forma pauperis motion tolled applicable statute of limitations, and limitations period was further tolled until end of time for payment given by court and a delay of clerk in filing complaint after plaintiff paid fee.

The statute of limitations period may be equitably tolled if petitioner can demonstrate that extraordinary circumstances prevented him from filing his petition on time. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.) (per curiam ), cert. denied, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000) (citing *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir.1996), and that  he acted with reasonable diligence throughout the period he seeks to toll. Id. (citing *Johnson*, 86 F.3d at 12); see also, *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir.2000).   This reasoning is obviously applicable here.  Hence, in calculating the limitation period, it should be regarded as tolled as of November 6, 2003 when the Second Amended Complaint was first filed as an attachment to the Motion for Leave to file it.

Although the facts of some of  the several cases cited herein above may not be exactly the same as this case, the issues and reasoning are analogous and should be applied to prevent a manifest injustice.  For purposes of the pending Motion for Summary Judgment by Zimmer and Geisler, the filing date for the Second Amended Complaint should be regarded as November 6,

2003, rather than November 20, 2003, the date it was ultimately ordered to be filed by the Clerk of Courts, or November 25, 2003, the date on which it was actually independently docketed.

Finally, this should all be considered along with the Plaintiffs' arguments and authority asserted in its prior Memorandum in Opposition. Clearly, despite the fact that the Rhodes environmental report states that it was signed by Geisler and Zimmer November 8, 1999, there is no evidence to establish when it left their hands, nor when it was actually mailed, given to, delivered or received by the Plaintiffs. Although it may be tempting to conclude by inference that the document may have been mailed or otherwise transmitted some time shortly after it was signed, a second and further inference is required to conclude that it was received by Plaintiffs within a few days thereafter. Keeping in mind that Zimmer and Geisler's burden on Summary Judgment is to establish that reasonable minds could reach only one conclusion, that the Second Amended Complaint was filed out of time, their motions must be denied because their burden to establish the crucial date on which the statute began to run has not been met. Therefore, their motions and arguments fall short where multiple, stacked inferences are required to establish the facts needed to get them there.

For the forgoing reasons, and for all of the reasons set forth in the Plaintiffs' earlier Response to the Motions, the Motions of Geisler and Zimmer for Summary Judgment should be overruled.

Respectfully submitted,


/S/William P.  Schroeder
William P.  Schroeder (0027123)
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249
(513) 583-4212 (telephone)
(513) 583-4203 (facsimile)
**Attorney for Plaintiffs**

## CERTIFICATE OF SERVICE

I  hereby certify that on February 18, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: E. David Marshall at edavidm@iglou.com; Gayle Benner McGrath at gmcgrath@wyattfirm.com; Craig R. Paulus at paulus@taftlaw.com and Thomas Robert Schuck at schuck@taftlaw.com and **I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:**

Kevin J.  Waldo, 413 Center Street, Ironton, OH 45638-1505; E. Christine Lewis, Wyatt Tarrant & Combs, LLP, 250 West Main Street, Suite 1600, Lexington, KY 40507-1746; W. Craig Robertson, Wyatt Tarrant & Combs, LLP, 250 West Main Street, Suite 1600, Lexington, KY 40507-1746; Kevin J. Waldo, 413 Center Street, Ironton, OH   45638-1505 and M. Bradford Sanders, Sanders & Associates, 9122 Montgomery Road, Suite 201, Montgomery, OH 45242.


/S/ William P.  Schroeder
William P.  Schroeder

5