UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| SCOTT HUTCHINSON ENTERPRISES, INC., et al | ) ) ) CIVIL ACTION NO. C-1-01-776 |
| PLAINTIFFS | ) ) JUDGE WEBER |
| v. | ) ) |
| LARRY RHODES, INC., et al | ) APPEARING ON BEHALF OF: ) DEFENDANTS, JAMES M. ZIMMER AND ) H. JACK GEISLER |
| DEFENDANTS | ) |

### SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS GEISLER AND ZIMMER'S MOTION FOR SUMMARY JUDGMENT

The Defendants, H. Jack Geisler ("Geisler") and James M. Zimmer ("Zimmer") (collectively the "Defendants"), by counsel, hereby tender this Supplemental Brief in Support of their Motion for judgment as a matter of law and dismissal of all claims against them because they are barred by the statute of limitations.[1]  In support, Geisler and Zimmer state as follows:

---

[1] At oral argument, the undersigned indicated that Geisler and Zimmer were being forced to defend this matter with their own financial resources due to the fact that the insurance carrier of their former employer, Rhodes, Inc. ("Rhodes"), had declared bankruptcy and Rhodes was refusing to defend them. The undersigned accurately represented that Geisler and Zimmer could not afford to defend themselves beyond the present motion and, if not granted, would likely file bankruptcy.  The undersigned volunteered to provide financial documentation to the Plaintiffs and the Defendant, H.T. Boggs ("Boggs") to prove the veracity of those representations.  As a result, the Court ordered the parties to take a 30 day hiatus from further briefing to try and settle the case.  The undersigned did as instructed and supplied counsel for the Plaintiffs and Boggs with tax returns and financial affidavits.  These documents revealed that neither Geisler nor Zimmer own any real property, automobiles, boats or aircraft.  In fact, neither own an item of personal property worth more than $1,000 and both are several thousand dollars in debt. Nevertheless, Geisler and Zimmer made a nominal offer of settlement for which they would have to borrow money.  Unfortunately, counsel for Plaintiffs and Boggs never responded to the settlement offer.  Instead, counsel for the Plaintiffs filed their supplemental brief.  Hence, Geisler and Zimmer submit the current pleading.

## **INTRODUCTION**

The sum and substance of the claims asserted against Geisler and Zimmer allege that these individuals were professionally negligent when they issued their November 8, 1999 Assessment regarding the real property at issue in this litigation. Both the Plaintiffs and Boggs claim that Zimmer and Geisler were negligent when the report failed to identify certain federally-protected lands. The claims against Geisler and Zimmer were not commenced until the filing of a Second Amended Complaint on November 25, 2003 - more than fours year after the alleged negligence occurred. Thus, the Defendants filed a motion for summary judgment because the applicable statute of limitations contained in O.R.C. §2305.09(D) bars any such claims against them.

At oral argument on Defendants' Motion, this Court raised an issue not previously argued by the Plaintiffs or Boggs. Specifically, the Court noted that Plaintiffs filed their motion for leave to amend their Complaint within the applicable statute of limitations period and asked if this somehow salvaged their claims.[2] The Court reserved ruling on Geisler and Zimmer's Motion for Summary Judgment until after the parties were afforded an opportunity to brief the matter.

Plaintiffs' Supplemental Brief does not cite to any Ohio authority in support of a favorable ruling on this issue. Indeed there is none. Plaintiffs' sole argument is that because they requested leave to file their Second Amended Complaint within the four (4) year statute of limitations, the doctrine of equitable tolling should toll the statute of limitations. Ohio law does

---

[2] The Plaintiffs filed a Motion requesting leave of the Court to file a second Amended Complaint on November 6, 2003 - two days before expiration of the four year statute of limitations. The Motion was not granted and the Second Amended Complaint was not filed until November 25, 2003 - 17 days after expiration of the statute of limitations.

2

not contemplate Plaintiffs' creative attempts to avoid the limitations period and neither should this Court.

As the following will demonstrate, under Ohio law, Plaintiffs' claims against Geisler and Zimmer are barred by the statute of limitations. Geisler and Zimmer are entitled to judgment as a matter of law because all claims asserted against them are barred by the statute of limitations.

**ARGUMENT**

    **A.    The Filing of a Motion for Leave to Amend Does Not "Commence" An Action For Statute of Limitation Purposes.**

Ohio Civil Rule 3(A) "determines when an action commences for statute of limitations purposes." *Allis-Chalmers Credit Corp. v. Herbolt*, 470 N.E.2d 293 (1984). Civ.R. 3(A) states that "[a] civil action is commenced by *filing a complaint* with the Court, if service is obtained within one year of such filing." (emphasis added.) The Rule requires that a *complaint, not a motion requesting leave to file a Complaint,* be filed with the court in order to commence a civil action for statute of limitations purposes. See *State Ex. Rel. Simms v. Sutula*, 689 N.E.2d 564 (1998) (holding that action must be commenced by filing of complaint or petition rather than motion). Thus, applying Ohio law to the facts of the case, Plaintiffs' motion for leave was not equivalent to the filing of a complaint necessary to commence an action against Defendants within the applicable limitations period.

In *Morrison v. First National Bank*, 2002 WL 264578 (Ohio App. 2002), the plaintiff argued for a tolling of the limitations period because she attempted to bring claims against a new party to the litigation when she sought leave to amend her complaint to add the new party. The Court concluded that the plaintiff had not timely brought her claims. The Court reasoned that there was no evidence in the record which would indicate that the Plaintiff took

3

any action to effect service upon the new party during the pendency of her motion to amend her complaint to add the new party. *Id.* Consequently, Plaintiff's motion to amend her complaint did not constitute an "attempt to commence" the action. *Id.*

Clearly, if the filing of a motion to amend a complaint does not constitute an "*attempt* to commence" an action, it cannot qualify as the actual commencement of the action for purposes of Civ.R. 3. Moreover, it is axiomatic that Plaintiffs did not attempt to serve the Defendants prior to expiration of the limitations period. Accordingly, Plaintiffs' motion for leave and the attachment of the complaint as an exhibit thereto, did not constitute the commencement of an action as contemplated by Civ.R. 3 and their claims against Defendants must be dismissed as a matter of law.

Plaintiffs' contend that by attaching their Second Amended Complaint as an exhibit to their Motion for Leave to Amend, the complaint was filed on November 6, 1999, the date that the Motion for Leave to Amend was filed. This argument defies logic and Ohio law. Clearly an exhibit attachment is not a filing. Additionally, the Plaintiffs' could have only filed their Second Amended Complaint by leave of the court. See Civ.R.15(A). It is contrary to common sense to reason that even though the law requires court permission before a party can "file" a particular document, that by attaching the document to a motion for permission, the document has been "filed" prior to the granting of such permission. Ohio Courts have held that until the court grants leave, the document is not deemed filed. *See Blakeman v. Condorodis*, 599 N.E.2d 776, 780 (Ohio App. 1991). Moreover, if the complaint was deemed filed on the date of filing the motion, it would have been unnecessary and futile for this Court to enter an Order directing the Clerk to file Plaintiffs' Second Amended Complaint on November 25, 2003.

The cases relied upon by Plaintiffs are inapplicable for two reasons. First, they deal specifically with a tolling statute. *See Smith v. McGinnis*, 208 F.3d 13 (2d. Cir. 2000) (concerning only the proper application of the tolling statute and calculation of the one-year grace period); *Velverde v. Stinson*, 224 F.3d 129 (2d Cir. 2000) (same holding).[3]

Second, all of the Plaintiffs' cases make it clear that equitable tolling is proper only in "rare and exceptional circumstances." *See id.* As Plaintiffs' concede in brief, they bear the burden of proving that despite their best efforts, circumstances beyond their control prevented timely filing of their claims. (Plaintiffs' Supplemental Brief, pp. 4, 5). In this case, the fact that Geisler and Zimmer signed the report at issue has been <u>well known by all parties since November 8, 1999</u>. The Plaintiffs have no excuse for acting belatedly. They offer no evidence of diligence on their part or any "rare and exceptional circumstances" beyond their control -- because there is none.

Moreover, the equities in this case favor the Defendants. The Defendants are not able to participate meaningfully in this litigation because they are defending this action with their own financial resources because Rhodes, Inc. has refused to defend them and the insurance company through which Rhodes, Inc. secured its malpractice insurance has gone bankrupt. Consequently, the prejudice and harm to the Defendants if this Court were to allow the Plaintiff to circumvent the statute of limitations is immeasurable.

Lastly, Plaintiffs make a half hearted attempt to cast doubt on whether they received the Geisler and Zimmer report on November 8, 1999. The report was correctly

---

[3] Plaintiffs also cite the cases of *Gil v. Vogilano*, 131 F.Supp.2d 486 (S.D.N.Y. 2001) and *Bin Wahad v. F.B.I.*, 132 F.R.D. 17 (S.D.N.Y. 1990). Both of these case are factually distinguishable. *Gil* involved a pro se litigant and the court simply adhered to its long standing practice of applying more lenient standards for such litigants. In *Bin Wahad* the court reasoned that tolling was justified because the defendant caused the delay in discovering the relevant facts.

addressed to the Plaintiffs and the Court noted at oral argument that, even if mailed, the report only had to travel from Kentucky to Ohio. Under the Civil Rules a mailing is presumed received within three days. Most importantly, Plaintiffs have come forward with no evidence the report was not received. If they really wanted to seriously argue this point, where is an affidavit from Mr. Hutchinson swearing under oath he did not get the report? A properly supported motion for summary judgment, such as that filed by the Defendants, cannot be defeated unless the non-moving party comes forward with some probative evidence to support its claim. *See White v. Turfway Park Racing Ass'n*, 909 F.2d 941 (6th Cir. 1990). The non-moving party may not simply rest upon general allegations without any evidence. *See id.* Thus, the red-herring inferences regarding receipt of the report raised by Plaintiffs in their Supplemental Brief are insufficient as a matter of law to defeat Defendants' Motion for Summary Judgment.

### CONCLUSION

Ohio Civil Rules of Procedure require the filing of a complaint to commence an action for statute of limitations purposes and distinguish between the filing of a complaint and motions requesting permission to do so. A motion seeking leave to amend a Complaint is not the "commencement of an action" contemplated by the rules and as such cannot operate to toll the statute of limitations. Accordingly, the Defendants, H. Jack Geisler and James M. Zimmer respectfully request that this Court grant judgment as a matter of law in their favor and dismiss all claims against them as barred by the statute of limitations.

Respectfully submitted,

_W. Craig Robertson (signature)_
W. Craig Robertson III
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, KY 40507-1746
859.233.2012 (main)
859.259.0649 (facsimile)

Gayle B. McGrath (0028390)
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, KY 40507-1746
859.233.2012 (main)
859.259.0649 (facsimile)

*Counsel for H. Jack Geisler and James M. Zimmer*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following, by U.S. mail and by facsimile, on this the 4th day of March, 2004:

Thomas R. Schuck
Taft, Stettinius & Hollister
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3057

William P. Schroeder
11935 Mason Road, Suite 100
Cincinnati, OH 45249

E. David Marshall
271 West Short Street, Suite 111
Lexington, KY 40507

Bradford Sanders
9122 Montgomery Road, Suite 201
Cincinnati, OH 45242

_W. Craig Robertson (signature)_
*Counsel for James M. Zimmer and H. Jack Geisler*

30361880.1