Slip Copy  Page 10
2005 WL 589889 (Ohio App. 7 Dist.), 2005-Ohio-1119
(Cite as: 2005 WL 589889 (Ohio App. 7 Dist.))

CHECK OHIO SUPREME COURT RULES FOR REPORTING OF OPINIONS AND WEIGHT OF LEGAL AUTHORITY.

Court of Appeals of Ohio, Seventh District, Mahoning County.
Eugene R. SHARP, Appellant,
v.
OHIO CIVIL RIGHTS COMMISSION, et al., Appellees.
No. 04 MA 116.

March 10, 2005.

Civil Appeal from Common Pleas Court, Case No. 01CV1384, Affirmed.

Eugene R. Sharp, Austintown, Ohio, for Appellant, pro se.

Attorney Jim Petro, Attorney General, Attorney Patrick Dull, Assistant Attorney General, Columbus, Ohio, for Ohio Civil Rights Commission, for Appellees.

Attorney Christopher Newman, Attorney George White IV, Youngstown, Ohio, for Hynes Industries, Inc.

Hon. JOSEPH J. VUKOVICH, Hon. CHERYL L. WAITE and Hon. MARY DEGENARO.

OPINION

VUKOVICH, J.

*1 {¶ 1} Appellant Eugene R. Sharp appeals the decision of the Mahoning County Common Pleas Court affirming appellee Ohio Civil Rights Commission's (Commission) dismissal of Sharp's charge of discrimination against his former employer appellee Hynes Industries, Inc. The Commission dismissed the charge because it was not filed within the time limits prescribed by R.C. 4112.05(B)(1) and the doctrine of equitable tolling was inapplicable to the facts of the case. The issue presented in this appeal is whether the trial court abused its discretion in finding that the Commission's dismissal was supported by reliable, probative, and substantial evidence. For the reason stated below, the judgment of the trial court is affirmed.

*STATEMENT OF FACTS AND CASE*
{¶ 2} In August 1988, Sharp injured his shoulder while working for Hynes Industries. This injury caused him to begin disability leave sometime in 1991. In February 1993, Sharp's treating physician advised that Sharp had "reached maximum medical improvement," however, any future employment would "continue with full restrictions on the right arm." One month later, this same doctor wrote that Sharp could return to work with no restrictions in April 1993. Two other doctors examined him in April and May and concluded that his disability was permanent in nature and he could not perform any work for Hynes. Sharp filed his application for retirement effective April 6, 1993. Sharp contends that his retirement was coerced.

{¶ 3} On October 24, 2000, Sharp filed a charge of discrimination with the Commission claiming that his discharge from Hynes was due to his age and alleged disability. He claimed that he was 68 years old and had been "treated unequally on an ongoing basis." 10/24/00 Charge of Discrimination. He further contended that another individual who was younger was under similar physical circumstances, but had been accommodated by permitting that individual to return to an alternative position. 10/24/00 Charge of Discrimination.

{¶ 4} The Commission did an investigation into Sharp's charges. It found that his charge was filed over seven years after his termination, and thus, it was not filed within the six month time period required by R.C. 4112.05(B)(1). Sharp requested reconsideration of this decision claiming that the doctrine of equitable tolling applied to him. The Commission reviewed his case and determined that the facts surrounding his discharge were known to him at the time of his discharge and that the only reason he had not filed earlier was because "he did not realize the forum of the Ohio Civil Rights Commission was available to him." Reconsideration Report Attachment D-13 and D-14. The dismissal was upheld.

{¶ 5} On March 25, 2001, Sharp filed, pursuant to R.C. 4112.06, a petition for judicial review in Mahoning County Common Pleas Court requesting review of the Commission's decision. The

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                 Page 11
(Cite as: 2005 WL 589889, *1 (Ohio App. 7 Dist.))

magistrate's decision was filed on April 15, 2004, recommending that the trial court affirm the Commission's dismissal. The common pleas court adopted the magistrate's decision and ordered judgment in favor of Hynes based upon the Commission's lack of jurisdiction. Sharp appeals that decision.

*ASSIGNMENT OF ERROR*
*2 {¶ 6} "THE COURT OF COMMON PLEAS ERRED IN FINDING AS A MATTER OF LAW THAT MY APPEAL FOR JUDICIAL REVIEW WAS BARRED BY THE STATUTE OF LIMITATIONS, IN THAT THE COURT REFUSED TO INVOKE THE DOCTRINE OF EQUITABLE TOLLING."

{¶ 7} The scope of appellate review of a trial court's judgment is limited to determining whether it abused its discretion in affirming the Commission's order. See *United Parcel Serv., Inc. v. Ohio Civil Rights Comm.* (1991), 71 Ohio App.3d 146, 149. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶ 8} Sharp argues that the doctrine of equitable tolling applies because Hynes fraudulently concealed information that would have made him aware of its discriminatory act. His argument is essentially that the common pleas court abused its discretion in affirming the Commission's decision because some information, specifically one doctor's report, was "hidden from him until May 18, 1993." Consequently, he asserts that the doctrine of equitable tolling applies and thus his claim is not barred by the statute of limitations. The Commission and Hynes rebut these arguments by contending that the Commission's decision was supported by reliable, probative, and substantial evidence, and therefore, the common pleas court did not abuse its discretion.

{¶ 9} R.C. 4112.05(B)(1) clearly states that a discrimination charge, like the one asserted in this case, must be filed in writing with the Commission within six months after the alleged unlawful discriminatory practice was committed. Sharp's claim clearly falls outside of this time limit as it was filed over seven years after his alleged forced retirement based upon age and disability discrimination.

{¶ 10} However, this does not necessarily mean that this claim is barred. The doctrine of equitable tolling may be employed to prohibit inequitable use of the statute of limitations. *Livingston v. Diocese of Cleveland* (1998), 126 Ohio App.3d 299, 314; *Frigo v. Steiner,* 5th Dist. No. 03CA111, 2004-Ohio-3056 . See, also, *Nash v. City of Oakwood* (S.D.Ohio 1982), 541 F.Supp. 220, citing *Zipes v. Trans World Airlines, Inc.* (1982), 455 U.S. 932. Fraudulent concealment may be used as grounds for equitable tolling. *Ignash v. First Serv. Fed. Credit Union,* 10th Dist. No. 01AP-1326, 2002-Ohio-4395. To invoke the doctrine of fraudulent concealment as a ground for equitable tolling, an appellant must show: (1) that appellee engaged in a course of conduct to conceal evidence of the alleged wrongdoing; and (2) that appellant failed to discover the facts giving rise to the claim despite the exercise of due diligence. Id., citing *Evans v. Rudy-Luther Toyota, Inc.* (D.Minn.1999), 39 F.Supp.2d 1177, 1184.

{¶ 11} The use of the equitable tolling doctrine, however, "is not an escape valve through which jurisdictional requirements will evaporate since '(t)he tolling of the statutory periods of equitable grounds is usually very much restricted." ' *Brown v. Mead Corp.* (C.A.6, 1981), 646 F.2d 1163, 1165. Equitable tolling is only available in compelling cases which justify a departure from established procedure. *Sabouri v. Ohio Dept. of Edn.* (C.A.6, 1998), 142 F.3d 436 (stating equitable tolling not applicable when 224 days late), citing *Puckett v. Tennessee Eastman Co.* (C.A.6, 1989), 889 F.2d 1481.

*3 {¶ 12} A review of the record indicates that the common pleas court did not abuse its discretion in determining that the Commission's finding was supported by reliable, probative and substantive evidence. The record indicates that he was at the least partially aware of the alleged discriminatory treatment at the time of his alleged forced retirement in 1993. He was conscious of the fact that another individual in a similar physical situation was accommodated by Hynes. However, even if he had not known of this until recently, this would not have tolled the statute of limitations because he could have obtained this information through due

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

diligence. As aforementioned, Sharp was required to use due diligence to discover the facts giving rise to the claim. *Ignash,* 10th Dist. No. 01AP-1326. If he failed to use due diligence, equitable tolling would be inapplicable. See Id.

{¶ 13} Furthermore, it appears that there was only one report, a report from Dr. Modic, which was allegedly hidden from him. Even if we assume that the aforementioned report was concealed from appellant, and we further assume that this report could lend support for his discrimination claim, appellant still cannot invoke the doctrine of equitable tolling. Appellant obtained the report in question in May 1998. Equitable tolling would only permit a claim to be filed within six months of that date for discrimination. He filed his claim in October 2000, well beyond the time contemplated in the doctrine.

{¶ 14} Moreover, the Commission's record establishes that the reason Sharp did not avail himself of the forum of the Commission was because he did not know that it was available to him. As the magistrate correctly stated, "ignorance of the law does not toll the statute of limitations." *Lynch v. Dial Fin. Co. of Ohio No.1, Inc.* (1995), 101 Ohio App.3d 742, 748. As such, equitable tolling would not save this claim.

{¶ 15} The record is devoid of any support for fraudulent concealment. The common pleas court did not abuse its discretion in affirming the Commission's dismissal of Sharp's discrimination charge.

{¶ 16} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

WAITE, J., DEGENARO, J., concurs.

2005 WL 589889 (Ohio App. 7 Dist.), 2005-Ohio-1119

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.