UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Scott Hutchison Enterprises, Inc., et al., | : | Civil Action No. C-1-01-776 |
| | : | |
| | : | Judge Weber |
| Plaintiffs | : | |
| | : | **MOTION OF DEFENDANT H.T.** |
| v. | : | **BOGGS TO STRIKE PLAINTIFFS'** |
| | : | **MOTION FOR PARTIAL SUMMARY** |
| Rhodes, Inc., et al., | : | **JUDGMENT AGAINST HIM (DOC** |
| | : | **NO. 110) AND MEMORANDUM IN** |
| Defendants | : | **SUPPORT** |

Defendant H.T. Boggs hereby moves the Court, pursuant to Rules 16(f) and 37(b)(2)(C) of the Federal Rules of Civil Procedure, to strike Plaintiffs' motion for partial summary judgment against him (doc. no. 110) filed on March 22, 2005 on the grounds that the motion is untimely and is contrary to the schedule agreed to by counsel for Plaintiffs and Defendant Boggs and proposed to the Court on November 13, 2003 (doc. no. 70). This motion is supported by the following memorandum.

Additionally, Defendant Boggs moves the Court, pursuant to Local Rule 6.1, to extend the time within which he may respond to Plaintiffs' motion for partial summary judgment pursuant to Local Rule 7.2 until 21 days after the Court decides Defendant Boggs' motion to strike.

**MEMORANDUM**

The Court is familiar with the facts of this case, inasmuch as it has been extensively briefed on the motions for summary judgment which were timely filed by Defendant Boggs on April 7, 2004 (doc. no. 93) and Defendants James M. Zimmer and H. Jack Geisler on April 13, 2004 (doc. no. 94). These motions were argued at the hearing conducted by the Court on

January 19, 2005 (doc. no. 105). At that time, the Court established a further briefing schedule for the *limited purpose* of allowing counsel for Defendants Zimmer and Geisler to present authority in support of their asserted defense based on the applicable statute or statutes of limitation (doc. no. 106). The briefing on that issue has now been completed.

On July 23, 2003, the Court entered its Amended Scheduling Order (doc. no. 44) requiring that all dispositive pretrial motions, which include motions for summary judgment, be filed by April 26, 2004. On November 4, 2003, the Court directed the parties to submit a joint status report prior to a status/scheduling conference to be held on November 19 (doc. no. 67). Counsel for Plaintiffs and Defendant Boggs submitted a joint status report on November 13, 2003 (doc. no. 70). At that time, they jointly proposed that the Court bifurcate the issues of liability and damages in the case and allow Plaintiffs to file a Second Amended Complaint adding Defendants Zimmer and Geisler to the action based on the recently conducted deposition of Defendant Larry Rhodes, Inc.

As part of this joint status report, counsel for Plaintiffs and Defendant Boggs tendered a proposed Second Amended Scheduling Order (copy attached to doc. no. 70) providing that "[a]ll dispositive pretrial motions addressed to issues of liability not requiring expert testimony shall be filed by July 1, 2004." It appears that based on that proposal, the Court vacated its Amended Scheduling Order, granted Plaintiffs leave to amend their complaint again, and ultimately directed the parties to submit another proposed scheduling order within 10 days after the disposition of the motions for summary judgment (doc. nos. 73 and 97) – that is, the motions filed on behalf of Defendant Boggs and Defendants Zimmer and Geisler in April, 2004.

Plaintiffs did not seek summary judgment at that time. Indeed, Plaintiffs asserted in response to Defendant Boggs' motion for summary judgment that "[i]t is clear that the test for

Summary Judgment is not met in this case" (doc. no. 98, p. 8).  Heretofore, Plaintiffs' counsel has been content to rest on what he previously filed on the fraud issue; he requested permission to supplement the record with respect to the statute of limitations defense asserted by Defendants Zimmer and Geisler, but not as to his claims against Defendant Boggs, and the Court's order following oral argument (doc. no. 106) so reflects.  Accordingly, briefing on Plaintiffs' fraud claim against Defendant Boggs has been completed since May 4, 2004, when Defendant Boggs filed his reply memorandum in support of his motion for summary judgment (doc. no. 100).

Plaintiffs' motion for partial summary judgment against Defendant Boggs does not raise anything new.  It is addressed to the fraud claim which is the subject of Defendant Bogg's motion for summary judgment filed in April, 2004 (doc. no. 93, pp. 12-17) and the responsive and reply memoranda filed thereafter (doc. no. 98, pp. 9-13; doc. no. 100).  Plaintiffs have offered no reason – much less a good reason – for not having sought summary judgment by cross-motion in the Spring of 2004 after Defendant Boggs filed his motion if they believed that summary judgment was appropriate.  Defendant Boggs therefore submits that Plaintiffs' motion for partial summary judgment is untimely and violates the spirit if not the letter of the Court's previous orders and counsel's joint status report of November 13, 2003 (doc. no. 70).  Accordingly, Defendant Boggs the Court to strike Plaintiffs' motion for partial summary judgment against him and decide Plaintiffs' fraud claim on the basis of the memoranda previously filed by the parties and the arguments of counsel at the hearing conducted on January 19, 2005.

Alternatively, however, should the Court permit Plaintiffs' motion for partial summary judgment against Defendant Boggs to stand, Defendant Boggs requests the Court to stay the time in which he is required to respond to it until after the Court decides this motion to strike, so that

Defendant Boggs will have the opportunity which the Local Rules provide within which to respond.

                Respectfully submitted,

                */s/ Thomas R. Schuck*
                Thomas R. Schuck (0005336)
                Trial Attorney for Defendant H.T. Boggs
                Taft, Stettinius & Hollister LLP
                425 Walnut Street, Suite 1800
                Cincinnati, Ohio  45202-3957
                (513) 381-2838

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he served a copy of the foregoing Motion of Defendant H.T. Boggs to Strike Plaintiffs' Motion for Partial Summary Judgment Against Him (doc. no. 110) and Memorandum in Support upon the following counsel of record electronically or by regular United States mail, postage prepaid this 22nd day of March, 2005:

                                                */s/ Thomas R. Schuck*
                                                Thomas R. Schuck

| | |
|---|---|
| William P. Schroeder, Esq.<br>Attorney for Plaintiffs<br>11935 Mason Road, Suite 100<br>Cincinnati, Ohio 45249 | Gayle B. McGrath, Esq.<br>W. Craig Robertson, III. Esq.<br>E. Christine Lewis, Esq.<br>250 West Main Street, Suite 1600<br>Lexington, Kentucky 40507-1746 |
| E. David Marshall, Esq.<br>271 West Short Street, Suite 111<br>Lexington, Kentucky 40507 | |
| M. Bradford Sanders, Esq.<br>9122 Montgomery Road, Suite 201<br>Montgomery, Ohio 45242<br>Attorneys for Defendant Rhodes, Inc.,<br>Rhodes Incorporated, and Rhodes &<br>Associates, Inc. | |