UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT HUTCHISON ENTERPRISES, et al., | : | Case No. 1:01-CV-00776 |
| | : | |
| | : | Judge Weber |
| Plaintiffs | : | |
| | : | **PLAINTIFFS' MEMORANDUM** |
| vs. | : | **OPPOSING DEFENDANT, H.T. BOGGS'** |
| | : | **MOTION TO STRIKE** |
| RHODES, INC., et al., | : | |
| | : | |
| Defendants. | : | |

H.T. Boggs' Motion to strike is not well-taken and should be overruled. Plaintiffs violated neither Rule 16(F), nor Rule 37(B)(2)(c), nor any other of the Federal Rules of Civil Procedure, nor have they violated either the letter or the spirit of any scheduling or pretrial order.

At the scheduling conference of November 19, 2003, as confirmed by the Minute Entry (doc. no. 72), the schedule existing at that time was vacated, "order to issue". Subsequently, on November 20, 2003, an Order was issued stating, "the current scheduling order is vacated. Counsel shall submit a proposed scheduling order within sixty days after the execution of service on new parties ..." That same Order granted leave to file the Second Amended Complaint and ordered the Clerk to file it. The next pertinent scheduling order was entered April 28, 2004. That Order cancelled a status conference which had been scheduled for April 30, 2004 and ordered a "proposed scheduling order be submitted within ten days of the disposition of SJMs. Hence, there is no order of record that was violated by the filing of a Motion for Partial Summary Judgment against Boggs on March 22, 2005.

Defendant, Boggs argues that the Plaintiffs' Motion for Partial Summary Judgment is untimely, and "violates the spirit if not the letter" of the Court's previous orders and counsels' joint

status reports. The goal of counsel and the Court was to deal first with issues that can be ruled on as a matter of law for the sake of judicial economy. It is apparent that the Motions for Partial Summary Judgment filed on March 22, 2005 seek to accomplish precisely that. Boggs acknowledges that the Plaintiffs' Motion "does not raise anything new". Hence, while the Motion might have been filed earlier, it is hard to reason why the Motion should now be stricken, since neither the letter nor the spirit of any law, rule or scheduling order has been violated.

Plaintiffs have no objection to the alternative relief sought by Defendant, Boggs, asking that Boggs' response time be stayed until after the Court decides Boggs' Motion to strike.

Respectfully submitted,

/S/ William P. Schroeder
William P. Schroeder (0027123)
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249
(513) 583-4212
(513) 583-4203 Fax
Trial Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: E. David Marshall at edavidm@iglou.com; Gayle Benner McGrath at gmcgrath@wyattfirm.com; and Thomas Robert Schuck at schuck@taftlaw.com and **I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:**

Kevin J. Waldo, 413 Center Street, Ironton, OH 45638-1505; E. Christine Lewis, Wyatt Tarrant & Combs, LLP, 250 West Main Street, Suite 1600, Lexington, KY 40507-1746; W. Craig Robertson, Wyatt Tarrant & Combs, LLP, 250 West Main Street, Suite 1600, Lexington, KY 40507-1746; Craig R. Paulus, Taft Stettinius & Hollister, 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202; and M. Bradford Sanders, Sanders & Associates, 9122 Montgomery Road, Suite 201, Montgomery, OH 45242.

/S/ William P. Schroeder
William P. Schroeder