FILED ELECTRONICALLY

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| SCOTT HUTCHINSON ENTERPRISES, INC., et al | ) <br> ) CIVIL ACTION NO. C-1-01-776 <br> ) |
| PLAINTIFFS | ) <br> ) <br> ) JUDGE WEBER |
| v. | ) <br> ) |
| LARRY RHODES, INC., et al | ) APPEARING ON BEHALF OF: <br> ) DEFENDANTS, JAMES M. ZIMMER AND |
| DEFENDANTS | ) H. JACK GEISLER |

### DEFENDANTS GEISLER AND ZIMMER'S SUPPLEMENTAL MEMORANDUM AND RESPONSE TO PLAINTIFFS' SUBMISSION OF ADDITIONAL AUTHORITY

On March 21, 2005, Plaintiffs filed a Submission of Additional Authority in Opposition to the Motion for Summary Judgment of Defendants, Geisler and Zimmer. Plaintiffs' submission of additional authority should be stricken from the record as untimely and not contemplated by the Court's Order of January 19, 2005. Specifically, the Court directed the Defendants to file a brief by March 4, 2005 on the limited issue raised at oral argument. Plaintiffs were allowed to file a Response by March 14, 2005 and the Defendants were given until March 21, 2005 to file a Reply.

The parties complied with the foregoing scheduling order and the matter now stands submitted. Plaintiffs most recent filing constitutes an improper additional pleading not contemplated by the Court's Order and should be stricken from the record.

Moreover, Plaintiffs' submission of additional authority adds little value to the current issue before the Court. Plaintiffs' latest one page memorandum relies solely on the recent case of *Short v. Ohio Civil Rights Commission*, 2005 WL 589889 (Ohio App. 7th Dist.

2005). Plaintiffs state that this case stands for the proposition that the doctrine of equitable tolling is still viable under Ohio law.

Geisler and Zimmer have always acknowledged that the doctrine of equitable tolling is viable in Ohio. The point which the Plaintiffs keep missing is that it is only applied in rare and exceptional circumstances, which are not present in the case at bar. Further, the doctrine has never been applied to a claim for professional negligence.

The *Short* decision offers nothing new to the analysis. Like all of the cases previously cited by the Plaintiffs, *Short* did not involve a claim for professional negligence. Further, in *Short,* and all of the cases cited therein, the Court refused to apply the doctrine of equitable tolling.[1] Thus, Plaintiff's additional authority does little to help their position.

In summary, while the doctrine of equitable tolling is viable under Ohio law, it is rarely applied and requires proof of extraordinary circumstances. As pointed out in the Defendants previous briefs, those circumstances are just not present in this case. In all of the cases relied upon by the plaintiffs, the Court has refused to apply the doctrine to toll the statute of limitations and Plaintiffs have cited to no case in which the court has applied the doctrine to a professional negligence claim.

---

[1] *Livingston v. Diocese of Cleveland*, 126 Ohio App. 3d 299, 314 (1998). (In this case involving a victim's claims relating to sexual abuse, the Court refused to apply the doctrine of equitable estoppel as the Plaintiff failed to show a fraudulent misrepresentation by the defendant party); *Frigo v. Steiner*, 5th Dist. #03-CA-111, 2004-Ohio-3056 (Plaintiff in this liable action was not entitled to equitable tolling of one year limitation absent any showing of actual or constructive fraud); *Nash v. City of Oakwood*, 541 F.Supp. 220 (S.D. Ohio 1982). (In this case involving an employment discrimination claim, the court found that doctrine of equitable tolling was inapplicable); and *Ignash v. First Service Federal Credit Union*, 2002 WL 1938412 (Ohio App. 10th Dist. 2002). (The court refused to extend the one year statute of limitations for a Truth in Lending Act claim under the doctrine of equitable tolling stating that appellant had failed to show any fraudulent concealment.)

Accordingly, for the foregoing reasons and those set forth in their prior briefs, this Court should grant Geisler and Zimmer's Motion for Summary Judgment.

Respectfully submitted,

s/ W. Craig Robertson, III
_____
W. Craig Robertson III
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, KY 40507-1746
859.233.2012 (main)
859.259.0649 (facsimile)

Gayle B. McGrath (0028390)
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, KY 40507-1746
859.233.2012 (main)
859.259.0649 (facsimile)

*Counsel for H. Jack Geisler and James M. Zimmer*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following, by U.S. mail, on this the 24th day of March, 2005:

Thomas R. Schuck
Taft, Stettinius & Hollister
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3057

William P. Schroeder
11935 Mason Road, Suite 100
Cincinnati, OH 45249

E. David Marshall
271 West Short Street, Suite 111
Lexington, KY 40507

Bradford Sanders
9122 Montgomery Road, Suite 201
Cincinnati, OH 45242

s/ W. Craig Robertson III
_____
*Counsel for James M. Zimmer and H. Jack Geisler*

30364221.1