**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| SCOTT HUTCHISON ENTERPRISES, et al., | : | Case No. 1:01-CV-00776 |
| | : | |
| | : | Judge Weber |
| Plaintiffs | : | |
| | : | **PLAINTIFFS' REPLY MEMORANDUM** |
| vs. | : | **TO DEFENDANT, H.T. BOGGS'** |
| | : | **OPPOSITION TO PLAINTIFFS' MOTION** |
| RHODES, INC., et al., | : | **FOR SUMMARY JUDGMENT** |
| | : | |
| Defendants. | : | |

Defendant Boggs' Opposition to Plaintiffs' Motion for Summary Judgment is based on the contention that Plaintiffs cannot recover against Boggs for fraudulent inducement, because Plaintiffs "are unable to prove they exercised requisite diligence in the real estate transaction." This argument fails because it is not supported by the record in this case, which clearly demonstrates that the Plaintiffs relied upon Boggs' misrepresentations in consummating the real estate transaction, and did exercise due diligence.

Mr. Hutchison testified unequivocally that he relied upon the representations of Boggs that the site would be ideal for the building of a mobile home park. (Hutchison Dep. Pp. 38-41; 47; 73-76). Notwithstanding those representations, to meet the requirements of the bank financing an environmental assessment was requested, including specific inquiry addressing the potential existence of wetlands. The environmental assessment, done by Defendant, Rhodes, Inc., an independent contractor retained to make the assessment, erroneously concluded that there were no wetlands on the property to be purchased when in fact, there were. However, this does not exculpate Boggs for his knowing misrepresentations, nor does it preclude or challenge the fact that Hutchison relied upon Boggs' representations in purchasing the real estate. Hence, the argument made in the

Boggs' Opposition that "what matters is not what Boggs did or did not say to Hutchison; what matters is what Scott Hutchison did about what he knew and was warned to investigate", is flawed It is based on a misconception of the legal implications of Boggs' misrepresentations under the applicable law, as more fully discussed in Plaintiffs' Motion for Summary Judgment and supporting Memorandum, pp. 6-13.

Boggs also argues "the fact that portions of the vacant lots lie within a federally designated wetlands is readily ascertainable by looking at U.S.G.S. topographical map for the Catslettsburg, Kentucky quadrangle." This is inaccurate. In fact, the existence of a jurisdictional wetland can be determined only by a scientific assessment to ascertain the presence of three criteria: hydric soils, hydrophitic vegetation, and hydrology. (Tammy Fudge Dep. p. 38). Such a determination involves the use of scientists who specialize in these criteria and the determination of whether the actual on-site conditions meet the criteria of a jurisdictional federal wetland. (Tammy Fudge Dep. pp. 40-41). That explains why a wetlands assessment had been done on the Navy Trucking Company property (adjacent to the subject real estate) and the existence of wetlands there were identified, (Blatt Dep. pp. 24-29; Ex. 159) and communicated to Mr. Boggs' manager when he was clearing the property. (Blatt Dep. pp. 40-46). See, also, Exhibits 159 and 168 (wetlands assessment) referable to the subject property, which delineates the areas where jurisdictional wetlands actually exist.

It is clear on the record that Boggs knew of this, and knowingly misrepresented to Hutchison that the site would be suitable for the development of a mobile home park, when in fact, he knew otherwise. In fact, Boggs had recently abandoned his own plans to develop a mobile home park shortly before making these representations to Hutchison.

Plaintiffs' Motion for Summary Judgment against Boggs should be granted. Boggs' Motion

for Summary Judgment should be denied.

        Respectfully submitted,

        /S/ William P. Schroeder
        William P. Schroeder (0027123)
        SCHROEDER, MAUNDRELL, BARBIERE & POWERS
        11935 Mason Road, Suite 110
        Cincinnati, Ohio 45249
        (513) 583-4211
        (513) 583-4203 Fax
        Trial Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: E. David Marshall at edavidm@iglou.com; Gayle Benner McGrath at gmcgrath@wyattfirm.com; and Thomas Robert Schuck at schuck@taftlaw.com and **I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:**

Kevin J. Waldo, 413 Center Street, Ironton, OH 45638-1505; E. Christine Lewis, Wyatt Tarrant & Combs, LLP, 250 West Main Street, Suite 1600, Lexington, KY 40507-1746; W. Craig Robertson, Wyatt Tarrant & Combs, LLP, 250 West Main Street, Suite 1600, Lexington, KY 40507-1746; Craig R. Paulus, Taft Stettinius & Hollister, 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202; and M. Bradford Sanders, Sanders & Associates, 9122 Montgomery Road, Suite 201, Montgomery, OH 45242.

        /S/ William P. Schroeder
        William P. Schroeder