UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SCOTT HUTCHISON
ENTERPRISES, et al.,

         Plaintiff,

    v.                                                      C-1-01-776

RHODES, INC., et al.,

         Defendants.

**<u>ORDER</u>**

      This matter is before the Court upon plaintiffs' Motion Requesting Modification of the Court's Order of August 18, 2005 Granting Summary Judgment as to Defendant Boggs, to Add Rule 54(b) Language that "There Is No Just Reason for Delay" and for a Stay of These Proceedings Pending Appeal (doc. 130). The motion is unopposed. In support of the motion, plaintiffs contend that if the parties proceed to trial on the claims and issues against defendants H. Jack Geisler and James M. Zimmer, and the decision granting summary judgment to defendant H.T. Boggs is later reversed on appeal, it will then be necessary to try the case again with Boggs actively participating in the trial. Plaintiffs assert that an immediate appeal would determine whether Boggs is a necessary participant in the trial and avoid the prospect of trying the case twice. Plaintiffs additionally note that Boggs has cross-claims pending against defendants Zimmer, Geisler, and Rhodes and that those claims would best be tried, if they are tried at all, after it is known whether the Order granting summary judgment in favor of Boggs is affirmed or reversed on appeal.

1

Fed. R. Civ. P. 54(b) provides, in pertinent part, as follows:

> When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Rule 54(b) "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." **Lowery v. Federal Express Corporation,** - - F.3d - - , 2005 Fed.App. 0419P, 2005 WL 2663190 (Oct. 20, 2005) (quoting **Solomon v. Aetna Life Ins. Co.,** 782 F.2d 58, 60 (6th Cir. 1986)). Whether to direct entry of a final judgment under Fed. R. Civ. P. 54(b) is within the district court's discretion. **Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc.,** 807 F.2d 1279, 1282 (6th Cir. 1986). That discretion is not, however, unbridled. **Id.** "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." **Lowery,** 2005 WL 2663190 (quoting **Curtiss-Wright Corp. v. Gen. Elec. Co.,** 446 U.S. 1, 8 (1980)). Rule 54(b) is not to be used routinely or as a courtesy or accommodation to counsel. **Corrosioneering,** 807 F.2d at 1282. It should be invoked only "in the infrequent harsh case" where its use would facilitate the administration of justice. **Id.**

As to the Rule 54(b) requirement that the district court expressly "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties," the Sixth Circuit has noted that "[e]ven though different theories of liability may have been asserted, the concept of a

'claim' under Rule 54(b) denotes 'the aggregate of operative facts which give rise to a right enforceable in the courts.'" ***Lowery,*** 2005 WL 2663190 (quoting ***McIntyre v. First Nat'l Bank of Cincinnati,*** 585 F.2d 190, 192 (6th Cir. 1978) (citations omitted)). With regard to the requirement that the district court determine there is "no just reason for delay," the Sixth Circuit has stated that this determination requires consideration of "judicial administrative interests as well as the equities involved." ***Id.*** (citing ***Curtiss-Wright Corp. v. G.E. Co.,*** 446 U.S. 1, 8 (1980)). Among the factors to be considered in determining whether this requirement is met are: "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like." ***Id.***

Upon consideration of the posture of this suit, the Court exercises its discretion to deny plaintiffs' motion. First, although this case involves multiple claims asserted against multiple parties, the claims are inextricably intertwined. The claims arise out of the same set of operative facts. There is a great deal of overlap among the claims in that plaintiffs allege that they were misled by the acts and omissions of all the defendants regarding the same matters, resolution of each of the claims hinges on plaintiffs' knowledge of the environmental conditions on the subject property and on information that was available to the various parties, and the damages sought against each defendant are the same. Second, it does not appear that the need for review would be

3

mooted by future developments in this court regarding the claims that remain pending against Rhodes, Zimmer, and Geisler. This is particularly true since it is questionable whether plaintiffs would be able to collect on a judgment against these defendants in view of the representation made to the Court that Rhodes has refused to defend Zimmer and Geisler in this matter and the insurance company through which Rhodes secured its professional malpractice coverage has now gone bankrupt. *See* doc. 94, p. 2, n. 1. Third, the reviewing court may be obliged to consider the same issue a second or even a third time if the decision in favor of Boggs were to proceed to appeal at this point. That is, the reviewing court would be obliged to consider (1) the summary judgment decision in favor of Boggs, (2) the claims of one or more of the remaining parties if the case against the other defendants were to proceed to trial and an appeal were to then be taken on those claims, and (3) the claims against Boggs yet again if the reviewing court were to reverse the summary judgment decision in his favor on appeal, those claims were to be tried, and another appeal were to be taken on those claims following the trial. Fourth, Boggs has cross-claims pending against the other defendants. Finally, the circumstances of this case do not justify delaying the proceedings while an appeal is taken from the summary judgment decision in favor of Boggs. This is not "the infrequent harsh case" where application of Rule 54 would facilitate the administration of justice, and the Court perceives "no just reason for delay."

For these reasons, the Court declines to direct entry of a final judgment under Rule 54(b). Plaintiff's motion to include language finding no just cause for delay and for a stay of the proceedings until the appeal from the final judgment is concluded (doc. 130) is **DENIED.** This case will proceed to trial in accordance with the schedule established by the Court.

**IT IS SO ORDERED.**


S/ Herman J. Weber
HERMAN J. WEBER
SENIOR JUDGE, UNITED STATES DISTRICT COURT


J:\HJWA\01-776R54ordPUB.wpd