UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Scott Hutchison Enterprises, Inc., et al.  :  CASE NO: C-1-01-776
:
    Plaintiffs  :  Judge Weber
:
    vs.  :
:
Rhodes, Inc., et. al.  :
:
    Defendants.  :

**PLAINTIFF'S COMPLIANCE WITH FED. R. CIV. P. 26 (a) (2)
EXPERT WITNESS DISCLOSURE
IN COMPLIANCE WITH THE SCHEDULING ORDER OF 9-13-05**

    Come now the Plaintiffs and hereby make their disclosure as to designated expert witnesses in compliance with Fed. R. Civ. P. 26 (a) (2) in compliance with the Scheduling Order of 9-13-05.  The Exhibits and Attachments designated herein, have been provided to counsel separately by regular mail and will not be electronically filed.

**EXPERT WITNESSES DESIGNATED**

    1.    Dan Keith Evans, Ph.D.
           Marshall University, Private Consultant
           Dept. Biological Science
           207 W. 11th Avenue
           Huntington, W. Va. 25701
           (304) 696-3243 fax

Qualifications:  Dr. Evans Curriculum Vitae is attached as Exhibit 1 (to counsel by regular mail).

Opinions:    It is anticipated that Dr. Evans along with Mr. Wood, will testify that they performed a wetlands survey and delineation of the property adjoining the subject real estate in 1995 for Navy Trucking Company, owner of the adjoining property, and reported and delineated an area of wetlands immediately adjoining the subject real estate which existed in 1995.  They subsequently did a further wetlands delineation for the

plaintiff after the plaintiff acquired the property in 2000, which showed an area of wetlands delineated on the subject property. Their report was attached to plaintiff's submissions to the United State Army Corps of Engineers along with an "after the fact" application for a permit. These reports were previously produced and inspected by the defendants and are again attached hereto (to counsel by regular mail). It is expected that they will testify that an area of wetlands existed on the subject property in 1995, and still existed there in 2000.

Report:   Attached (to counsel by regular mail) as Exhibit 2 is the report of Dr. Evans and Samuel A. Wood dated May 3, 1995. The further report of Dr. Evans, Ph.D. and Dr. Dewey Sanderson, Ph.D. dated August 2002 (151 pages) has been produced and distributed to all counsel and is Bates stamped B00104-B00255 and is therefore not attached. See Exhibit 3 as partial to this report. Dr. Evans has conducted no further work and completed no further reports.

2.   Samuel Wood
     4 Greenview Drive
     Charleston, W. VA  25309
     (304) 768-5546
     (304) 768-5470 fax

Qualifications: Samuel Wood's Curriculum Vitae is attached as Exhibit 4 (to counsel by regular mail).

Opinions:   It is anticipated that Mr. Wood will testify that he and Dr. Evans performed a wetlands survey and delineation of the property adjoining the subject real estate in 1995 for Navy Trucking Company, owner of the adjoining property, and reported and delineated an area of wetlands immediately adjoining the subject real estate which existed in 1995. They subsequently did a further wetlands delineation for the plaintiff after the plaintiff acquired the property in 2000, which showed an area of wetlands delineated on the subject property. Their report was attached to plaintiff's submissions to the United States Army Corps of Engineers along with an "after the fact" application for a permit. These reports were previously produced and inspected by the defendants and are again attached hereto (to counsel by regular mail). It is expected that they will testify that an area of wetlands existed on the subject property in 1995, and still existed there in 2000.

Report:   Mr. Wood's report is incorporated within the May 3, 1995 (Exhibit 2) of Dan K. Evans. Mr. Wood has not conducted any further work and has completed no further reports.

      3.      Andrew L. Lockwood
             Geologist - Project Mgr.
             Thomas Company
             412 Sixth Avenue
             P.O. Box 1773
             Huntington, WV  24718

Qualification: Mr. Lockwood's Curriculum Vitae is attached as Exhibit 5 (to counsel by regular mail).

Opinions:    It is anticipated that Mr. Lockwood will testify that he was employed by the plaintiffs to provide assistance, guidance and representation in plaintiff's "after the fact" application to the United States Army Corps of Engineers to address a citation issued to the plaintiffs and a Cease and Desist Order which stopped the plaintiffs from developing the subject property and caused all work to stop. He will testify concerning the application and documentation provided to the Corps of Engineers and the Ohio Environmental Protection Agency to meet their requirements to allow work to proceed. His work is embodied in the application, letters and documents submitted to the Corps of Engineers with the application, all of which has been produced to the defendants for inspection and copying. It is anticipated that Mr. Lockwood's testimony will include an opinion as to what was required of the plaintiffs by way of further investigation of potential wetlands, delineation and remediation to meet the requirements of the Corps of Engineers and Ohio EPA, and the cost and expense to the plaintiffs in meeting these requirements. However, he has submitted no further reports and did not complete his work or his opinions because the testing as to the presence of the Eastern Spadefoot Toad on the subject property, as required by the Ohio EPA as part of the investigation and remediation process, was not completed. Mr. Lockwood did not complete his work, and has not formed further opinions.

Report:    Mr. Lockwood's work to date is embodied in the submissions prepared by him and submitted as the Report of Thomas Company, Engineers, Contractors & Consultants to the Corps of Engineers, which may be regarded as his report on this project. This document has been produced for copying and inspection by defendants. Pertinent portions are attached (to counsel by regular mail) as Exhibit 6 as Mr. Lockwood's report. Mr. Lockwood has done no further work and has completed no further reports because he has left the employ of Thomas Company Inc. See addendum below.

**ADDENDUM:** Mr. Lockwood is no longer employed by Thomas Company, Inc. He has moved out of the area and may not be available to testify at the trial. He did no further work and developed no further opinions prior to his departure. In the event he is not available to testify, it will be necessary to substitute **Mr. Alex B. Thomas, principal and founder of Thomas Company, Inc.**, by whom Mr. Lockwood was employed at the time he did the work for the plaintiff. Mr. Thomas' CV is attached to this Addendum (to counsel by regular mail).

      3 a)    Alex B. Thomas
                Thomas Company, Inc.
                412 Sixth Avenue
                P.O. Box 1773
                Huntington, WV  24718

In the event he is not available to testify, it will be necessary to substitute **Mr. Alex B. Thomas, principal and founder of Thomas Company, Inc.**, by whom Mr. Lockwood was employed at the time he did the work for the plaintiff.  Mr. Thomas' CV is attached to this Addendum (to counsel by regular mail).

      4.       Hal Bryan
                Eco-Tec Inc.
                PO Box 8
                Frankfort, Kentucky  50602-00008
                (512) 695-8060

Qualifications: Hal Bryan's Curriculum Vitae is attached as Exhibit 7 (to counsel by regular mail).

Opinions:    Until recently, Hal Bryan was President and Senior Ecologist of Eco-Tech, Inc., Frankfort, Kentucky.  It is anticipated that Mr. Bryan will testify that he and his company were contacted in December 2001 to consult with and assist plaintiffs in compliance efforts and remediation of the subject property on their behalf.  After meeting with the Corps. of Engineers and the Ohio EPA, it was determined that the Ohio EPA would require an investigation and survey of the subject property to ascertain whether it contains the Eastern Spadefoot Toad.  The absence or presence of the Eastern Spadefoot Toad is stated to be a critical factor in determining whether remediation will be possible, and the extent of the work required by the Corps. of Engineers and Ohio EPA.  Mr. Bryan developed a testing protocol and criteria for the required investigation and testing.  However, as required by Ohio EPA, the testing period continued for an extended period of time.  See attached correspondence and emails from Eco-Tec (to counsel by regular mail).  Mr. Bryan is expected to testify as to what was required by the Corps. of Engineers and Ohio EPA as a part of the investigation and remediation process, and to state his opinion of the reasonable cost of it.  Since the process of obtaining an after the fact development permit from the Corps of Engineers and Ohio EPA is presently underway but not yet complete, Mr. Bryan has not been able to form an opinion and has not yet submitted a report.

Report:        See attached correspondence and emails (Exhibit 8) (to counsel by regular mail)) regarding Testing Criteria for Investigation and Remediation which may be regarded as Mr. Bryan's report to date.  Eco-Tec has not yet completed the investigation and processing of the required after the fact permit.  Therefore they have not developed final conclusions, nor submitted a final report.  See Addendum below.

**ADDENDUM:**

Due to illness, Mr. Hal Bryan has resigned as President and Senior Ecologist of Eco-Tech, Inc., Frankfort, Kentucky, and has been succeeded by Mr. Peter Lee Droppelman. Because of his illness, Mr. Bryan may not be available to testify at the trial, and it may be necessary to substitute Mr. Droppelman, who has succeeded him and taken over his work on the Hutchison project.  Mr. Droppelman's CV is attached to this Addendum (to counsel by regular mail).  The work of Mr. Droppelman and Eco-Tec is continuing and Mr. Droppelman has not yet submitted a report.

    4(a).    Lee Droppelman, Principal Scientist and President
                Eco-Tec Inc.
                PO Box 8
                Frankfort, Kentucky  50602-00008
                (512) 695-8060

Because of Mr. Bryan's illness, Mr. Bryan may not be available to testify at the trial, and it may be necessary to substitute Mr. Droppelman, who has succeeded him and taken over his work on the Hutchison project.  Mr. Droppelman's CV is attached to this Addendum (to counsel by regular mail).

    5.    Randall S. Kuvin, CPA, ABV
                Terry L. Yoho, CPA, MA, CFE, BVAL
                Flagel, Huber, Flagel & Co.
                9135 Governor's Way
                Cincinnati, Ohio  45249

<u>Qualifications</u>: Randall S. Kuvin's Curriculum Vitae is attached as Exhibit 9 (to counsel by regular mail).

<u>Opinions</u>:  Mr. Kuvin is an expert on the subject of business valuation and determination of the business and economic loss resulting from events like the one which is central to this case; i.e., the discovery and/or existence of a wetland or suspected wetland on real estate acquired for development; and the economic loss resulting from the limitations impediment, delay and/or complete foreclosure of the development process.  It is anticipated that Mr. Kuvin will testify as to the extent of business loss and economic loss sustained by the plaintiffs as a result of the misfeasance of the defendants. However, Mr. Kuvin is presently unable to perform an analysis and develop opinions and has therefore submitted no reports, because the investigation and testing of the property by Eco-Tec which is regarded as a threshold or predicate to evaluation of the extent of the loss, has not yet been completed.  Until this work is completed, it will not be possible for Mr. Kuvin to complete his work and form opinions.

<u>Report</u>:  Mr. Kuvin has not submitted a report because his work necessarily must await completion of the investigation and testing of the property by Eco-Tec.

      6.      Crystal Cooney Faulkner
Cooney Faulkner & Stevens
105 E. Fourth Street, Suite 1600
Cincinnati, OH 45202
(513) 768-6796

             Thomas M. Cooney, CPA, CFP
Cooney Faulkner & Stevens
105 East Fourth Street, Suite 1600
Cincinnati, Ohio 45202
(513) 768-6796

<u>Qualifications</u>: The Curriculum Vitae of Crystal Cooney Faulkner and Thomas M. Cooney are attached as Exhibits 10 and 11 (to counsel by regular mail).

<u>Opinions</u>: Crystal Cooney Faulkner and Thomas Cooney are accountants for the plaintiffs. It is our understanding that Thomas Cooney, CPA, is the principal accountant for them, and that his testimony will be mainly as a fact witness, not an expert. His testimony will provide a factual background and basis for the analysis and opinions of Randal Kuvin as to the economic loss resulting from delay and/or complete foreclosure of the development process on the subject property and the business losses resulting. However, Crystal Cooney Faulkner and Thomas Cooney are listed as potential expert witnesses because it is anticipated that a portion of their fact testimony may also involve opinions as to accounting methods, depreciation, profit and loss, and other aspects of plaintiffs' business.

<u>Report</u>: Crystal Cooney Faulkner and Thomas Cooney, CPA, have not submitted a report because their work cannot be completed until the investigation and testing of the property by Eco-Tec has been finished, because the results of that work are essential to determine the extent of remediation required and the extent to which the property can or cannot be developed under the regulations and requirements of the Corps. of Engineers and Ohio EPA.

      7.      L. Dean Swartz, Professional Appraiser
1     Seventh Street
Parkersburg, West Virginia

             714 Thirteenth Avenue
Verona West Virginia

<u>Qualifications</u>: Mr. Schwartz is a certified general appraiser who was retained by the Huntington National Bank to perform an investigation, evaluation and appraisal of the subject property prior to the purchase in October, 1999.

8

A copy of his qualifications and experience is attached hereto as Exhibit 12 (to counsel by regular mail). His qualifications and experience are further stated in the text of his deposition which was taken by videotape and stenographic record on October 10, 2003.

<u>Opinions</u>:    Mr. Schwartz opinions are stated in Exhibit 13 (to counsel by regular mail), a copy of his appraisal reports from the appraisal completed in October, 1999. His opinions are further supplemented by the test of his deposition which was taken in Huntington West Virginia October 10, 2003.

      8.      Larry M. McDaniel
            2705 Grand Central Avenue
            Vienna, West Virginia 26105

<u>Qualifications</u>:    Mr. McDaniel is a licensed and certified general real estate appraiser who was retained by the Huntington National Bank to perform an appraisal on the subject property on August 8, 2001. His qualifications are set forth on Exhibit 14 attached hereto (to counsel by regular mail).

<u>Opinions</u>:    Mr. McDonnell's opinions are as expressed in his comprehensive report which is attached hereto as Exhibit 15 (to counsel by regular mail). His qualifications and opinions are further stated and expanded upon in the text of his deposition taken in Huntington West Virginia on October 10, 2003.

      9.      Plaintiffs reserve the right to designate rebuttal experts and/or other additional expert witnesses based upon evidence adduced in discovery.

                              Respectively submitted,

                              <u>/S/ William P. Schroeder</u>
                              William P. Schroeder (#0027123)
                              Attorney for Plaintiff, Scott Hutchison
                              Schroeder, Maundrell, Barbiere & Powers
                              11935 Mason Road, Suite 110
                              Cincinnati, Ohio 45249
                              (513)-583-4211

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 1, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: E. David Marshall at edavidm@iglou.com; Gayle Benner McGrath at gmcgrath@wyattfirm.com; and Thomas Robert Schuck at schuck@taftlaw.com and **I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:**

Kevin J. Waldo, 413 Center Street, Ironton, OH 45638-1505; E. Christine Lewis, Wyatt Tarrant & Combs, LLP, 250 West Main Street, Suite 1600, Lexington, KY 40507-1746; W. Craig Robertson, Wyatt Tarrant & Combs, LLP, 250 West Main Street, Suite 1600, Lexington, KY 40507-1746; and M. Bradford Sanders, Sanders & Associates, 9122 Montgomery Road, Suite 201, Montgomery, OH 45242.

                                  /S/ William P. Schroeder
                                  William P. Schroeder