**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Scott Hutchison Enterprises, Inc., et al. | : | CASE NO: C-1-01-776 |
| | : | |
| Plaintiffs | : | Judge Weber |
| | : | |
| vs. | : | |
| | : | |
| Rhodes, Inc., et. al. | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S SUPPLEMENTAL COMPLIANCE WITH FED. R. CIV. P. 26 (a) (2) EXPERT WITNESS DISCLOSURE IN COMPLIANCE WITH THE SCHEDULING ORDER OF 9-13-05**

Come now the Plaintiffs and hereby make their supplemental disclosure as to designated expert witnesses in compliance with Fed. R. Civ. P. 26 (a) (2) in compliance with the Scheduling Order of 9-13-05.

ADDITIONAL EXPERT WITNESS DESIGNATED

1.  Donald A. Fay C.P.G.
    The Payne Firm, Inc.
    11231 Cornell Park Drive
    Cincinnati, Ohio 45242

Qualifications:  Mr. Fay's Curriculum Vitae is attached as Exhibit 1 (to counsel by regular mail).

Opinions:  It is anticipated that Mr. Fay will testify that he reviewed deposition exhibits, documents, records and deposition testimony taken in this case, and

1

performed an analysis of the environmental survey of the subject property done by the Defendant, Rhodes in 1999 and is prepared to offer opinions as an expert witness as follows:

1. The standard of care applicable to environmental professionals, performing an environmental assessment such as the one undertaken by Rhodes, obligates them to exercise reasonable and ordinary care to properly locate the site under investigation, review and interpret public records and maps applicable to that site, and accurately report the information to the client. In this instance that would include the obligation to exercise reasonable care and skill to ascertain from available information, and from an actual on-site investigation, whether or not environmentally sensitive conditions, such as wetlands, existed on the site and to set forth and discuss their findings in a report to the client.

2. Rhodes undertook to perform an environmental site assessment that included the two tracts described, and specifically stated Rhodes would "Review … published historical, geological, topographical, and soil maps **to identify wetlands, or other environmentally sensitive features.**" Published topographical maps, wetlands inventory maps, and other sources available to Rhodes, and purportedly reviewed by Rhodes and referenced and included in their final report, show the existence of wetlands and other environmentally sensitive areas (i.e., wetlands, boggy or swampy areas) on the site. However,

2

there are no wetlands or other environmentally sensitive features of the site identified or discussed in the report. A properly trained environmental professional, exercising reasonable care, should have recognized the symbols of wetlands and other environmentally sensitive areas and identified and discussed them in the report. In not doing so, the work of the Rhodes Report fell below the applicable standard of care and the industry standard for environmental assessment of the type undertaken in this instance, and constituted negligence on the part of Rhodes.

3. The Rhodes report, and the investigation undertaken by Rhodes, mis-identified and/or mis-located the actual site by approximately .25 mile as shown on maps included in the Appendix. This makes references to the maps misleading, because the incorrect locations do not show symbols that signify wetlands, swampy or boggy areas, whereas references to the true and correct location of the site in question do show such symbols and do indicate the presence of wetlands, swamps and boggy areas. A properly trained environmental professional, exercising reasonable care, should have correctly identified the site on the maps, recognized the symbols of wetlands and other environmentally sensitive areas, and identified and discussed them in the report. Failing to do so fell below the applicable standard of care and the industry standard for environmental assessment of the type undertaken in this instance, and constituted negligence on the part of Rhodes.

4. In their proposal Rhodes stated that they would perform their work in accordance with the scope and limitations of the American Society for Testing and Materials Practices E-1527 and E-1528, and *standard industry practices*.  Rhodes failed to follow the standards and industry practices inasmuch as their report was based in part on a mis-location of the property, and did not identify and discuss environmentally sensitive areas as shown on public records and topographical maps that were purportedly studied by them, some of which were included in the Appendix of their report.  This was not consistent with standard industry practice for environmental assessment of the type undertaken in this instance, and constituted negligence on the part of Rhodes.

5. The individual defendants Zimmer and Geisler signed the final report for Rhodes (Exhibit 135), as James M. Zimmer, Project Geologist, and H. Jack Geisler, P.E., Vice President, Engineering Services.  Mr. Zimmer also signed Exhibit 132, the proposal.  Hence, the documents show that these individuals were the environmental professionals who were responsible for the work of Rhodes on this project, and for meeting the professional and industry standards described and discussed above that were not met.  Hence, as individuals, they failed to meet the applicable standards for environmental professionals in this case and were negligent in their work on this project.

6. Report: Attached (to counsel by regular mail) as Exhibit 2 is the full and complete report of Donald A. Fay, with Exhibits attached.

Respectively submitted,

/S/ William P. Schroeder
William P. Schroeder (#0027123)
Attorney for Plaintiff, Scott Hutchison
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249
(513)-583-4211

## CERTIFICATE OF SERVICE

I hereby certify that on, December 14,2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: E. David Marshall at edavidm@iglou.com; Gayle Benner McGrath at gmcgrath@wyattfirm.com; and Thomas Robert Schuck at schuck@taftlaw.com and **I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:**

Kevin J. Waldo, 413 Center Street, Ironton, OH 45638-1505; E. Christine Lewis, Wyatt Tarrant & Combs, LLP, 250 West Main Street, Suite 1600, Lexington, KY 40507-1746; W. Craig Robertson, Wyatt Tarrant & Combs, LLP, 250 West Main Street, Suite 1600, Lexington, KY 40507-1746; and M. Bradford Sanders, Sanders & Associates, 9122 Montgomery Road, Suite 201, Montgomery, OH 45242.

/S/ William P. Schroeder
William P. Schroeder